KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@psemploymentlaw.com
PUNEET K. SANDHU (State Bar No. 254726)
psandhu@psemploymentlaw.com
JOSEPH V. MARRA III (State Bar No. 238181)
jmarra@psemploymentlaw.com
PAZZANI & SANDHU LLP
700 North Central Avenue, Suite 460
Glendale, California 91203
Telephone: (213) 362-1860
Facsimile:  (213) 362-1861

Attorneys for Defendant
PEPPERDINE UNIVERSITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRA HOWELL,<br><br>                 Plaintiff,<br><br>vs.<br><br>PEPPERDINE UNIVERSITY,<br><br>                 Defendant. | Case No.  2:24-CV-06332-WLH-RAO<br><br>**DEFENDANT PEPPERDINE UNIVERSITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. 28-1]** |

Defendant Pepperdine University ("Defendant") submits the following answers and affirmative defenses to Plaintiff Kira Howell's ("Plaintiff") Second Amended Complaint ("Complaint"), according to its numbered paragraphs as follows:

## JURISDICTION AND VENUE

1.      Defendant admits that jurisdiction is proper in this Federal Court.

2.      Defendant admits that venue is proper in this District.  Defendant denies that Plaintiff suffered any harm.

## PARTIES

3.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint, and on that basis, denies the allegations of Paragraph 3 of the Complaint.

4.      Defendant admits that it owns and operates Pepperdine Caruso School of Law ("CSOL") and that some of the individuals referred to by name in the Complaint are employees of Defendant, as set forth in Defendant's answers to Complaint Paragraphs 6 through 27 below.  Defendant denies the remainder of Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 5 are deemed factual, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5, and on that basis denies the allegations in Paragraph 5 of the Complaint.

## NON-PARTIES

6.      Defendant admits that Jim Gash served as the President of Defendant during Plaintiff's enrollment at CSOL.  Defendant denies the remainder of the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits that Sharon Beard served as the Dean of Students of Defendant during Plaintiff's enrollment at CSOL.  Defendant denies the remainder

ANSWER TO SECOND AMENDED COMPLAINT

1   of the allegations in Paragraph 7 of the Complaint.

2       8.      Defendant admits that Jeffrey Baker served as the Associate Dean of

3   Clinical Education and Global Programs and Clinical Professor of Law at CSOL

4   during Plaintiff's enrollment at CSOL.  Defendant denies the remainder of the

5   allegations in Paragraph 8 of the Complaint.

6       9.      Defendant admits that Jay Brewster served as the Provost and Chief

7   Academic Officer of Defendant during Plaintiff's enrollment at CSOL.  Defendant

8   denies the remainder of the allegations in Paragraph 9 of the Complaint.

9       10.     Defendant admits that Chalak Richards Guinses served as the Dean of

10  Students, Belonging, and Career Development at CSOL during Plaintiff's

11  enrollment at CSOL.  Defendant denies the remainder of the allegations in

12  Paragraph 10 of the Complaint.

13      11.     Defendant admits that Jason Jarvis served as the Associate Dean of

14  Academic Affairs and Assistant Professor of Law and Practice at CSOL during

15  Plaintiff's enrollment at CSOL.  Defendant denies the remainder of the allegations

16  in Paragraph 11 of the Complaint.

17      12.     Defendant admits that Thomas J. Stipanowich served as Professor of

18  Law at CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the

19  remainder of the allegations in Paragraph 12 of the Complaint.

20      13.     Defendant admits that Barry McDonald served as Professor of Law at

21  CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the remainder of

22  the allegations in Paragraph 13 of the Complaint.

23      14.     Defendant admits that Alexis Joyce served as Director of Career

24  Development at CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the

25  remainder of the allegations in Paragraph 14 of the Complaint.

26      15.     Defendant admits that Suzanne Freyer served as Associate Director of

27  Academic Excellence and Assistant Professor of Law and Practice at CSOL during

28  Plaintiff's enrollment at CSOL.  Defendant denies the remainder of the allegations

3

ANSWER TO SECOND AMENDED COMPLAINT

1  in Paragraph 15 of the Complaint.

2      16.    Defendant admits that Stephanie Williams served as Associate

3  Professor of Legal Research and Writing at CSOL during Plaintiff's enrollment at

4  CSOL.  Defendant denies the remainder of the allegations in Paragraph 16 of the

5  Complaint.

6      17.    Defendant admits that Connie Horton served as Vice President for

7  Student Affairs at Defendant during Plaintiff's enrollment at CSOL.  Defendant

8  denies the remainder of the allegations in Paragraph 17 of the Complaint.

9      18.    Defendant is informed and believes that the "John Doe I" referred to in

10  Paragraph 18 of the Complaint refers to Endrew Omana, who worked as a Manager

11  of Support Services for CSOL during Plaintiff's enrollment at CSOL.  Defendant

12  denies the remainder of the allegations in Paragraph 18 of the Complaint.

13      19.    Defendant admits that Arnold Barba served as Caruso Law Chief of

14  Staff, Associate Dean of Professional Development, Director of Parris Institute for

15  Professional Excellence, and Assistant Professor of Law and Practice for CSOL

16  during Plaintiff's enrollment at CSOL.  Defendant denies the remainder of the

17  allegations in Paragraph 19 of the Complaint.

18      20.    Defendant admits that Colleen Graffy served as Associate Professor of

19  Law at CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the

20  remainder of the allegations in Paragraph 20 of the Complaint.

21      21.    Defendant admits that Edward J. Larson has served as a University

22  Professor and Hugh & Hazel Darling Professor of Law at CSOL during Plaintiff's

23  enrollment at CSOL.  Defendant denies the remainder of the allegations in

24  Paragraph 21 of the Complaint.

25      22.    Defendant admits that Doug Hurley served as Associate Dean of

26  Student Affairs for Defendant during Plaintiff's enrollment at CSOL.  Defendant

27  denies the remainder of the allegations in Paragraph 22 of the Complaint.

28      23.    Defendant admits that Naomi Harlin Goodno served as Professor of

1  Law at CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the
2  remainder of the allegations in Paragraph 23 of the Complaint.

