Kira Howell

XXXXXXXX

Los Angeles, CA 90045

Kira.howell8@yahoo.com

XXXXXXXX

In Pro Per

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KIRA HOWELL

          Plaintiff,

vs.

PEPPERDINE UNIVERSITY

          Defendant

Case No.: 2:24-cv-06332-WLH-RAO

**PLAINTIFF KIRA HOWELL'S REPLY TO DEFENDANT PEPPERDINE UNIVERSITY'S AMENDED ANSWER AFFIRMATIVE DEFENSES**

**DEMAND FOR JURY TRIAL**

Plaintiff makes no further reply to paragraphs 1-258 of Defendant's Amended Answer at this time.

## AFFIRMATIVE DEFENSES

## <u>FIRST DEFENSE</u>

(Statute of Limitations – Title IX)

1. Plaintiff's allegations are clearly stated in her Second Amended Complaint. Dkt. No. 38.  None of the allegations occur before summer 2023, and all claims were timely filed with the Court on October 2, 2024.  Plaintiff denies this defense as untrue and in bad faith, as it contains no facts extraneous to the complaint and any speculation deems it moot, as new facts proving the

defendant began discriminating against Plaintiff in 2022 must be pled and then offered properly as a Rule 12(b)(6) motion to dismiss.

## SECOND DEFENSE

(Statute of Limitations – State Law Claims)

2. Plaintiff's allegations are clearly stated in her Second Amended Complaint. Dkt. No. 38. None of the allegations occur before summer 2023, and all claims are timely filed with the Court on October 2, 2024. Plaintiff denies this untrue statement that makes no further allegation but merely speculates on new facts extraneous to the complaint that would only establish a proper Rule 12(b)(6) motion to dismiss.

## THIRD DEFENSE

(Equitable Estoppel)

3. Plaintiff admits she was contacted by Title IX on some of the claimed allegations. Plaintiff was contacted by Title IX to offer support for a male student's sexually harassing conduct. Plaintiff denies she made allegations about this male student and maintains she sought only to remove herself from the situation and not to seek harm to him. Plaintiff admits she was contacted by Summerville-Brannon on October 21, 2023 who offered Title IX support after reporting serial criminal book defacements, as well as Joyce's and Stipanowich's sex-based harassment, and Plaintiff stated to Summerville-Brannon she was concerned about the discrimination as it related to her personal property. Plaintiff denies Defendant adequately pled this affirmative defense.

## FOURTH DEFENSE

### (Failure to Mitigate)

4. Defendant's statement of legal conclusion that because she has failed to mitigate or attempt to mitigate damages is cause for diminished recovery does not require response, but Plaintiff asserts one because Defendant does not meet affirmative defense requirements.  Elements of Title IX retaliation and deliberate indifference were established when Defendant restricted Plaintiff from her classes after telling McDonald to stop.  Defendant's offer for Plaintiff to harm herself by taking time off when she was lawfully opposing sex-based discrimination was made after it violated Title IX. Defendant then committed additional unlawful acts of Title IX retaliation after she refused the offer. These are not valid defenses to *avoid* paying damages. Plaintiff denies allegations regarding gainful employment in the context of this affirmative defense as irrelevant and legally insufficient, as the damages sought in the suit are due to harm caused to her longitudinal career as an attorney, not as a student with temporary extra time off due to Defendant's unlawful actions leading to this lawsuit, as well as punitive damages to deter further violations of law.

