KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@psemploymentlaw.com
PUNEET K. SANDHU (State Bar No. 254726)
psandhu@psemploymentlaw.com
JOSEPH V. MARRA III (State Bar No. 238181)
jmarra@psemploymentlaw.com
PAZZANI & SANDHU LLP
700 N. Central Avenue, Suite 460
Glendale, CA 91203
Telephone:(213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendant
PEPPERDINE UNIVERSITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KIRA HOWELL, | Case No. 2:24-CV-06332-WLH-RAO |
|---|---|
| Plaintiff, | |
| v. | **DECLARATION OF KAREN J. PAZZANI IN SUPPORT OF PEPPERDINE UNIVERSITY'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR A PRELIMINARY INJUNCTION** |
| PEPPERDINE UNIVERSITY, | |
| Defendant. | |
| | Date: TBD |
| | Time: TBD |
| | Place: First Street Courthouse |
| | 350 West 1st St, Courtroom 9B |
| | Los Angeles, California |

1
DECL. OF K. PAZZANI ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A PRELIMINARY INJUNCTION

# DECLARATION OF KAREN J. PAZZANI

I, KAREN J. PAZZANI, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and the Central District of California. I am a partner with the law firm of Pazzani & Sandhu LLP, and am one of the attorneys representing defendant Pepperdine University ("Pepperdine") in this matter. I make this declaration in support of Defendant's Opposition to Plaintiff's Ex Parte Application for A Preliminary Injunction. I have personal knowledge of the facts set forth herein, and if called as a witness would and could testify thereto.

2. Between December 28, 2024 and January 9, 2025, Plaintiff sent me several emails meeting and conferring regarding sealing documents in the case. Initially, she asked to seal "the entire case." Thereafter, she provided me with a specific list of documents that she intended to seek to seal. I advised Plaintiff that Pepperdine did not object to her seeking to seal the identified documents. In the course of these emails, Plaintiff asked if Pepperdine would oppose a preliminary injunction. I asked Plaintiff to provide me with details regarding the grounds for her anticipated motion for a preliminary injunction, and she responded that it was not necessary to meet and confer. I advised her that Pepperdine would oppose a motion for a preliminary injunction.

3. On January 12, 2025, at approximately 6:45 p.m., Plaintiff filed an *ex parte* application for a preliminary injunction. The motion referenced sealed exhibits, including exhibits that had not previously been provided to Pepperdine.

4. On January 13, 2025, I emailed Plaintiff to inquire whether she filed an application to seal the documents referenced in her memorandum of points and authorities and asking her to provide me with the documents that had not previously been provided to Pepperdine. Plaintiff responded that she had filed an application to seal the documents on Friday, January 10. However, she declined to provide me

2
DECL. OF K. PAZZANI ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A PRELIMINARY INJUNCTION

with a copy of her application to seal or the documents that had not previously been served on Pepperdine at that time, advising me to "await the clerk's filing of the sealed documents in the docket." I responded requesting that Plaintiff serve the documents immediately as Pepperdine had only 48 hours to respond to her *ex parte* application. Plaintiff did not respond on January 13, 2025. A true and correct copy of my email correspondence with Plaintiff on January 13, 2025, is attached hereto as **Exhibit C**.

5. On January 14, 2025, at 9:08 a.m., Plaintiff emailed me a copy of the medical records that were referenced in her memorandum of points and authorities as sealed exhibits. She also provided me with a list of the documents that she had sought to seal, and stated: "Please take care not to disclose any confidential or privileged material in your opposition, and work under assumption that all documents below will be sealed."

6. On January 14, 2025, at 9:57 a.m., Plaintiff emailed me a copy of the application to file under seal that she submitted to the Court on January 10, 2025.

7. Exhibit A to the concurrently filed declaration of Sharon Beard has been redacted because Plaintiff included the document in her application to seal, which she filed on January 10 and served on Pepperdine on January 14. If Plaintiff's application to seal is denied, Pepperdine will file an unredacted copy of Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of January 2025, at Glendale, California.

KAREN J. PAZZANI

3

DECL. OF K. PAZZANI ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A PRELIMINARY INJUNCTION

# EXHIBIT C

| | |
|---|---|
| **From:** | Karen Pazzani |
| **To:** | Kira Howell |
| **Cc:** | Joe Marra; Gloria Granadino |
| **Subject:** | RE: Ex Parte for Preliminary Injunction |
| **Date:** | Monday, January 13, 2025 12:04:00 PM |

Kira,

As we have only 48 hours to file an opposition to your *ex parte* application for a preliminary injunction, we need to receive contemporaneous access to the documents you submitted to the Court to support your application. Please immediately provide me with copies of Exhibit G (Sealed KH000098-107); Exhibit H (Sealed KH000095-97); Exhibit I (Sealed KH000201). These documents are referenced in your memorandum of points and authorities and have not previously been produced to Defendant.

Pepperdine will not stipulate to the filing of a Third Amended Complaint.

Sincerely,

Karen


**Karen J. Pazzani | Pazzani & Sandhu LLP**
700 N. Central Avenue, Suite 460 | Glendale, CA 91203
Tel: 213.362.1860 | kpazzani@psemploymentlaw.com |

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Kira Howell <kira.howell8@yahoo.com>
**Sent:** Monday, January 13, 2025 11:51 AM
**To:** Karen Pazzani <kpazzani@psemploymentlaw.com>
**Cc:** Joe Marra <jmarra@psemploymentlaw.com>; Gloria Granadino <ggranadino@psemploymentlaw.com>
**Subject:** Re: Ex Parte for Preliminary Injunction

> CAUTION: This email originated from outside of Pazzani & Sandhu LLP. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Karen,

I am pro se and cannot seek leave to seal through CM/ECF. I filed with the clerk in person on Friday. I was told the Docket Items would appear within 48 hours. Rules state parties should make every effort to get leave to seal before filing associated motions. So, I did not wait.

I also did not know the Memo and Exhibits would be public in ex parte applications. I am in the process of getting that rectified, if Judge Hsu will allow. Please await the clerk's filing of

Exhibit C page 4

the sealed documents in the docket. Should happen today.

And please do not forget to let me know about stipulating to TAC.

Best,
Kira

On Monday, January 13, 2025 at 11:23:46 AM PST, Karen Pazzani <kpazzani@psemploymentlaw.com> wrote:

Kira,

We received your ex parte application for a preliminary injunction.  The memorandum of points and authorities references sealed exhibits; however, we did not receive an application seeking the court's permission to seal those documents.  Did you file an application?  If so, please serve us with what you filed with the Court.

In addition, please provide us with copies of Exhibit G (Sealed KH000098-107); Exhibit H (Sealed KH000095-97); Exhibit I (Sealed KH000201).  Although you included bates-stamps in your description of these documents in the memorandum of points and authorities, you have not produced these documents to Defendant to date.

Sincerely,

Karen

**Karen J. Pazzani | Pazzani & Sandhu LLP**
700 N. Central Avenue, Suite 460 | Glendale, CA 91203
Tel:  213.362.1860 | kpazzani@psemploymentlaw.com |

***NOTICE***

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it.  Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.*

Exhibit C page 5