KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@psemploymentlaw.com
PUNEET K. SANDHU (State Bar No. 254726)
psandhu@psemploymentlaw.com
JOSEPH V. MARRA III (State Bar No. 238181)
jmarra@psemploymentlaw.com
PAZZANI & SANDHU LLP
700 N. Central Avenue, Suite 460
Glendale, CA 91203
Telephone:(213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendant
PEPPERDINE UNIVERSITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRA HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>PEPPERDINE UNIVERSITY,<br><br>Defendant. | Case No. 2:24-CV-06332-WLH-RAO<br><br>**DECLARATION OF NIVLA Y. FITZPATRICK, PH.D. IN SUPPORT OF PEPPERDINE UNIVERSITY'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR A PRELIMINARY INJUNCTION**<br><br>Date: TBD<br>Time: TBD<br>Place: First Street Courthouse<br>350 West 1st St, Courtroom 9B<br>Los Angeles, California |

1

## DECLARATION OF NIVLA Y. FITZPATRICK, Ph.D.

I, NIVLA Y. FITZPATRICK, Ph.D., declare as follows:

1. I am licensed psychologist in the State of California, and am employed as the Director of the Counseling Center at defendant Pepperdine University ("Pepperdine"). I make this declaration in support of Pepperdine's Opposition to Plaintiff's Ex Parte Application for a Preliminary Injunction. I have personal knowledge of the facts set forth herein, and if called as a witness would and could testify thereto.

2. At Pepperdine it is routine to ask a student who has been disciplined or suspended to seek psychological evaluation or counseling when there is a suspected mental health challenge involved. This is done to ensure the success of the student in the classroom and to ensure that there is no disruption to the educational environment upon their return.

3. On or about March 26, 2024, Plaintiff selected therapist Anton Jones as her medical provider for purposes of complying with the terms of her suspension from Pepperdine.

4. I spoke on the telephone with Mr. Jones on May 13, 2024, regarding questions Pepperdine had for Mr. Jones regarding Plaintiff's diagnosis and return to Pepperdine. Later that day, I sent Mr. Jones a list of those questions.

5. On June 18, 2024, Mr. Jones responded to my May 13, 2024, email with his assessment of Plaintiff and answers to the questions I had posed. The assessment did not acknowledge or address the issues that lead to Plaintiff's suspension, namely that she falsely reported events that she claims occurred before numerous witnesses that could not be substantiated by any witnesses.

6. On December 3, 2024, I emailed Mr. Jones to inform him that Plaintiff contacted Pepperdine stating her intention to return to school. Because it had been several months since Mr. Jones submitted his initial assessment, I requested a

2

discussion with Mr. Jones regarding Plaintiff's treatment, current status, and further discussions regarding my initial questions to him regarding Plaintiff.

7. On December 5, 2024, I emailed Plaintiff to inform her that I had been trying to reach Mr. Jones, but his practice group indicated that he was no longer with them, and that I did not have forwarding information to contact him at his new address. I asked Plaintiff if she was still working with Mr. Jones. Plaintiff offered to connect me with Mr. Jones, and I emailed her on December 12, 2024, thanking her for the offer and informing her that it was not appropriate for her to be the "go-between" for me and Mr. Jones, again asking for Mr. Jones' new contact information. Plaintiff responded to my email offering to provide consent to me to contact Mr. Jones; or in the alternative, for Plaintiff to meet with Mr. Jones again and submit written documentation. I responded on December 13, 2024, to let Plaintiff know that I would need to speak with Mr. Jones directly, informing Plaintiff that when I communicated with Mr. Jones in May of 2024, I sent him the referral questions and indicated that follow up would be requested when Plaintiff's return to school date was approaching. On December 14, 2024, Plaintiff provided consent to me to speak with Mr. Jones once more.

8. On December 18, 2024, I spoke on the telephone with Mr. Jones regarding Plaintiff. I sent Mr. Jones an email regarding this telephone call that same day, stating "I should have gotten more clarity from you about post-eval treatment" and asking for the dates of any follow-up treatment Plaintiff had with Mr. Jones.

9. On December 20, 2024, I emailed Plaintiff that I had been trying to reach Mr. Jones to discuss some additional questions, asking her if she could facilitate contact between me and him. Later that day, I emailed Plaintiff again thanking her for replying to my email earlier in the day and stating the difficulties I was having reaching Mr. Jones, and that it was critical that I be able to independently contact him to address necessary questions pertaining to Plaintiff's

3

DECL. OF NIVLA Y. FITZPATRICK, PH.D. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A PRELIMINARY INJUNCTION

1 | return to Pepperdine.

