Kira Howell

Kira.howell8@yahoo.com

23719 Aster Trail

Calabasas, CA 91302

612-412-3472

Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRA HOWELL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PEPPERDINE UNIVERSITY,<br><br>　　　　　　　Defendant. | Case No.: 2:24-CV-06332-WLH-RAO<br><br>**PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION TO GRANT PRELIMINARY INJUNCTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**<br><br>**Hearing Date:**<br><br>**Hearing Time:** 1:30 PM<br><br>**Judge:** Wesley L. Hsu<br><br>**Place:** Courtroom 9B |

The Plaintiff, Kira Howell, affirms under penalty of perjury that this declaration is truthful.

1

1. Standing Order For Newly Assigned Civil Cases (J) does not permit reply briefs to Oppositions. This Declaration is an Amendment to the filing to properly admit the exhibits, as requested. Plaintiff welcomes a hearing upon Motion in 28 days, should the Court order or grant it. It was a procedural misunderstanding.

2. Plaintiff reported to Department of Public Safety on or about August 30, 2023 that Stipanowich had been disparaging her in Contracts class and made numerous unwanted sexually harassing comments about her butt. Plaintiff also reported a male student, Bryan Weitzman, had pointed at her head in the same manner as the faculty did while making guns during Orientation, while angrily gesturing at Stipanowich. Plaintiff was honest about what she saw and experienced, and Stipanowich's overt sexually harassing comments only continued after this report. Exhibit B (PEP000547-49).

3. Plaintiff's Criminal Law textbook was vandalized on three separate occasions. Plaintiff reported these incidents to Defendant on September 12, 2024; September 26, 2024; and again on October 17, 2024. On October 21, 2024, Britney Summerville-Brannon offered Title IX support. Exhibit A (000012); Exhibit C (KH000118); Exhibit D (KH000120).

4. On September 26, 2024, Plantiff also emailed Alexis Joyce and removed consent allowing her access to professional decisions in Plaintiff's life. Exhibit E (KH000125).

5. Jason Jarvis began downplaying serial misdemeanor offenses regarding her book defacement, and defamed Plaintiff by stating she has "dementia" flippantly. Exhibit F (Sealed PEP000575). Plaintiff does not suffer from dementia. In this same email, Jarvis admits McDonald was "highly agitated" after plaintiff reported his discrimination and told him to stop. This was withheld from Plaintiff and McDonald was not required to answer questions. All other specific events with McDonald go unaccounted for and unanswered.

6. Plaintiff repeatedly stated the reporting was protected activity and the school failed to prevent retaliation. This is against the law and usurps any university policy.

7. Plaintiff met with Anton Jones and he has given her a clear bill of health on numerous ocassions, the latest being a detailed description of our discussions of the lawsuit, the precipitating events, and my person. In his latest correspondence with Nivla Fitzpatrick occurring January 14, 2024, he emphatically states he has full understanding of all events and of Plaintiff, and he states she has no diagnosis. Defendant did not mention this in any of its Declarations. McDonald used the word "delusions" in his own defense after being reported for harassment, a protected activity Defendant does not deny, and Defendant has attempted to exploit this word to the extreme. It is baseless, untrue, and defamatory. Exhibit G (Sealed KH000098-107); Exhibit H (Sealed KH000095-97); Exhibit I (KH000201).

8. Plaintiff emailed Jay Brewster stating they had no reason for restricting her from her classes. Exhibibt J (000001). Brewster offered no facts or anything to substantiate this. Defendant still to this day offers nothing.

9. Plaintiff was told she had an unmet obligation from the school on January 4, 2024. Exhibit K (KH000271). Fitzpatrick then stated she needed to get more from Jones. Exhibit M (KH000270); Exhibit L (KH000272). Fitzpatrick then emailed Plaintiff on January 13, 2024 stating she needed to know if I was stressed from the lawsuit and stating she did not like Jones's style of writing, essentially.

10. Jim Gash immediately stated to McDonald that "he didn't believe, even for a moment" what Plaintiff reported. Exhibit Q (PEP000576). This proves the school was on notice of a report of discrimination and sex-based harassment. And it failed to prevent retaliation.

11. Plaintiff never provided names aside from one when this incident occurred. It is untrue to say she could not substantiate with a single witness. This never occurred. Stipanowich himself once realized in class that he was obsessing over Plaintiff and students were shopping on their laptops totally ignored. To say you did not see something happen does not make it so. When a female student put me "in" on her jokes through nonverbal innuendo, saying it didn't happen did not seem like a lie. Plaintiff reported direct overt statements and other gestures made at her.

4

12. Plaintiff also stated at the time that she thought McDonald suffered from delusions. This was not part of the record and is of no consequence to the Title IX violations.

13. Plaintiff is speculating and responding to various disclosed documents in her previous declaration. It also gives some insight into her person. Defendant has increasingly made this a mental health issue since being sued. It is not. But one claim is IIED and Defendant has stated it is entitled to have an evaluation to evaluate damages under this tort.

14. As outlined in detail, Defendant's sanctions were unlawful on their face. . . and in the details of the letter. Exhibit V (Sealed KH000250-52); Exhibit W (PEP000522); Exhibit X (Sealed PEP000613).

15. Jarvis made numerous untrue, inflammatory statements about Plaintiff. Exhibit N (PEP000572). Jarvis is on the written record mischaracterizing Plaintiff, events, others' statements, etc. ad nauseum.

16. For example, when Plaintiff offered feedback to Stacey Nelson about a male proctor's behavior, she thanked her. Exhibit AA (KH000202). Jarvis, on the other hand, sought to punish her for months. Title IX offered support for this event and it is protected activity. Sanctioning Plaintiff for this is not only profoundly inappropriate, but it is unlawful. Defendant's continued characterization of Plaintiff using terms like "mental health" seeks only to distract from the facts and the law. Declarations from students may have value in some way at some point, but bystander

accounts, especially of someone faculty and administration sought to malign, carry little to no value. Plaintiff did nothing wrong and all vague characterizations occur from anonymous "to be disclosed someday" persons who never describe anything factual.

17. No matter how damaging the opinion, it does not change the facts and the law. It is scary to see how easily all facts and all law are avoided just because you call someone a stigmatizing name. And this has only increased since suing. It is a smear campaign.

18. Defendant has criteria and protocol for how to handle even the most self-serving assertions, and they have not abided by its own terms. Plaintiff has a right to obtain her education. There is no non-retaliatory reason for preventing this, and they offer remedy to allow this and their own current contentions to occur. And they have not followed the law or their policies.

Dated: January 14, 2025                    By: /s/Kira Howell

                                              Kira Howell

                                              Plaintiff In Pro Per