UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-06332-WLH-RAO | Date | January 15, 2025 |
|---|---|---|---|
| Title | *Kira Howell v. Pepperdine University* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE *EX PARTE* APPLICATION FOR PRELIMINARY INJUNCTION [49]**

The Court is in receipt of Plaintiff's *Ex Parte* Application for a Preliminary Injunction ("EPA"), as well as Defendant's Opposition. (Docket Nos. 49, 52). Plaintiff applied, *ex parte*, for a preliminary injunction on January 12, 2025, seeking to be reinstated in classes at Pepperdine Law School. (*Ex Parte* Application for Preliminary Injunction ("EPA"), Docket No. 49 at 20). For reasons explained below, the Court **DENIES** Plaintiff's EPA.

First, Plaintiff's EPA is procedurally improper, where she seeks a preliminary injunction, rather than a Temporary Restraining Order ("TRO"). Federal Rule of Civil Procedure 65(a) states that the court "may issue a preliminary injunction only on notice to the other party." Fed. R. Civ. P. 65(a). "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Alameda Cnty.,* 415 U.S. 423, 432 n.7 (1974). Here, such notice was not satisfied where Defendant had only 48 hours to oppose the EPA.[1]

Further, Local Rule 65-1 states that when a temporary restraining order is *not* sought, as here, "an application for a preliminary injunction must be made not by order to show cause but by notice of motion filed and served as required by L.R. 6-1." L.R. 65-1. Local Rule 6-1 requires all motions to be filed with 28-days' notice. As already indicated, this notice requirement was not satisfied by Plaintiff. These procedural infirmities, alone, are grounds to deny the EPA.

To the extent that the Court may construe the EPA as seeking a TRO, rather than a preliminary injunction, Plaintiff still fails to meet the required showing that an EPA is procedurally justified. *Ex parte* applications are solely for extraordinary relief. *See Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). "[T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures." *Id.* at 492. Further, "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* Here, Plaintiff has not demonstrated that her cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures. Simply put, Plaintiff's missing law school classes is not irreparable harm.

Nor do the cases cited suggest Plaintiff has met her burden. In *Arizona Dream Act Coalition v. Brewer* ("*Brewer*"), the plaintiffs challenged the constitutionality of

---

[1] Further, the Court notes that Defendant was not served with the accompanying Application to Seal, such that it had no opportunity to review exhibits referenced as "sealed" throughout Plaintiff's memorandum of points of authorities. (Declaration of Pazzani in Support of Defendant's Opposition ("Pazzani Decl."), Docket No. 52-1 ¶¶ 3-4). This, too, demonstrates Defendant's lack of adequate and fair opportunity to respond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Arizona's policy of denying driver's licenses to Deferred Action for Childhood Arrivals ("DACA") recipients. 757 F.3d 1053. There, the Ninth Circuit concluded that the plaintiffs sufficiently demonstrated irreparable harm where the inability to obtain a driver's license effectively "limit[ed] their professional opportunities." *Id.* at 1068. The court found that the ability to drive was "integral to [the plaintiffs'] ability to work – after all, eight-seven percent of Arizona workers commute to work by car." In essence, because the lack of driver's license prohibited the plaintiffs from pursuing work, in general, and "[s]etbacks early in their careers [was] likely to haunt [them] for the rest of their lives," the court concluded irreparable harm was demonstrated. *Id.* Here, there is nothing preventing Plaintiff from seeking to pursue her legal education elsewhere, making her case distinguishable from *Brewer*.

In *Chalk v. U.S. Dist. Ct.* ("*Chalk*"), the Ninth Circuit reviewed the denial of the preliminary injunction. 840 F.2d 701. There, the plaintiff had been removed as a teacher of hearing-impaired students, following his diagnosis with AIDS, and was placed in an administrative position. *Id.* at 703. The district court had concluded no irreparable harm occurred, where the plaintiff suffered no monetary loss, having still retained a job at the school. *Id.* at 709. The Ninth Circuit reversed, concluding that the plaintiff demonstrated non-monetary harm – in the form of emotional and psychological injury, due to being placed in a job that "reduced [his] sense of well-being[.]" *Id.* at 710, 709. There, however, this was largely due to the fact that the plaintiff contracted a virus "fatal in all recorded cases[,]" such that "[a] delay, even if only a few months, pending trial represents precious, productive time irretrievably lost to him." *Id.* Here, where Plaintiff suffers from no fatal virus, her case is readily distinguishable.

Furthermore, even if Plaintiff had demonstrated irreparable harm, which she has not, her application would still fail, as Plaintiff has not demonstrated that she did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

contribute to the creation of the "emergency." Plaintiff was suspended from classes last February under certain conditions which, if met, would allow her to return this January. (Declaration of Sharon Beard in Support of Pepperdine University's Opposition to EPA ("Beard Decl."), Docket No. 52-3 ¶ 2). Plaintiff's failure to meet the conditions of her return, combined with her failure to file the Application challenging such conditions prior to the week classes were to resume, doom any application for a TRO.

In sum, Plaintiff's EPA suffers several, fatal procedural flaws – including the lack of demonstrated irreparable harm. *See Mission Power Engineering Co.*, 883 F. Supp. at 492. The Court, therefore, **DENIES** Plaintiff's EPA.

**IT IS SO ORDERED.**