1  Kira Howell
2  Kira.howell8@yahoo.com
3  ▮▮▮▮▮▮▮▮
4  Calabasas, CA 91302
5  ▮▮▮▮▮▮▮▮
6  Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KIRA HOWELL,<br><br>              Plaintiff,<br><br>     v.<br><br>PEPPERDINE UNIVERSITY,<br><br>              Defendant. | Case No.: 2:24-CV-06332-WLH-RAO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**Hearing Date: February 14, 2025**<br><br>**Hearing Time: 1:30 PM**<br><br>**Judge: Hon. Wesley L. Hsu**<br><br>**Place: Courtroom 9B** |
|---|---|

# TABLE OF CONTENTS

Page

I. Introduction………………………………………………………………… 1
II. Background
   a. Procedural History ……………………………………………………... 1
   b. Facts ……………………………………………………………………. 1
III. Legal Standards …………………………………………………………. 2
IV. Analysis
   a. Court should grant leave to add parties Jason Jarvis and Sharon Beard to the complaint because Plaintiff has a right to relief based on the same transaction and occurrence and there is a common question of law and fact with respect to all parties………………………………..4
   b. Court should grant Plaintiff's motion to amend because there is no prejudice to the Defendant………………………………………………5
   c. Court should grant Plaintiff's leave to amend because the proposed amendment is not futile ……………………………………………………6
      1. <u>Court should grant Plaintiff's leave to amend her complaint to add Defamation count against Jason Jarvis because he made numerous untrue statements that unquestionably harm Plaintiff's life, livelihood, and reputation..……………....6</u>
      2. <u>Court should grant Plaintiff leave to amend her complaint to add Defamation count against Sharon Beard and University because they violated Title IX law when retaliating against her and the sanctions themselves contain multiple false statements.</u> ………………………………………….……7
   d. Court should grant Plaintiff's motion to amend because leave is sought immediately upon discovery of new legal issues and occurs months before the Court's deadline for amendments**..**…………………...9
   e. Court should grant Plaintiff's leave to amend because there is no bad faith in the amended complaint……………………………………….…9
V. Conclusion ……………………………………………………………...……10
VI. Certificate Of Compliance ……………………………………………..…12
VII. Proof of Service ……………………………………………………….…..13

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Griggs v. Pace Am. Group, Inc.*,
   170 F.3d 877 (9 Cir. 1999)......................................................................*passim*

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
   194 F.3d 980, 986 (9th Cir. 1999).....................................................................6, 9

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074, 1079 (9th Cir. 1990).................................................................4, 5

*Wynn v. Nat'l Broadcasting Co., Inc.*,
   234 F.Supp.2d 1067, 1078 (C.D. Cal. 2002......................................................4, 5

**Rules**

Fed. R. Civ. Pro. 15(a)(2) ………………………………………………………*passim*

Fed. R. Civ. Pro. 20 ………………………………………………………………*passim*

**Supplementals**

CACI 1704 ……………………………………………………………………….6

# Memorandum Of Points and Authorities

## I. Introduction

Plaintiff sued Defendant Pepperdine University on July 24, 2024 after being retaliated against for telling Barry McDonald to stop disparaging her in class. Since entering discovery, the University has disclosed emails and written statements showing Jason Jarvis had an obsessive hate for Plaintiff stemming from an offer of Title IX support to her in July 2024. Jarvis uses defamatory insults about Plaintiff's health and womanhood and shows dogged intent to mischaracterize events and promulgate propaganda. Sharon Beard oversaw retaliatory sanctions against Plaintiff at Jarvis's behest, and evidence establishes she failed to use reasonable care to determine the truth or falsity of official statements she made that injured Plaintiff's life.

## II. Background
### a. Procedural History

Plaintiff filed complaint on July 24, 2024 asserting Defendant violated Title IX, Cal. Educ. Code § 66270, and committed state civil rights and tort violations. Dkt. No. 1. Plaintiff filed amended complaints, adding Bane Civil Rights Act and Ralph Civil Rights Act violations and withdrawing the Unruh Act claim. Dkt. Nos. 16 and 38. Defendant filed its Answer on October 29, 2024. Dkt. No. 37. Defendant filed its Amended Answer on November 8, 2024. Dkt. No. 40. On November 9, 2024, Plaintiff filed her Reply to Defendant's Amended Answer. Dkt. No. 41. Parties exchanged Rule 26(a) Initial Disclosures on December 4, 2024. Plaintiff filed *Ex Parte* Application for Preliminary Injunction on January 12, 2025. Dkt. No. 49.