3      24.    Defendant admits that Jacob D. Charles served as Associate Professor
4  of Law at CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the
5  remainder of the allegations in Paragraph 24 of the Complaint.

6      25.    Defendant admits that Peter Neumann served as an Adjunct Faculty at
7  CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the remainder of
8  the allegations in Paragraph 25 of the Complaint.

9      26.    Defendant admits that Jack J. Coe, Jr. served as Professor of Law at
10  CSOL during Plaintiff's enrollment at CSOL.  Defendant denies the remainder of
11  the allegations in Paragraph 26 of the Complaint.

12      27.    Defendant admits that Matthew Dunn served as an Investigator in the
13  Department of Public Safety for Defendant during Plaintiff's enrollment at CSOL.
14  Defendant denies the remainder of the allegations in Paragraph 27 of the Complaint.

15  **FACTUAL ALLEGATIONS ON THE MERITS**

16      28.    Defendant admits that Plaintiff was enrolled as a student in CSOL from
17  Summer 2023 to Spring 2024 and is currently suspended from attending CSOL.

18      29.    Defendant denies the allegations contained in Paragraph 29 of the
19  Complaint.

20      30.    Defendant admits that on or about July 18, 2023, its Associate Vice
21  President of Student Affairs and University Title IX Coordinator extended an offer
22  to Plaintiff to meet to discuss her allegations regarding a classmate.  Defendant
23  denies the remainder of the allegations contained in Paragraph 30 of the Complaint.

24      31.    Defendant denies the allegations contained in Paragraph 31 of the
25  Complaint.

26      32.    Defendant denies the allegations contained in Paragraph 32 of the
27  Complaint.

28      33.    Defendant denies the allegations contained in Paragraph 33 of the

ANSWER TO SECOND AMENDED COMPLAINT

1  Complaint.

2    34. Defendant denies the allegations contained in Paragraph 34 of the

3  Complaint.

4    35. Defendant lacks knowledge or information sufficient to admit or deny

5  the allegations in Paragraph 35, and on that basis denies the allegations in Paragraph

6  35 of the Complaint.

7    **Orientation Week**

8    36. Defendant denies the allegations contained in Paragraph 36 of the

9  Complaint.

10    37. Defendant denies the allegations contained in Paragraph 37 of the

11  Complaint

12    38. Defendant admits the allegations contained in Paragraph 38 of the

13  Complaint.

14    39. Defendant denies the allegations contained in Paragraph 39 of the

15  Complaint.

16    40. Defendant denies the allegations contained in Paragraph 40 of the

17  Complaint.

18    41. Defendant denies the allegations contained in Paragraph 41 of the

19  Complaint.

20    42. Defendant lacks knowledge or information sufficient to admit or deny

21  the allegations in Paragraph 42, and on that basis denies the allegations in Paragraph

22  42 of the Complaint.

23    43. Defendant lacks knowledge or information sufficient to admit or deny

24  the allegations in Paragraph 43, and on that basis denies the allegations in Paragraph

25  43 of the Complaint.

26    44. Defendant lacks knowledge or information sufficient to admit or deny

27  the allegations in Paragraph 44, and on that basis denies the allegations in Paragraph

28  44 of the Complaint.

45.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45, and on that basis denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

**Defendant's Sex-Based Discrimination**

49.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49, and on that basis denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant admits that on September 26, 2023, Plaintiff sent an email to Alexis Joyce stating "I do not consent to either you or Rachel Levy having anything to do with my life or career moving forward.  Please refrain from making further disparaging, misleading, or untrue comments or gestures about me."  Defendant denies the remainder of the allegation in Paragraph 52 of the Complaint.

53.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 53, and on that basis denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the

Complaint.

57.    Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.    Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.    Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations contained in Paragraph 70 of the

ANSWER TO SECOND AMENDED COMPLAINT

1  Complaint.

2      71.    Defendant denies the allegations contained in Paragraph 71 of the

3  Complaint.

4      72.    Defendant denies the allegations contained in Paragraph 72 of the

5  Complaint.

6      73.    Defendant denies the allegations contained in Paragraph 73 of the

7  Complaint.

8  **Serial Illegal Book Defacements and Stalking**

9      74.    Defendant denies the allegations contained in Paragraph 74 of the

10  Complaint.

11     75.    Defendant lacks knowledge or information sufficient to admit or deny

12  the allegations in Paragraph 75, and on that basis denies the allegations in Paragraph

13  75 of the Complaint.

14     76.    Defendant lacks knowledge or information sufficient to admit or deny

15  the allegations in Paragraph 76, and on that basis denies the allegations in Paragraph

16  76 of the Complaint.

17     77.    Defendant admits that on or about August 30, 2023, Plaintiff made

18  allegations to Defendant's Department of Public Safety regarding Professor

19  Stipanowich.  Defendant denies the remainder of the allegations contained in

20  Paragraph 77 of the Complaint.

21     78.    Defendant lacks knowledge or information sufficient to admit or deny

22  the allegations in Paragraph 78, and on that basis denies the allegations in Paragraph

23  78 of the Complaint.

24     79.    Defendant admits that on or about September 12, 2023, Plaintiff

25  emailed Dean Richards, stating "I just wanted to let you know that someone

26  unlawfully went into my bag, pulled my Criminal Law book out, and wrote notes on

27  page 236 without my knowledge or consent.  My book is brand new and this is not

28  my handwriting.  The only other person who could have done it is my landlady.

9

1  Some students, [student names removed for their privacy], have both referenced her

2  in class in hostile ways even though I do not know them or how they know her.  If

3  my landlady did it, she also broke the law to do so by entering my unit without my

4  consent and defiling my personal property.  She violates the law regularly in ways

5  she deems inconsequential because she owns the home and is elderly.  I will

6  compare her handwriting when I get home, but I need to let you know for my own

7  safety."  Defendant denies the remainder of the allegations in Paragraph 79 of the

8  Complaint.

9      80.    Defendant lacks knowledge or information sufficient to admit or deny

10  the allegations in Paragraph 80, and on that basis denies the allegations in Paragraph

11  80 of the Complaint.