## FIFTH DEFENSE

### (Unclean Hands)

5. To the extent this defense offers a legal conclusion not requiring a response, Plaintiff replies by saying it is against Title IX law to punish a student as "disruptive" for lawfully opposing discrimination. Defendant denies that

stating she reported violence to the police is disruptive. Plaintiff admits that instances of disruption cited by Defendant involves simply telling someone "no" or stop or leave her alone in response to harassment or mistreatment. Defendant's statement that it is "informed and believes that Plaintiff engaged in dishonesty" fails to meet affirmative defense requirements because conditional statements are not adequately pled, are scandalous, and now are in bad faith. A restating of Plaintiff's adequately pled claims detailing how every cite to evidence made by Defendant alleging dishonesty was falsified does not show Plaintiff is barred from recovering damages, it merely seeks to disprove her claims. Further, "unsubstantiated reporting of serious allegations" is a conclusory statement which contradicts other statements made in Defendant's Amended Answer and which establishes the basis for Plaintiff's claims. An affirmative defense must show Plaintiff is not entitled to recovery even if claims are proven true; it must not seek merely to disprove allegations of the claims.

## <u>SIXTH DEFENSE</u>

### (Avoidable Consequences)

6.    To the extent Defendant's affirmative defense states a legal conclusion not requiring a response, Plaintiff replies that Defendant's taking unlawful actions against Plaintiff in violation of Title IX, as well admitting it was on notice of Title IX violations via offer of Title IX support, proves Plaintiff's claims. The Defendant cannot build a defense that bars Plaintiff's recovery based solely on its admission that it unlawfully retaliated against

Plaintiff by offering her a coercive unlawful option to take time off, and that the consequence for not taking it up on an unlawful offer was being retaliated against further. Plaintiff was being publicly discriminated against in class and asked for it to stop. The solution is to stop the discrimination, not to punish Plaintiff irreparably because the Defendant doesn't like being told it is discriminatory. This restatement of the fact pattern seeks to reframe Plaintiff's claims as defective and thus is not a valid affirmative defense.

## SEVENTH DEFENSE

### (Consent)

**7.** To the extent Defendant offers a legal conclusion that does not require response, Plaintiff replies that this is an invalid defense due to its unlawful nature. Defendant established elements of Plaintiff's Title IX and State claims when it retaliated against her by restricting her from classes for reporting and opposing discrimination towards her and for no other reason whatsoever. Defendant had no legal right to coerce Plaintiff into harming herself after it was in violation of the law. Defendant then committed further unlawful acts when it exacted retaliation for other discrimination when Plaintiff refused their unlawful offer. Affirmative defenses must show Plaintiff is not entitled to relief even if claims are proven true. The Defendant's defense merely asserts it violated the law several more times because Plaintiff refused to take it up on its unlawful offer to harm herself. Plaintiff denies she consented to any allegations in this defense.

## EIGHTH DEFENSE

(Failure to Exhaust Administrative Remedies)

8.  Plaintiff admits she was contacted by Title IX several times, but only to
    offer support for student-on-student harassment, never for the more harmful
    employee-on-student harassment and discrimination, and each time Plaintiff
    asserted she just wanted the right to tell someone directly that their actions
    were harmful and unwanted and/or to prevent her personal property from
    being vandalized. Plaintiff denies allegations of this entire defense as legally
    insufficient because Title IX protection does not require a complainant file a
    formal complaint, protected activity includes telling someone directly to
    stop, and proving this defense true merely seeks to disprove or show defect
    in Plaintiff's claims, it does not negate the right to recover damages.  It is
    thus not a valid affirmative defense.

## NINTH DEFENSE

(Intervening and Superseding Cause)

9.  To the extent Defendant's statement is a legal conclusion not requiring a
    response, Plaintiff replies the person(s) responsible for the serial criminal
    book defacements and stalking represent a mere fraction of pled
    discriminatory events, and Plaintiff asserts they contribute to the pattern and
    practice of deliberate indifference and retaliation on Pepperdine's private,
    security-guarded campus requiring school-issued ID to obtain access.
    Plaintiff denies any misconduct on her part, and she has stated clearly how
    any evidence used to cite her for misconduct was materially altered or
    falsified.  Dkt. No. 38, p. 49, para 270.  Plaintiff replies that Defendant's

repeated conditional assertion that she failed to take Defendant up on its unlawful offer to take time off in lieu of telling the truth and lawfully opposing violations of Title IX and other civil rights statutes is legally insufficient, as Defendant lacks capacity to force Plaintiff to do something while it was violating the law.  Further, courts find intervening and superseding causes must be third parties, not the Plaintiff herself, and this affirmative defense as stated represents bad faith litigation tactics and spurious legal argument unsustainable at trial.