2 |     10. On December 24, 2024, Mr. Jones responded to my December 18, 2024
3 | email by providing the dates on which he met with Plaintiff.
4 |     11. On January 8, 2024, I emailed Mr. Jones a copy of the Second
5 | Amended Complaint in this action and invited him to review it and to tell me
6 | whether this changed his support of Plaintiff returning to an academic environment
7 | where she will necessarily be working with many of the persons named in the
8 | lawsuit. Mr. Jones responded to my email on January 9, 2025, that reviewing the
9 | complaint did not change his evaluation of Plaintiff's ability to return to school. I
10 | emailed Mr. Jones that day to ask for confirmation and clarification that he had
11 | reviewed the Second Amended Complaint.
12 |     12. On January 13, 2025, I emailed Plaintiff to inform her that Mr. Jones'
13 | evaluation was not sufficient to support her return to Pepperdine for several reasons,
14 | including that it does not substantiate an understanding of what elements of
15 | Plaintiff's functioning contributed to the situation, and the treatment plan did not
16 | seem to take into account the precipitating events leading to her separation from
17 | Pepperdine. I also explained that several follow-up questions have gone
18 | unanswered by Mr. Jones. A true and correct copy of my email exchange with
19 | Plaintiff is attached hereto as **Exhibit B**.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed this 14th day of January 2025, at ___Malibu___, California.

NIVLA Y. FITZPATRICK, PH.D.

4

DECL. OF NIVLA Y. FITZPATRICK, PH.D. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A PRELIMINARY INJUNCTION

EXHIBIT B

---------- Forwarded message ---------
From: **Nivla Fitzpatrick** <nivla.fitzpatrick@pepperdine.edu>
Date: Mon, Jan 13, 2025 at 2:57 PM
Subject: Re Entry Update
To: Kira Howell 'student' <kira.howell@pepperdine.edu>

Hi Kira,

We wanted to give you an update on your return to the Caruso School of Law ("CSOL").

The evaluation provided by your healthcare provider, Anton Jones, as part of your OCS sanction is not sufficient to support your return to the program.  As set forth in the Office of Community Standards Hearing Decision letter of February 27, 2024, as a part of your sanctions, you were required to have a psychological evaluation by a licensed mental health professional to determine if there were contributing factors to these incidents and to develop an appropriate treatment plan.  The evaluator was to provide a written assessment and offer treatment recommendations.

As you know, certain questions were presented to help structure the feedback from your chosen healthcare provider.  The healthcare provider's assessment was to answer, at a minimum, these questions:

1) Has there been a full assessment/understanding of what (diagnosis and/or other dynamics) may have contributed to this situation?
2) Is the condition manageable in an educational setting?
3) Has a plan of management been determined?
4) How long should said plan be in place?
5) Would engagement with this plan likely lead to an ability to return to the CSOL environment and not be disruptive?

It is my role as the psychologist on the Student Care Team to determine whether, when mental health challenges are a part of a student's separation from the University, their treatment has prepared them to return to the academic environment and the program in which they are enrolled.

Anton Jones' feedback was not adequate to support a return to the program.  The written assessment is not sufficient.  It did not substantiate an understanding of what elements of your functioning contributed to the situation, and the treatment plan did not seem to take into account the precipitating events leading to your separation from the university.

In addition, several follow up questions were needed, and continue to be outstanding, including:
- Clarifying a discrepancy in the number of sessions that occurred after the evaluation
- An understanding or discussion of the added stress that might be present given the lawsuit that was filed after the evaluation
- An acknowledgement and understanding of the details of the lawsuit (not only its existence), which describes multiple events that you alleged occurred on campus prior to your separation from the program.

Since December 3, 2024, we have repeatedly asked that this information be provided.  These include emails with you directly on December 5, 2024, December 12, 2024, December 13, 2024, December 16, 2024, December 20, 2024, and January 5, 2025.  We have also inquired directly with Anton Jones, including on December 18, 2024, December 26, 2024, January 8, 2025, and January 9, 2025.  Unfortunately, this necessary information remains lacking or has not been provided to Pepperdine.

Kira, we remain committed to your safe return to the classroom and campus community.  Please let me know if you have any questions.

Sincerely,

Nivla

--
Nivla Y. Fitzpatrick, Ph.D.
Licensed Psychologist
Director, Counseling Center
Pepperdine University
24255 Pacific Coast Highway
Malibu, CA   90263

310-506-4210
Nivla.Fitzpatrick@pepperdine.edu

*Please note that email is not a secure form of communication.  If you would like to speak with someone regarding confidential information, please contact us at* 310-506-4210 *during office hours, Monday-Friday, 8a-5p.  Thank you.*


--

Nivla Y. Fitzpatrick, Ph.D.
Licensed Psychologist
Director, Counseling Center
Pepperdine University
24255 Pacific Coast Highway
Malibu, CA   90263

310-506-4210
Nivla.Fitzpatrick@pepperdine.edu

*Please note that email is not a secure form of communication.  If you would like to speak with someone regarding confidential information, please contact us at* 310-506-4210 *during office hours, Monday-Friday, 8a-5p.  Thank you.*