### b. Facts

Plaintiff is a law student at Pepperdine Caruso School of Law. During the Summer 2023 term, Plaintiff took several classes with a male student and she was asked about interactions with him on or about July 19, 2024. Richards proactively contacted Title IX and LaShonda Coleman offered Plaintiff support. Exhibit A (000012). Plaintiff declined,

stating she did not want to file a Title IX report or grievance in any way. Jason Jarvis began emailing employees of the University and disparaging Plaintiff behind her back about this male student, saying she made "reactive" claims against him. This is a lie. In disclosed statements from the University, the student omitted several interactions he had with Plaintiff, and mischaracterized his other interactions with her entirely. He stated to Jarvis he was so emotionally unstable he wanted to leave his career. Jarvis offered him nothing but support and began vehemently hating and blaming Plaintiff for his unstable emotional state. Plaintiff hardly knew this man, and her total direct interaction with him amounted to about ten minutes. Plaintiff was impervious and sought only to achieve professionally.

On September 12, 2023, Plaintiff's Criminal Law textbook was vandalized on page 236. Plaintiff reported this to Chalak Richards. Exhibit C (KH000118); Exhibit D (KH000120). On September 26, 2023, Plaintiff's book was again defaced on page 329. Plaintiff emailed Richards to report it and emailed Alexis Joyce to remove consent from Joyce over any decisions in Plaintiff's life. Exhibit E (KH000125). After a meeting on October 17, 2023 regarding the discrimination and criminal defacements, Britney Summerville-Brannon offered Title IX protection on October 21, 2023. Exhibit A (000012).

Jarvis then began downplaying criminal offenses and honor code violations such as these serial defacements by characterizing them as merely Plaintiff claiming "a student had stolen her textbook and defaced it (when we looked at it, it was actually just notes on the material" and "she wrote it herself and just forgot/couldn't remember through her dementia)." Exhibit F (Proposed Sealed PEP000575). In the same email, Jarvis admits McDonald was "highly agitated" after Plaintiff reported his discrimination and while completely omitting facts in Plaintiff's report. He mischaracterized DPS referral to file grievance as "proof it did not occur." Id. Jarvis's outright lies presented McDonald as a clueless victim. Id. Plaintiff endured endless sex-based discrimination about her age from Naomi Goodno, Stipanowich, and McDonald, and newly discovered evidence shows Jarvis did this as well. Plaintiff suffers no such mentioned disease or illness, including any

2

debilitating neurological disorder most commonly associated with Alzheimer's and used to stigmatize older people.

On February 6, 2024, Plaintiff emailed McDonald to stop disparaging her in class after he made a cruel, sex-based joke about Plaintiff by saying, "this used to be looser" before staring back and forth at Plaintiff and a group of male students, laughing and then saying, "so she's old" as Plaintiff sat in her seat silently. McDonald acted extremely aggressive towards her making her uncomfortable, including making gestures with his hands and arms when she glanced up at a classroom camera and after denying the right to record lectures. Gash emailed McDonald about Plaintiff's report of discrimination saying, "I just want you to know I didn't believe, even for a moment, what she was saying. Glad that Jason is involved." Exhibit Q (KH000576).

Plaintiff was restricted from her classes the next day without cause and Title IX Coordinator was not contacted. On February 13, 2024, Plaintiff emailed Provost Jay Brewster stating the restriction letter contained "no facts" and no details she could answer to. Exhibit J (000001). On February 14, 2024, Brewster responded offering none and saying there needed to be an investigation. During the proceedings, Defendant withheld material evidence, including corroborating evidence of McDonald's sexual harassment from a witness's independent reporting, video disproving Plaintiff was disruptive during a legal discussion in class *four months earlier*, and emails exculpating her when Defendant stated falsely that she had reconciled with Joyce, whom she emailed and removed consent from access to her professional life because Joyce was retaliatory. Exhibit X; Exhibit I (PEP000522); Exhibit Z (KH000170).