12      81.    Defendant admits that on or about September 26, 2023, Plaintiff

13  emailed Dean Richards, stating in part "The same person, still unidentified but not

14  my landlady, has also defaced my book in another ink color on page 329.  This is a

15  misdemeanor, it is creepy and scary and it is bizarre.  It is also an honor code

16  violation."  Defendant further admits that Plaintiff also discussed her belief that her

17  book had been defaced with Professor Graffy.  Defendant denies the remainder of

18  the allegations in Paragraph 81 of the Complaint.

19      82.    Defendant admits that Plaintiff once made a comment to Williams from

20  which Williams could infer that Plaintiff was not married.  Defendant denies the

21  remaining allegations contained in Paragraph 82 of the Complaint.

22      83.    Defendant denies the allegations contained in Paragraph 83 of the

23  Complaint.

24      84.    Defendant denies the allegations contained in Paragraph 84 of the

25  Complaint.

26      85.    Defendant denies the allegations contained in Paragraph 85 of the

27  Complaint.

28      86.    Defendant lacks knowledge or information sufficient to admit or deny

the allegations in Paragraph 86, and on that basis denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant denies that Dean Richards insisted that Plaintiff do anything. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 87 of the Complaint and therefore denies them.

88.     Defendant admits that Plaintiff had discussions with Professor Graffy regarding Plaintiff's concerns and belief that her book had been written in, including Plaintiff's beliefs that the writing was "creepy" and it seemed like someone was "stalking and taunting" her.  Professor Graffy summarized these discussions in an email to Plaintiff dated February 24, 2024.  Defendant denies the remainder of the allegations contained in Paragraph 88 of the Complaint.

**Stipanowich's Contracts Class**

89.     Defendant admits that Professor Stipanowich extended an open invitation to all of his students to discuss course material during his office hours. Defendant denies the remainder of the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant is without sufficient information or knowledge as to form a belief as to whether Plaintiff "feared sexual assault of women" and on that basis, denies this allegation.  Defendant denies the remainder of the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107. Defendant admits that Professor Stipanowich was a guest lecturer for a professional formation class. Defendant denies the remainder of the allegations contained in Paragraph 107 of the Complaint.

108. Defendant lacks knowledge or information sufficient to admit or deny

1 the allegations in Paragraph 108, and on that basis denies the allegations in

2 Paragraph 108 of the Complaint.

3      109.   Defendant denies the allegations contained in Paragraph 109 of the

4 Complaint.

5      **Goodno's Civil Procedure Class**

6      110.   Defendant denies the allegations contained in Paragraph 110 of the

7 Complaint.

8      111.   Defendant denies the allegations contained in Paragraph 111 of the

9 Complaint.

10      112.   Defendant denies the allegations contained in Paragraph 112 of the

11 Complaint.

12      113.   Defendant denies the allegations contained in Paragraph 113 of the

13 Complaint.

14      114.   Defendant lacks knowledge or information sufficient to admit or deny

15 the allegations in Paragraph 114, and on that basis denies the allegations in

16 Paragraph 114 of the Complaint.

17      115.   The Complaint does not contain a Paragraph 115.

18      116.   Defendant denies the allegations contained in Paragraph 116 of the

19 Complaint.

20      117.   Defendant lacks knowledge or information sufficient to admit or deny

21 the allegations in Paragraph 117, and on that basis denies the allegations in

22 Paragraph 117 of the Complaint.

23      118.   Defendant denies the allegations contained in Paragraph 118 of the

24 Complaint.

25      119.   Defendant denies the allegations contained in Paragraph 119 of the

26 Complaint.

27      120.   Defendant lacks knowledge or information sufficient to admit or deny

28 the allegations in Paragraph 120, and on that basis denies the allegations in

ANSWER TO SECOND AMENDED COMPLAINT

1   Paragraph 120 of the Complaint.

2       121.   Defendant denies the allegations contained in Paragraph 121 of the

3   Complaint.

4       122.   Defendant denies the allegations contained in Paragraph 122 of the

5   Complaint.

6       123.   Defendant denies the allegations contained in Paragraph 123 of the

7   Complaint.

8       124.   Defendant denies the allegations contained in Paragraph 124 of the

9   Complaint.

10      125.   Defendant denies the allegations contained in Paragraph 125 of the

11  Complaint.

12      126.   Defendant denies the allegations contained in Paragraph 126 of the

13  Complaint.

14      127.   Defendant denies the allegations contained in Paragraph 127 of the

15  Complaint.

16      128.   Defendant denies the allegations contained in Paragraph 128 of the

17  Complaint.

18      129.   Defendant denies Goodno made any untrue statement regarding

19  Plaintiff, and denies the allegations contained in Paragraph 129 of the Complaint.

20      130.   Defendant denies the allegations contained in Paragraph 130 of the

21  Complaint.

22      131.   Defendant denies Goodno made an untrue or biased statement

23  regarding Plaintiff, and denies the allegations contained in Paragraph 131 of the

24  Complaint.

25      132.   Defendant denies the allegations in Paragraph 132 of the Complaint.

26      133.   Defendant lacks knowledge or information sufficient to admit or deny

27  the allegations in Paragraph 133, and on that basis denies the allegations in

28  Paragraph 133 of the Complaint.

ANSWER TO SECOND AMENDED COMPLAINT

1          **McDonald's Constitutional Structure Class**

2          134.   Defendant admits the allegations contained in Paragraph 134 of the

3     Complaint.

4          135.   Defendant admits the allegations contained in Paragraph 135 of the

5     Complaint.

6          136.   Defendant denies the allegations contained in Paragraph 136 of the

7     Complaint.

8          137.   Defendant denies the allegations contained in Paragraph 137 of the

9     Complaint.

10         138.   Defendant denies the allegations contained in Paragraph 138 of the

11     Complaint.

12         139.   Defendant denies the allegations contained in Paragraph 139 of the

13     Complaint.

14         140.   Defendant denies the allegations contained in Paragraph 140 of the

15     Complaint.

16         141.   Defendant denies the allegations contained in Paragraph 141 of the

17     Complaint.

18         142.   Defendant denies the allegations contained in Paragraph 142 of the

19     Complaint.

20         143.   Defendant denies the allegations contained in Paragraph 143 of the

21     Complaint.

22         144.   Defendant lacks sufficient information or knowledge to admit or deny

23     the allegations contained in Paragraph 144 and on that basis denies the allegations

24     contained in Paragraph 144 of the Complaint.