### TENTH DEFENSE

(Comparative Fault/Negligence)

10. To the extent Defendant's defense offers a legal conclusion which requires no response, Plaintiff denies this defense as legally insufficient because Defendant acted with sole authority at all times, and all claims are the result of Defendant's volitional acts.  All claims involving retaliation and deliberate indifference stem from Defendant unlawfully restricting Plaintiff from her education without offer of Title IX involvement or support. Defendant's admissions are narrowly pled, prejudicial, and legally insufficient, as it cannot argue it should not be responsible for damages if it broke the law because on few occasions months earlier it offered unrelated support.

### ELEVENTH DEFENSE

(Waiver)

PLAINTIFF'S REPLY TO DEFENDANT'S AMENDED ANSWER

11. To the extent Defendant offers legal conclusions not requiring a response, Plaintiff replies that this defense is legally insufficient because deciding not to file a formal complaint against a sexually-harassing student or unidentified criminal(s) who vandalized her personal property repeatedly is not a waiver of her right to oppose pervasive sex-based discrimination from others. To the extent Defendant offers a legal conclusion not requiring a response, Plaintiff replies that relying on her repeated assertions that she just wanted the right to tell a person mistreating her directly and privately to stop doing it, and the filing of a pleading that mischaracterizes these interactions to appear as if Plaintiff waived her rights to be protected under Title IX, is irrelevant. The Defendant does not ever have the right to violate the law simply because Plaintiff did not file a voluntary complaint for unrelated matters months earlier, and admission it violated the law only proves Plaintiff's claims.

## **TWELFTH DEFENSE**

### (Lack of Capacity to Sue)

12. To the extent Defendant states a legal conclusion not requiring a response, Plaintiff replies this defense is legally insufficient, stating conditionally that she lacks capacity to sue as a pro se Plaintiff. There is no special requirement for pro se litigants compared to represented parties, and this defense is legally insufficient and moot because it merely states a demand on the Court regarding "permi[ssion] to proceed in pro se action." Affirmative defenses are determined after the litigation has proceeded and only seek to

show Defendant should not be required to pay damages. Plaintiff denies this defense as legally irrelevant, insufficient, moot, and scandalous. Further, Plaintiff replies that a Defendant being sued for violations of Federal and State law against a professional woman who did nothing wrong *recommending to itself,* while falsifying testimony and mischaracterizing evidence, that the victim of its discrimination "may need" a mental health break proves state tort law claims and all Federal civil rights claims, and thus negates its use as an affirmative defense.

## **THIRTEENTH DEFENSE**

(Failure to Exhaust Remedies)

13. To the extent Defendant's defense states a legal conclusion not requiring a response, Plaintiff denies her claims are barred because she failed to abide by requirements of Cal. Educ. Code section 66292.3(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Kira Howell, respectfully requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of her civil rights, resulting in loss of wages, earning capacity, and other damages, and award the following relief, as appropriate:

(a) GRANT injunctive relief prohibiting Defendant from discrimination and retaliatory actions against Plaintiff and denying her equal access to education;

(b) DECLARE that Defendant has violated Plaintiff's civil rights;

(c) ENTER JUDGMENT holding Defendant liable to Plaintiff for compensatory damages, punitive damages, and other damages totaling $10,000,000.00 (ten million dollars);

(d) AWARD Plaintiff her costs and fees;

(e) GRANT such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues.

Dated: November 9, 2024

Respectfully submitted,

*/s/ Kira Howell*

Kira Howell

Plaintiff in Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S REPLY TO DEFENDANT'S AMENDED ANSWER