Beard relied on Jarvis's insistence on punishing Plaintiff for everything imaginable, including mostly benign events protected from adverse action by Title IX. On February 7, 2024, Jarvis again references his hate for Plaintiff over the male student from eight months earlier, a virtual stranger to Plaintiff and someone whom she never sought to injure. He ignores Title IX law and insists on retaliatory sanctions, which Beard oversaw and signed.

3

### III. Legal Standards

Federal Rule of Civil Procedure Rule 20(a)(2) states in relevant part that Defendants may be joined in one action if "A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a)(2).

Federal Rule of Civil Procedure Rule 15(a)(2) states a party may amend its pleading with opposing party's consent or leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Ninth Circuit uses "extreme liberality" when applying Rule 15(a). *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). When granting motions to amend courts analyze 1) bad faith on the part of the plaintiff; 2) undue delay; 3) prejudice to the opposing party; and 4) futility of the proposed amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877 (9th Cir. 1999).

### IV. Analysis
**a. Court should grant leave to add parties Jason Jarvis and Sharon Beard to the complaint because Plaintiff has a right to relief based on the same transaction and occurrence and there is a common question of law and fact with respect to all parties.**

Rule 20 states that a party seeking joinder must assert 1) a right to relief based on the same transaction or occurrence, and 2) a common question of law or fact with respect to all parties. *Wynn v. Nat'l Broadcasting Co., Inc.*, 234 F.Supp.2d 1067, 1078 (C.D. Cal. 2002). Both Jason Jarvis and Sharon Beard are employees of Defendant Pepperdine University. Their individual conduct in Plaintiff's life as a student at the school has only recently been delineated through exchange of initial disclosures. Plaintiff was unaware of Jarvis's and Beard's direct malfeasance satisfying elements of defamation until now.

There is a right to relief based on the University's actions outlined below. Because Beard and Jarvis made volitional false statements that informed the University and injured

4

Plaintiff's life irreparably, and because the University then made official false statements relying on its employees' conduct, there is a common thread joining their acts with the school as a single defamatory transaction. All three parties are liable for defamation as part of a series of related transactions culminating in a written statement that damaged Plaintiff's livelihood and reputation. As such, Plaintiff respectfully asks the Court to grant leave to amend her complaint to add Jason Jarvis and Sharon Beard as parties.

    **b. Court should grant Plaintiff's motion to amend because there is no prejudice to the Defendant.**

Courts consider timing when granting leave to amend, and deem a "need to reopen discovery and therefore delay the proceedings supports . . . prejudice." *Id.* at 986 (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 11139 (9th Cir. 1998). Parties entered discovery on December 3, 2024, and fact discovery cut-off date is currently August 8, 2025. Dkt. No. 44, p. 22. Plaintiff is seeking to amend a mere month after entering discovery and did so at the earliest possible time, given the circumstances and her access to evidence. Defendants will have sufficient time to perform discovery and amending now avoids any prejudice to the Defendant.

Plaintiff seeks to add parties and a new cause of action based on the new evidence, and this advances justice without prejudice to anyone. The Ninth Circuit holds adding new claims that "would [] greatly alter the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense" is "not fatal to amendment." *Morongo Band*, 893 F.2d at 1079. Here, leave to add defamation counts occurs early in the litigation. Defendant(s) clearly had the disclosed evidence in their purview at the time of filing its affirmative defenses, as well as its numerous inflammatory statements and insults in the filings. Dkt. No. 43. So, their anticipated course of defense remains the same even with the new cause of action. Moreover, the new named parties are the two individuals whom the University relied on to advance their retaliatory actions against Plaintiff, their words and actions informed Defendant's positions, and adding them is appropriate and fair to all involved.

At least now Plaintiff can restore her life according to the law and Defendant(s)' attempts to corruptly and maliciously circumvent civil rights laws is tempered by other statutes providing remedy (and consequence for continuing to rely on false statements). Moreover, unique defenses to defamation are retraction and truth. Because of these defenses, there is no opportunity for remedy that is unfair to the Defendant(s). As such, the Court should grant Plaintiff leave to amend.

### c. Court should grant Plaintiff's leave to amend because the proposed amendment is not futile.

"Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin*, 194 F.3d at 986 (citing *Morongo Band*, 893 F.2d at 1079). Newly acquired evidence supports adding new causes of action to Plaintiff's complaint. To establish a prima facie case for defamation, a party must prove 1) Defendant made false statements about Plaintiff to a third party; 2) that the third party reasonably understood the statements were about Plaintiff; 3) that the third party reasonably understood the statements to mean something false about Plaintiff; and 4) that Defendant failed to use reasonable care to determine the truth or falsity of the statements. CACI 1704.