25         145.   Defendant denies the allegations contained in Paragraph 145 of the

26     Complaint.

27         146.   Defendant denies the allegations contained in Paragraph 146 of the

28     Complaint.

147.   Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 148, and on that basis denies the allegations in Paragraph 148 of the Complaint.

149.   Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 149, and on that basis denies the allegations in Paragraph 149 of the Complaint.

150.   Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151.   Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152.   Defendant admits that Plaintiff wrote a note that said "are you obsessed with me?" and showed it to CSOL student Michelle Yao during a lecture. Defendant denies the remainder of the allegations in Paragraph 152 of the Complaint.

153.   Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154.   Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.   Defendant admits that, on or about February 6, 2024, Plaintiff wrote an email to Professor McDonald, stating "Some of the students have noticed you are disparaging me in class.  You have repeatedly insulted my looks and age and today you pointed at me and defamed me by calling me a name I did not even comprehend.  Students have indicated this is not the first time you have done this. Others have referenced Jim Gash.  I do not consent to being defamed or mistreated and I do not deserve it.  Please refrain from doing so.  I will call the police if I am further mistreated by faculty, administration or students through no fault of my

1  own."  Defendant denies the remainder of the allegations in Paragraph 155 of the
2  Complaint.

3    156.   Defendant admits that as part of her written response during the
4  investigation by the Defendant's Student Disciplinary Committee into charges of
5  dishonesty and disruption against her, Plaintiff wrote to the Student Disciplinary
6  Committee in part that "Professor McDonald was extremely aggressive towards me
7  on day one.  He then openly told a cruel joke about me to a group of male students
8  about me being old or ugly (I cannot remember)."  Defendant denies the remainder
9  of the allegations in Paragraph 156 of the Complaint.

10    157.   Defendant admits that as part of the Student Disciplinary Committee's
11  investigation into charges of dishonesty and disruption against Plaintiff, Professor
12  McDonald wrote to Dean Beard, in part, "The bit about a cruel joke is patently false.
13  I have no idea what she's talking about."  Defendant denies the remainder of the
14  allegations contained in Paragraph 157 of the Complaint.

15    158.   To the extent that the allegations of Paragraph 158 are deemed to be
16  factual allegations and not legal argument, Defendant denies the allegations
17  contained in Paragraph 158 of the Complaint.

18    159.   To the extent that the allegations of Paragraph 159 are deemed to be
19  factual allegations and not legal argument, Defendant denies the allegations
20  contained in Paragraph 159 of the Complaint.

21    160.   Defendant admits that as part of the Student Disciplinary Committee's
22  investigation into charges of dishonesty and disruption against Plaintiff, Professor
23  McDonald wrote to Dean Beard, in part, "I certainly never told her I liked her.  I've
24  never said anything of the sort to a student, which would be completely
25  inappropriate" and "I have no idea what she's talking about re 'middle finger.'"
26  Defendant denies the remainder of the allegations contained in Paragraph 160 of the
27  Complaint.

28  ///

**Discipline for Reporting Title IX Violations**

161. Defendant admits that, on or about February 6, 2024, Plaintiff wrote an email to Professor McDonald, stating "Some of the students have noticed you are disparaging me in class.  You have repeatedly insulted my looks and age and today you pointed at me and defamed me by calling me a name I did not even comprehend.  Students have indicated this is not the first time you have done this.  Others have referenced Jim Gash.  I do not consent to being defamed or mistreated and I do not deserve it.  Please refrain from doing so.  I will call the police if I am further mistreated by faculty, administration or students through no fault of my own."  Defendant denies the remainder of the allegations in Paragraph 161 of the Complaint.

162. Defendant admits that, on or about February 7, 2024, Defendant's Vice President of Student Affairs, Connie Horton, sent Plaintiff a letter informing her in part that "According to the Student Code of Conduct, the Vice President for Student Affairs or the University's Dean of Students or a designee may impose a University interim restriction to ensure the safety and well-being of members of the University community and to ensure that the normal operations of the University are not disrupted … After reviewing reports of your continued and escalating hostile behavior against students and faculty, including continued false and defamatory statements, which has adversely impacted the educational process and has created a perception of imminent threats of harm, I have decided to issue an interim restriction from the Malibu campus effective immediately.  Until further notice, you are not allowed on campus, nor are you permitted to be involved in any University functions or student organizations.  Public Safety will continue to conduct their investigations and will send a final report to the Office of Community Standards.  You must be cooperative with any follow-up interviews or requests for information from Public Safety.  The Office of Community Standards will review the final report and send you notification of your hearing with the Student Disciplinary Committee,

1  including the specific charges and a description of the misconduct.  At the

2  disciplinary hearing you will have the opportunity to share your side of the story

3  before a decision is made regarding your responsibility."  Defendant denies the

4  remainder of the allegations contained in Paragraph 162 of the Complaint.

5      163.  Defendant admits that on February 13, 2024, Plaintiff sent an email to

6  Dean Beard and Provost Brewster advocating on her behalf against the Interim

7  Restriction.  Defendant admits that on February 14, 2024, Provost Brewster

8  responded to Plaintiff in a letter stating in part: "The matter in question includes

9  serious concerns regarding disruptive public behavior … After considering the

10  seriousness of the concerns raised, it would be inappropriate to lift the IR prior to a

11  hearing.  Thus I am declining your appeal."  Defendant denies the remainder of the

12  allegations in Paragraph 163 of the Complaint.

13      164.  Defendant denies the allegations contained in Paragraph 164 of the

14  Complaint.

15      165.  Defendant denies the allegations contained in Paragraph 165 of the

16  Complaint.

17      166.  Defendant denies the allegations contained in Paragraph 166 of the

18  Complaint.

19      167.  Defendant denies the allegations contained in Paragraph 167 of the

20  Complaint.

21      168.  Defendant admits that on or about February 23, 2024, Dean Beard sent

22  an email to Plaintiff, stating in part that Defendant "may call" Jason Jarvis, Chalak

23  Richards, Barry McDonald, and Naomi Goodno as witnesses at Plaintff's Student

24  Disciplinary Committee hearing, and in a further email of the same date to Plaintiff,

25  Dean Beard stated in part "The committee may not need to speak to all of them or

26  they may not be available, but if they do come, it will be when you are on the Zoom.