The attached proposed Third Amended Complaint establishes how Jason Jarvis, Sharon Beard, and Pepperdine University made clearly false statements about Plaintiff to third parties and that these defamatory statements, made without taking reasonable care to establish truth or falsity, injured Plaintiff's reputation and life.

1. <u>Court should grant Plaintiff's leave to amend her complaint to add Defamation count against Jason Jarvis because he made numerous untrue statements that unquestionably harm Plaintiff's life, livelihood, and reputation.</u>

Jarvis made a false statement to Camila Bonavia, Barry McDonald, Sharon Beard, and others when he stated, "she claimed a student had stolen her textbook and defaced it (when we looked at it, it was actually just notes on the material" and that Plaintiff has "dementia." Plaintiff reported her book had been defaced on September 14, 2023 and September 26,

6

2023. Plaintiff brought her book into a meeting with Jarvis on October 17, 2023 and showed it to him. It is a misdemeanor offense to deface another's personal property without their permission, this was stated to Jarvis, and he falsely states here that an invasive crime like going into someone's bag and writing all over multiple pages on different days without their consent is "just notes on the material." Jarvis's statement also contradicts Chalak Richards' false statement elsewhere that says she (and Jarvis) asked Plaintiff for a handwriting sample. This event never occurred.

Plaintiff does not have dementia. This is a categorical lie. Jarvis took no care to determine the truth or falsity before spreading this lie and damaging her reputation. At this point, Plaintiff had been in the same room with Jarvis maybe three times and he never once interacted with her or engaged her in conversation. These statements were clearly understood to discredit Plaintiff and disparage her because the purpose of the email was to distract from McDonald's discriminatory abuse and exact retaliation at all costs. At this point, a serial vandal is being protected simply to advance Jarvis's obsessive rage at the thought of a sexual harassment claim being made. And all while Richards made untrue statements about asking for a handwriting sample and Beard made independent statements that she knows Richards sought to absolve the school's guilt at all costs. The depth of lies Jarvis and the University made regarding this event is incredible. The University relied on this false statement and it informed decisions to injure her career and without proper notice- Plaintiff did not even know this statement was made until December 4, 2024.

Jarvis made, inhumanly hateful insults discrediting Plaintiff as a woman, establishing all prima facie elements and relying solely on the written record. For these reasons, Plaintiff respectfully seeks leave of the court to file her Third Amended Complaint.

2. <u>Court should grant Plaintiff leave to amend her complaint to add Defamation count against Sharon Beard and University because they violated Title IX law when retaliating against her and the sanctions themselves contain multiple false statements.</u>

Plaintiff reported and opposed McDonald's sex-based harassment on February 6, 2024. Within hours, she was restricted from her education without cause and then sanctioned by

University for engaging in protected activity with McDonald and in previous months. Beard oversaw the proceedings, made the charges, and managed access to evidence, etc. In the letter Plaintiff received, Beard made numerous false statements and University adopted and promulgated them to CSOL, Paul Caron, and others. Further, they had palpable effect on Plaintiff's life and were thus commonly known.

Beard's and University's submission and enactment of the letter itself impliedly states that they had the legal right to do so and it did not violate Title IX. This is false on its face, as Plaintiff was engaging in protected activity and retaliation is prohibited.

Other false statements made include sanctioning Plaintiff for reportedly saying she had reconciled with Joyce. Plaintiff is on the written record saying this did not occur. Decl. at 8. Beard and University denied she spoke with Joyce during Orientation week, and Joyce is on the written record confirming this happened. Exhibit I (PEP000522). They advanced a false statement Naomi Goodno made claiming Plaintiff said, "I pay you, you have to answer me" four months earlier. Exhibit Z (KH000170). Plaintiff never said this. Beard withheld exculpatory evidence from Plaintiff and the University disclosed a video disproving the sanction on December 4, 2024. Exhibit X.