27  I just wanted to make you aware that I may be calling them."  Defendant denies the

28  remainder of the allegations contained in Paragraph 168 of the Complaint.

169.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 169, and on that basis, denies the allegations contained in Paragraph 169 of the Complaint.

170.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 170, and on that basis, denies the allegations contained in Paragraph 170 of the Complaint.

171.    Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 171, and on that basis, denies the allegations contained in Paragraph 171 of the Complaint.

172.    Defendant denies the allegations contained in Paragraph 172 of the Complaint.

173.    Defendant denies that Professor McDonald wrote any defamatory statement concerning Plaintiff, and denies that Professor McDonald was untruthful in his response to Plaintiff's allegations concerning him.  Defendant denies the remainder of the allegations contained in Paragraph 173 of the Complaint.

174.    Defendant denies the allegations contained in Paragraph 174 of the Complaint.

175.    Defendant denies the allegations contained in Paragraph 175 of the Complaint.

**COUNT I - TITLE IX DISCRIMINATION – QUID PRO QUO AND DELIBERATE INDIFFERENCE TO STIPANOWICH'S DISCRIMINATION**

176.    Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 175 of the Complaint.

177.    Paragraph 177 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 177 are deemed factual, Defendant admits that Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., ("Title IX") states, in part: "No person in the United States shall, on the basis of sex, be excluded from participation

in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." Defendant denies the remaining allegations in Paragraph 177 of the Complaint.

178.   Defendant admits that during Plaintiff's enrollment at CSOL, it received federal funds from the U.S. Department of Education. The balance of Paragraph 178 states a legal argument and conclusion to which no response is required; and to the extent they are deemed factual, Defendant denies them.

179.   Paragraph 179 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 179 are deemed factual, Defendant admits that pursuant to case law and regulations interpreting Title IX, sexual harassment includes unwelcome conduct that is so severe, pervasive, and objectively offensive that if effectively denies a person equal access to education or activities and an employee condition a benefit or service on an individual's participation in unwelcome sexual conduct. Defendant denies the remaining allegations in Paragraph 179 of the Complaint.

180.   Paragraph 180 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 180 are deemed factual, Defendant denies the allegations in Paragraph 180 of the Complaint.

181.   Defendant admits that Stipanowich was an employee of Defendant during Plaintiff's enrollment at CSOL. The remainder of Paragraph 181 of the Complaint states a legal argument and conclusion to which no response is required; and to the extent they are deemed factual, Defendant denies the allegations in Paragraph 181 of the Complaint.

182.   Defendant admits that Plaintiff reported various alleged conduct to the Department of Public Safety and Deans Jarvis and Richards. Defendant denies the remaining allegations contained in Paragraph 182 of the Complaint.

183.   Defendant denies the allegations contained in Paragraph 183 of the

1    Complaint.

2    184.    Defendant denies the allegations contained in Paragraph 184 of the

3    Complaint.

4    185.    Defendant admits that Plaintiff reported various alleged conduct to the

5    Department of Public Safety and Deans Jarvis and Richards.  Defendant denies the

6    remaining allegations contained in Paragraph 185 of the Complaint.

7    **COUNT II – TITLE IX DISCRIMINATION – DELIBERATE**

8    **INDIFFERENCE TO PERVASIVE DISCRIMINATION, STALKING, AND**

9    **PROTECTED OPPOSITION TO SEXUAL HARRASSMENT**

10    186.    Defendant adopts and incorporates its responses to the allegations in

11    Paragraphs 1 through 185 of the Complaint.

12    187.    Paragraph 187 of the Complaint states a legal argument and conclusion

13    to which no response is required.  To the extent any allegations contained in

14    Paragraph 187 are deemed factual, Defendant admits that pursuant to case law and

15    regulations interpreting Title IX, sexual harassment includes unwelcome conduct

16    that is so severe, pervasive, and objectively offensive that if effectively denies a

17    person equal access to education or activities and an employee condition a benefit or

18    service on an individual's participation in unwelcome sexual conduct.  Defendant

19    denies the remaining allegations in Paragraph 187 of the Complaint.

20    188.    Paragraph 188 of the Complaint states a legal argument and conclusion

21    to which no response is required.  To the extent any allegations contained in

22    Paragraph 188 are deemed factual, Defendant denies the allegations in Paragraph

23    188 of the Complaint.

24    189.    Paragraph 189 of the Complaint states a legal argument and conclusion

25    to which no response is required.  To the extent any allegations contained in

26    Paragraph 189 are deemed factual, Defendant denies the allegations in Paragraph

27    189 of the Complaint.

28    190.    Paragraph 190 of the Complaint states a legal argument and conclusion

to which no response is required.  To the extent any allegations contained in Paragraph 190 are deemed factual, Defendant denies the allegations in Paragraph 190 of the Complaint.

191.   Paragraph 191 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 191 are deemed factual, Defendant admits that 34 C.F.R. § 106.44(f)(1) states, in pertinent part, that a recipient must require its Title IX Coordinator, when notified of conduct that may reasonably constitute sex discrimination under Title IX, to offer, as appropriate, supportive measures for the complainant.  Defendant denies the remaining allegations in Paragraph 191 of the Complaint.

**Deliberate Indifference and Protected Opposition to McDonald**

192.   Defendant admits that McDonald was an employee of Defendant during Plaintiff's enrollment at CSOL.  The remainder of Paragraph 192 of the Complaint states a legal argument and conclusion to which no response is required; and to the extent they are deemed factual, Defendant denies the allegations in Paragraph 192 of the Complaint.

193.   Defendant denies the allegations contained in Paragraph 193 of the Complaint.

194.   Defendant admits that it became aware that Plaintiff sent McDonald an email on or about February 6, 2024.  Defendant denies the remainder of the allegations contained in Paragraph 194 of the Complaint.