In another statement, Beard sanctions Plaintiff because someone said McDonald was "visibly distressed." She withheld evidence disproving this, as Jarvis states in an email he was "highly agitated" and further, there was never a correlation between McDonald's affect and Plaintiff in any way. She sat silently the entire time while he attacked her. Plaintiff was sanctioned for being disruptive in Williams' class, but Williams' own statement was that Plaintiff received all professionalism points. These examples all show Beard and University failed to take reasonable care to determine the truth or falsity of the statements they advanced when injuring Plaintiff's life. The letter furthered shame and impeded Plaintiff's access to her livelihood. And all based on an unlawful action passed off as legal. As such, Plaintiff respectfully requests the Court grant her leave to amend her complaint.

**d. Court should grant Plaintiff's motion to amend because leave is sought immediately upon discovery of new legal issues and occurs months before the Court's deadline for amendments.**

8

Courts rely on the scheduling order when determining presence of a delay. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying Plaintiff's motion to amend because it "came several months after the stipulated deadline for amending or supplementing the complaint"). Parties' deadline to hear motions to amend is July 25, 2025. Dkt. No. 44, p. 22. This amendment occurs months prior to the current deadline, indicating Rule 15(a) prevails and amendment should proceed in the interest of justice. Further, Plaintiff's decision to amend is based on newly acquired evidence she received at exchange of initial disclosures on December 4, 2024. All proposed additions to the complaint rely on this new evidence, and Plaintiff did not consider amending until now. Thus, Court should grant Plaintiff's leave to amend the complaint, advancing timely filed justice.

### e. Court should grant Plaintiff's leave to amend because there is no bad faith in the amended complaint.

The Courts define bad faith when seeking leave to amend as taking action to subvert looming dispositive motions. *Lockheed Martin*, 194 F.3d at 986 (denying Plaintiff's leave to amend because it sought to "add causes of action on which discovery had not been undertaken" when facing summary judgment). In contrast, here Defendant cannot win at summary judgment because evidence reveals the myriad ways they hid material evidence and acted unlawfully and unethically throughout Plaintiff's tenure and sanctions. *See Baines v. Walgreen*, 863 F.3d 656, 664 (7th Cir. 2017) (holding "because a fact-finder may infer intentional discrimination from an employer's untruthfulness, evidence that calls truthfulness into question precludes [Defendant's] summary judgment"). Parties are several months away from considering summary judgment, and the Title IX retaliation counts are crystallized with the current written record.

But for Defendant(s) newly discovered volitional false statements that harmed Plaintiff's life, there would be no need to amend the complaint. And the bad faith occurred unilaterally when Defendant withheld material evidence during earlier proceedings. As

9

such, and because currently Defendant cannot win at summary judgment anyhow, Plaintiff respectfully asks the Court to grant her leave to file a Third Amended Complaint.

V.   Conclusion

The Court should grant Plaintiff's leave to amend her Second Amended Complaint to join Jason Jarvis and Sharon Beard and to add the cause of action of defamation to all parties. The defamation counts involve the same transaction and occurrence pleaded in the initial complaint, and there is a common question of law and fact. Newly discovered evidence establishing Jarvis and Beard defamed Plaintiff further establishes there is no futility in the new claims, there is no bad faith or prejudice towards the Defendant(s), and there is no delay. Thus, Plaintiff respectfully requests the Court grant her leave to amend her Second Amended Complaint.

DATED: January 16, 2025

By:   /s/Kira Howell
      Kira Howell
      Plaintiff in Pro Per

**Certificate Of Compliance**

**The undersigned, for herself, certifies that this brief contains 3280 words, which complies with the word limit of L.R. 11-6.1.**

**Local Rules 7-3 requires parties meet and confer prior to filing motion practice. Plaintiff conferred with Defendant via email and on January 13, 2025 was unable to achieve stipulation. Plaintiff advised compliance statement would indicate email conferral.**

DATED:      January 16, 2025

                                                 By: /s/ Kira Howell
                                                     Kira Howell
                                                     Plaintiff In Pro per

## PROOF OF SERVICE

I, Kira Howell, declare I served the foregoing documents described as:

**Notice of Motion and Motion Seeking Leave to Amend Plaintiff's Second Amended Complaint**

**Memorandum of Points and Authorities in Support of Plaintiff's Motion Seeking Leave to Amend Second Amended Complaint**

**Declaration In Support of Plaintiff's Motion Seeking Leave to Amend Second Amended Complaint**

**Proposed Order**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2025 at Los Angeles, CA.

By: /s/ Kira Howell
Kira Howell
Plaintiff In Pro Per