195.   Defendant denies the allegations contained in Paragraph 195 of the Complaint.

196.   Defendant denies the allegations contained in Paragraph 196 of the Complaint.

197.   Defendant denies the allegations contained in Paragraph 197 of the Complaint.

198.   Defendant denies the allegations contained in Paragraph 198 of the

1  Complaint.

2  **Deliberate Indifference and Protected Opposition to Joyce**

3  199.  Defendant admits that Joyce was an employee of Defendant during

4  Plaintiff's enrollment at CSOL.  The remainder of Paragraph 199 of the Complaint

5  states a legal argument and conclusion to which no response is required; and to the

6  extent they are deemed factual, Defendant denies the allegations in Paragraph 199 of

7  the Complaint.

8  200.  Defendant denies the allegations contained in Paragraph 200 of the

9  Complaint.

10  201.  Defendant denies the allegations contained in Paragraph 201 of the

11  Complaint.

12  202.  Defendant denies the allegations contained in Paragraph 202 of the

13  Complaint.

14  203.  Defendant denies the allegations contained in Paragraph 203 of the

15  Complaint.

16  **Freyer And Baker**

17  204.  Defendant admits that Freyer was an employee of Defendant during

18  Plaintiff's enrollment at CSOL. The remainder of Paragraph 204 of the Complaint

19  states a legal argument and conclusion to which no response is required; and to the

20  extent they are deemed factual, Defendant denies the allegations in Paragraph 204 of

21  the Complaint.

22  205.  Defendant denies the allegations contained in Paragraph 205 of the

23  Complaint.

24  206.  Defendant denies the allegations contained in Paragraph 206 of the

25  Complaint.

26  207.  Defendant denies the allegations contained in Paragraph 207 of the

27  Complaint.

28  208.  Defendant denies the allegations contained in Paragraph 208 of the

1  Complaint.

2      209.   Defendant denies the allegations contained in Paragraph 209 of the

3  Complaint.

4      210.   Defendant denies the allegations contained in Paragraph 210 of the

5  Complaint.

6      211.   Defendant denies the allegations contained in Paragraph 211 of the

7  Complaint.

8      212.   Defendant denies the allegations contained in Paragraph 212 of the

9  Complaint.

10  **COUNT III – TITLE IX RETALIATION – FOR REPORTING SEX-BASED**

11  **DISCRIMINATION FROM MCDONALD**

12      213.   Defendant adopts and incorporates its responses to the allegations in

13  Paragraphs 1 through 212 of the Complaint.

14      214.   Paragraph 214 of the Complaint states a legal argument and conclusion

15  to which no response is required.  To the extent any allegations contained in

16  Paragraph 214 are deemed factual, Defendant admits that 34 C.F.R. § 106.71 states,

17  in pertinent part, that a recipient must prohibit retaliation.  Defendant denies the

18  remaining allegations in Paragraph 214 of the Complaint.

19      215.   Paragraph 215 of the Complaint states a legal argument and conclusion

20  to which no response is required.  To the extent any allegations contained in

21  Paragraph 215 are deemed factual, Defendant denies the allegations in Paragraph

22  215 of the Complaint.

23      216.   Paragraph 216 of the Complaint states a legal argument and conclusion

24  to which no response is required.  To the extent any allegations contained in

25  Paragraph 216 are deemed factual, Defendant denies the allegations in Paragraph

26  216 of the Complaint.

27      217.   Paragraph 217 of the Complaint states a legal argument and conclusion

28  to which no response is required.  To the extent any allegations contained in

1   Paragraph 217 are deemed factual, Defendant denies the allegations in Paragraph

2   217 of the Complaint.

3       218.   Paragraph 218 of the Complaint states a legal argument and conclusion

4   to which no response is required.  To the extent any allegations contained in

5   Paragraph 218 are deemed factual, Defendant denies the allegations in Paragraph

6   218 of the Complaint.

7       219.   Paragraph 219 of the Complaint states a legal argument and conclusion

8   to which no response is required.  To the extent any allegations contained in

9   Paragraph 219 are deemed factual, Defendant denies the allegations in Paragraph

10  219 of the Complaint.

11      220.   Paragraph 220 of the Complaint states a legal argument and conclusion

12  to which no response is required.  To the extent any allegations contained in

13  Paragraph 220 are deemed factual, Defendant denies the allegations in Paragraph

14  220 of the Complaint.

15      221.   Paragraph 221 of the Complaint states a legal argument and conclusion

16  to which no response is required.  To the extent any allegations contained in

17  Paragraph 221 are deemed factual, Defendant denies the allegations in Paragraph

18  221 of the Complaint.

19      222.   Paragraph 222 of the Complaint states a legal argument and conclusion

20  to which no response is required.  To the extent any allegations contained in

21  Paragraph 222 are deemed factual, Defendant denies the allegations in Paragraph

22  222 of the Complaint.

23  **COUNT IV – TITLE IX RETALIATION – FOR OPPOSING AND**

24  **REPORTING SEX-BASED DISCRIMINATION FROM JOYCE**

25      223.   Defendant adopts and incorporates its responses to the allegations in

26  Paragraphs 1 through 222 of the Complaint.

27      224.   Paragraph 224 of the Complaint states a legal argument and conclusion

28  to which no response is required.  To the extent any allegations contained in

26

ANSWER TO SECOND AMENDED COMPLAINT

1  Paragraph 224 are deemed factual, Defendant denies the allegations in Paragraph

2  224 of the Complaint.

3      225.   Paragraph 225 of the Complaint states a legal argument and conclusion

4  to which no response is required.  To the extent any allegations contained in

5  Paragraph 225 are deemed factual, Defendant admits that 34 C.F.R. § 106.71 states,

6  in pertinent part, that a recipient must prohibit retaliation.  Defendant denies the

7  remaining allegations in Paragraph 225 of the Complaint.

8      226.   Paragraph 226 of the Complaint states a legal argument and conclusion

9  to which no response is required.  To the extent any allegations contained in

10 Paragraph 226 are deemed factual, Defendant denies the allegations in Paragraph

11 226 of the Complaint.

12     227.   Paragraph 227 of the Complaint states a legal argument and conclusion

13 to which no response is required.  To the extent any allegations contained in

14 Paragraph 227 are deemed factual, Defendant denies the allegations in Paragraph

15 227 of the Complaint.

16     228.   Paragraph 228 of the Complaint states a legal argument and conclusion

17 to which no response is required.  To the extent any allegations contained in

18 Paragraph 228 are deemed factual, Defendant denies the allegations in Paragraph

19 228 of the Complaint.

20     229.   Paragraph 229 of the Complaint states a legal argument and conclusion

21 to which no response is required.  To the extent any allegations contained in

22 Paragraph 229 are deemed factual, Defendant denies the allegations in Paragraph

23 229 of the Complaint.

24     230.   Paragraph 230 of the Complaint states a legal argument and conclusion

25 to which no response is required.  To the extent any allegations contained in

26 Paragraph 230 are deemed factual, Defendant admits that its February 27, 2024

27 letter to Plaintiff includes the quotations "Alexis only communicated via email with

28 you," and "You failed offer any credible evidence that Alexis said or did anything

inappropriate" and "Additionally, you reported to Dean Chalak Richards that you 'reconciled' with Alexis when you had not had any further interactions with her after you emailed and accused her."  Defendant denies the remainder of the allegations in Paragraph 230 of the Complaint.

231.   Paragraph 231 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 231 are deemed factual, Defendant denies the allegations in Paragraph 231 of the Complaint.

**COUNT V – TITLE IX RETALIATION – FOR REPORTING PROCTOR**

232.   Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 231 of the Complaint.

233.   Paragraph 233 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 233 are deemed factual, Defendant admits that 34 C.F.R. § 106.71 states, in pertinent part, that a recipient must prohibit retaliation.  Defendant denies the remaining allegations in Paragraph 233 of the Complaint.

234.   Paragraph 234 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 234 are deemed factual, Defendant denies the allegations in Paragraph 234 of the Complaint.

235.   Paragraph 235 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 235 are deemed factual, Defendant denies the allegations in Paragraph 235 of the Complaint.

236.   Paragraph 236 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 236 are deemed factual, Defendant denies the allegations in Paragraph 236 of the Complaint.

ANSWER TO SECOND AMENDED COMPLAINT

## COUNT VI – TITLE IX RETALIATION – FOR ENGAGING IN PROTECTED ACTIVITY AGAINST WILLIAMS

237.   Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 236 of the Complaint.

238.   Paragraph 238 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 238 are deemed factual, Defendant admits that 34 C.F.R. § 106.71 states, in pertinent part, that a recipient must prohibit retaliation.  Defendant denies the remaining allegations in Paragraph 238 of the Complaint.

239.   Paragraph 239 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 239 are deemed factual, Defendant denies the allegations in Paragraph 239 of the Complaint.

240.   Paragraph 240 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 240 are deemed factual, Defendant denies the allegations in Paragraph 240 of the Complaint.

241.   Paragraph 241 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 241 are deemed factual, Defendant denies the allegations in Paragraph 241 of the Complaint.

## COUNT VII – RALPH ACT VIOLATIONS

242.   Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 241 of the Complaint.

243.   Paragraph 243 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 243 are deemed factual, Defendant denies the allegations in Paragraph 243 of the Complaint.

244. Paragraph 244 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 244 are deemed factual, Defendant denies the allegations in Paragraph 244 of the Complaint.

245. Defendant denies the allegations contained in Paragraph 245 of the Complaint.

246. Defendant denies the allegations contained in Paragraph 246 of the Complaint.

247. Paragraph 247 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 247 are deemed factual, Defendant denies the allegations in Paragraph 247 of the Complaint.

248. Paragraph 248 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 248 are deemed factual, Defendant denies the allegations in Paragraph 248 of the Complaint.

249. Defendant denies the allegations contained in Paragraph 249 of the Complaint.

## COUNT VII – BANE ACT VIOLATIONS

250. Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 249 of the Complaint.

251. Defendant denies the allegations contained in Paragraph 251 of the Complaint.

252. Defendant denies the allegations contained in Paragraph 252 of the Complaint.

253. Defendant denies the allegations contained in Paragraph 253 of the Complaint.

254. Defendant denies the allegations contained in Paragraph 254 of the

ANSWER TO SECOND AMENDED COMPLAINT

1  Complaint.

2  255.   Defendant denies the allegations contained in Paragraph 255 of the

3  Complaint.

4  256.   Defendant denies the allegations contained in Paragraph 256 of the

5  Complaint.

6  **COUNT IX – CALIFORNIA EDUCATION CODE § 66270 VIOLATIONS**

7  257.   Defendant adopts and incorporates its responses to the allegations in

8  Paragraphs 1 through 256 of the Complaint.

9  258.   Paragraph 258 of the Complaint states a legal argument and conclusion

10  to which no response is required.  To the extent any allegations contained in

11  Paragraph 258 are deemed factual, Defendant admits that Education Code § 66270

12  states, in pertinent part: "No person shall be subjected to discrimination on the basis

13  of disability, gender, gender identity, gender expression, nationality, race or

14  ethnicity, religion, sexual orientation, or any characteristic listed or defined in

15  Section 11135 of the Government Code or any other characteristic that is contained

16  in the prohibition of hate crimes set forth in subdivision (a) of Section 422.6 of the

17  Penal Code, including immigration status, in any program or activity conducted by

18  any postsecondary educational institution that receives, or benefits from, state

19  financial assistance or enrolls students who receive state student financial aid."

20  Defendant denies the remaining allegations in Paragraph 258 of the Complaint.

21  259.   Defendant admits that it received financial assistance from the State of

22  California during Plaintiff's enrollment at CSOL.  Defendant denies the remainder

23  of the allegations contained in Paragraph 259 of the Complaint.

24  260.   Defendant denies the allegations contained in Paragraph 260 of the

25  Complaint.

26  261.   Defendant denies the allegations contained in Paragraph 261 of the

27  Complaint.

28  262.   Defendant denies the allegations contained in Paragraph 262 of the

31

Complaint.

## COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

263.   Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 262 of the Complaint.

264.   Paragraph 264 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 264 are deemed factual, Defendant denies the allegations in Paragraph 264 of the Complaint.

265.   Paragraph 265 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 265 are deemed factual, Defendant denies the allegations in Paragraph 265 of the Complaint.

266.   Paragraph 266 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 266 are deemed factual, Defendant denies the allegations in Paragraph 266 of the Complaint.

267.   Defendant denies the allegations contained in Paragraph 267 of the Complaint.

268.   Defendant denies the allegations contained in Paragraph 268 of the Complaint.

269.   Defendant denies the allegations contained in Paragraph 269 of the Complaint.

270.   Defendant denies the allegations contained in Paragraph 270 of the Complaint.

271.   Defendant denies the allegations contained in Paragraph 271 of the Complaint.

## PRAYER FOR RELIEF

Defendant states that the Prayer for Relief (including its subsections (a)

1  through (e)) contained in Plaintiff's Complaint does not contain factual assertions

2  requiring a response.  To the extent a response is required, Defendant denies that

3  Plaintiff is entitled to any relief whatsoever in this action.

4  ### **AFFIRMATIVE DEFENSES**

5  Defendant has not completed its investigation of the facts of this case, has not

6  completed discovery in this matter, and has not completed its preparation for trial.

7  The defenses asserted herein are based on Defendant's knowledge, information, and

8  belief at this time.  Defendant specifically reserves the right to modify, amend, or

9  supplement any defense contained herein at any time.  Without conceding that it

10  bears the burden of proof or persuasion as to any one of them, Defendant alleges the

11  following separate defenses to the Complaint:

12  ### **FIRST DEFENSE**

13  (Failure to State a Claim)

14  1.      The Complaint, and each purported count set forth therein, fails to state

15  facts sufficient to constitute a cause of action.

16  ### **SECOND DEFENSE**

17  (Statute of Limitations)

18  2.      Plaintiff's first through sixth counts are barred, in whole or in part, by

19  the applicable two-year statute of limitations.  *Karasek v. Regents of Univ. of*

20  *California*, 534 F. Supp. 3d 1136, 1149 (N.D. Cal. 2021).

21  ### **THIRD DEFENSE**

22  (Statute of Limitations)

23  3.      Plaintiff's seventh through tenth counts are barred, in whole or in

24  part, by such statutes of limitations as may be applicable, including, but not limited

25  to, California Code of Civil Procedure Sections 335.1 and 338.

26  ### **FOURTH DEFENSE**

27  (Estoppel)

28  4.      As a separate affirmative defense to the Complaint and each purported

33

count set forth therein, Defendant alleges that Plaintiff is estopped from pursuing the counts in the Complaint, in whole or in part, by reason of her own actions and course of conduct.

## FIFTH DEFENSE

(Failure to Mitigate)

5.     As a separate affirmative defense to the Complaint and each purported count set forth therein, Defendant alleges that Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

## SIXTH DEFENSE

(Punitive Damages Not Available)

6.     Defendant is not liable for punitive or exemplary damages herein because any such award would violate Defendant's constitutional rights under provisions of the United States and California Constitutions.

## SEVENTH DEFENSE

(*In pari delicto*)

7.     As a separate affirmative defense to the Complaint and each purported count set forth therein, Defendant alleges that Plaintiff's counts are barred, in whole or in part, by the doctrine of *in pari delicto*.

## EIGHTH DEFENSE

(Avoidable Consequences)

8.     To the extent Plaintiff suffered any actionable, compensable injury, her recovery is barred by the avoidable consequences doctrine; no damages are recoverable against Defendant to the extent Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided or otherwise to avoid harm.

ANSWER TO SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH DEFENSE

(Consent)

9.      As a separate affirmative defense to the Complaint and each purported count set forth therein, Defendant alleges that Plaintiff is barred from prosecuting each of the counts set forth in the Complaint because Plaintiff consented to the alleged conduct.

## TENTH DEFENSE

(Failure to Exhaust Administrative Remedies)

10.     As a separate affirmative defense to the Complaint and each purported count set forth therein, Defendant alleges that the Complaint, and each count set forth therein, is barred to the extent Plaintiff failed to exhaust her administrative remedies, including, but not limited to, by failing to pursue a complaint pursuant to Defendant's policies and procedures.

## ELEVENTH DEFENSE

(Intervening and Superseding Cause)

11.     Defendant alleges that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage, or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage, or injury of which Plaintiff complains.

## TWELFTH DEFENSE

(Comparative Fault/Negligence)

12.     To the extent the injuries and damages alleged in the Complaint occurred, they were proximately caused by and/or contributed to by Plaintiff's own acts or failures to act and therefore Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

ANSWER TO SECOND AMENDED COMPLAINT

**THIRTEENTH DEFENSE**

(Waiver)

13.    As a separate affirmative defense to the Complaint and each purported count set forth therein, Defendant alleges that Plaintiff is barred, in whole or in part, from prosecuting her claims by the doctrine of waiver.

**FOURTEENTH DEFENSE**

(Lack of Capacity to Sue)

14.    As a separate affirmative defense to the Complaint and each purported count set forth therein, Defendant alleges on information and belief that Plaintiff lacks the capacity to sue.

**FIFTEENTH DEFENSE**

(Failure to Exhaust Remedies)

15.    Plaintiff's ninth count is barred, in whole or in part, by Plaintiff's failure to file a complaint with a local educational agency before initiating this action.

**SIXTEENTH DEFENSE**

(Reservation of Rights/Additional Affirmative Defenses)

16.    Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional defenses if discovery indicates that they would be appropriate.

///

///

///

///

///

///

///

ANSWER TO SECOND AMENDED COMPLAINT

1    **WHEREFORE**, Defendant prays for judgment as follows:

2    1.  That Plaintiff take nothing by this action;

3    2.  That judgment be entered in favor of Defendant and against Plaintiff;

4    3.  That Defendant be awarded its costs of suit;

5    4.  That Defendant be awarded its attorneys' fees according to proof; and

6    5.  That the Court award Defendant such other and further relief as the Court

7        may deem proper.

8

9   DATED: October 29, 2024        PAZZANI & SANDHU LLP

10

11

12                By:   _/s/ Joseph V. Marra III_

13                    Karen J. Pazzani

                     Puneet K. Sandhu

14                    Joseph V. Marra III

15

16                    Attorneys for Defendant

                     PEPPERDINE UNIVERSITY

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO SECOND AMENDED COMPLAINT