UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRA HOWELL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PEPPERDINE UNIVERSITY,<br><br>　　　　　Defendant. | Case No. 2:24-cv-06332-WLH-RAO<br><br>**ORDER RE MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT [56] AND REQUEST TO APPEAR REMOTELY [63]** |

　　　　Before the Court is Plaintiff Kira Howell's ("Plaintiff") Motion for Leave to Amend her Second Amended Complaint. (Mot. for Leave to Am. ("Mot."), Docket No. 56). The Motion is fully briefed. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for February 14, 2025, is **VACATED**, and the matter taken off calendar. Accordingly, Plaintiff's Request to Appear Remotely for the Hearing is **DENIED** as moot. (Request, Docket No. 63). For the reasons explained below, the Motion for Leave to Amend is **GRANTED.**

## I. BACKGROUND

### A. Factual Background

Plaintiff, proceeding *pro se*, brings ten causes of action against Defendant Pepperdine University ("Defendant Pepperdine" or "Defendant"), alleging various violations of Title IX, the Ralph Act, the Bane Act and California Education Code § 66270, as well as a claim of intentional infliction of emotional distress ("IIED"). (Second Am. Compl. ("SAC"), Docket No. 38). The action stems from Plaintiff's experience as a "law student at Pepperdine Caruso School of Law." (*Id.* ¶ 28).

In brief, Plaintiff details a series of interactions[1] with fellow law students, teachers and administrators throughout her time attending law school at Defendant Pepperdine, which she alleges amount to discrimination in violation of Title IX and other civil rights laws. (*see generally Id.*). Further, Plaintiff alleges that she experienced retaliation for engaging in protected activity – namely, reporting incidents to Defendant Pepperdine – when Defendant Pepperdine "removed Plaintiff from her education . . ." (*Id.* ¶¶ 230, 213-241).

Among other reports made, Plaintiff sent an email on February 6, 2024, in which she reported a professor for "disparaging, discriminatory comments" he allegedly made during class; Plaintiff subsequently received a letter on February 7, 2024, indicating she was being "restricted" from class and would need to "appear at a hearing once information was known." (*Id.* ¶¶ 161-62). The restriction was due to her "public disruptive behavior." (*Id.* ¶ 163). A hearing occurred on February 26, 2024. (*Id.* ¶ 169). Plaintiff received a letter dated February 27, 2024 ("Disciplinary Letter"), containing findings related to her disciplinary hearing, as well as sanctions, including a temporary suspension. (*Id.* ¶ 270).

Plaintiff now seeks leave to amend her complaint by naming two employees of Defendant Pepperdine as Defendants. (Proposed Third Am. Compl., Docket No. 57-1

---

[1] At this stage, the Court does not find it necessary to summarize the lengthy and, at times, disjointed narrative provided by Plaintiff, spanning over fifty pages.

¶¶ 5-6). Plaintiff's proposed defamation claims relate primarily to statements within the Disciplinary Letter, as well as to emails Plaintiff obtained during discovery. (Proposed Third Am. Compl., Docket No. 57-1 ¶¶ 273-85).

### B. Procedural Background

Plaintiff filed her initial Complaint on July 24, 2024. (Compl., Docket No. 1). On August 8, 2024, before Defendant had answered or appeared, Plaintiff filed a First Amended Complaint as a matter of right. (First Am. Compl. ("FAC"), Docket No. 16). On October 4, 2024, the Court granted the parties' stipulation to allow Plaintiff to file her SAC. (Order, Docket No. 34). That same day, Plaintiff filed her SAC. (SAC, Docket No. 38). On November 11, 2024, Defendant filed an Amended Answer to the SAC. (Amended Answer, Docket No. 40). Plaintiff filed a document which she labeled a "Reply" on November 9, 2024.[2] (Reply, Docket No. 41). Plaintiff filed an *Ex Parte* Application ("EPA") for a Preliminary Injunction on January 12, 2025. (EPA, Docket No. 49). On January 15, 2025, the Court denied the EPA, citing "several, fatal procedural flaws – including the lack of demonstrated irreparable harm." (Minute Order, Docket No. 55 at 4).

Before the Court now is Plaintiff's Motion for Leave to Amend her SAC. (Mot., Docket No. 56). The Motion is fully briefed. Plaintiff seeks to add two parties – employees of Defendant Pepperdine – and two separate causes of action for defamation. (*Id.* at 1). For the reasons explained below, the Court **GRANTS** Plaintiff leave to amend.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)") permits a party to amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), the court should "freely give leave"

---

[2] This document does not appear to be legally permitted nor required.

3

for a party to amend its pleading "when justice so requires." *Id.* Granting leave to amend is left to the sound discretion of the court, and the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the policy favoring amendments to pleadings is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

In *Foman v. Davis*, the Supreme Court recognized that leave to amend should be "freely given" in the absence of good cause to deny amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment ..." 371 U.S. 178, 182 (1962) (listing the *Foman* factors). The party opposing amendment bears the burden of persuading the court that any of these factors are present. *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988); *Xyience Beverage Co. v. Statewide Beverage Co.*, Case No. 2:15-cv-02513-MMM (AJWx), 2015 WL 13313487, at *3-5 (C.D. Cal. Oct. 30, 2015). Prejudice to the opposing party is the key factor. *See Eminence*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

**B.     Analysis**

Plaintiff seeks to add two parties to the action – both employees of Defendant Pepperdine, Sharon Beard ("Beard" or "Proposed Defendant Beard") and Jason Jarvis ("Jarvis" or "Proposed Defendant Jarvis") (collectively "Proposed Defendants") – as well as two causes of action for defamation. (Mot., Docket No. 56 at 1). More specifically, Plaintiff seeks to add "Count X" for Defamation as to Defendant Pepperdine and Proposed Defendant Sharon Beard and "Count XI" for Defamation as

to Proposed Defendant Jason Jarvis.  (Proposed Third Am. Compl., Docket No. 57-1 at 55-69).  Defendant Pepperdine opposes, arguing both that Plaintiff has exhibited inexcusable delay and that any amendment would be futile.  (Opp'n to Mot., Docket No. 61 at 8-14).  Defendant Pepperdine also argues that Plaintiff's request to add Pepperdine employees as individual defendants should be denied, given the doctrine of *respondeat superior*.  (*Id.* at 14-15).  The Court disagrees with Defendant Pepperdine for the reasons explained below and **GRANTS** Plaintiff leave to amend.

> *1. Plaintiff's Delay Does Not Overcome the Presumption in Favor of Granting Leave to Amend Under Rule 15(a)*

Given the presumption under Rule 15(a) in favor of granting leave to amend, the Court finds Defendant Pepperdine's argument regarding undue delay to be unpersuasive.  Defendant Pepperdine argues that "Plaintiff has been aware of all of the statements that she claims give rise to a defamation cause of action since she initiated this matter six months ago, on July 24, 2024."  (Opp'n to Mot., Docket No. 61 at 8).  Referring to the Disciplinary Letter Plaintiff dated February 27, 2024 – which Plaintiff contends contains defamatory statements – Defendant Pepperdine urges the Court to deny leave to amend where Plaintiff "did not include a defamation claim in any of the three prior iterations of the complaint."  (*Id.*).

While the Court recognizes that Plaintiff has been in possession of the Disciplinary Letter since before the inception of the lawsuit, this is not the only source of the proposed defamation claims.  As Plaintiff highlights in her Reply Brief, emails from February 2024 – which Plaintiff did not receive until December 2024, after she had already filed her SAC – also provide the basis for her defamation claims.  (Reply to Opp'n, Docket No. 62 at 3).

Plaintiff filed her Motion within roughly one month of learning of these emails.  This does not amount to undue delay justifying denial of the Motion.  *Cf. Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) (reversing district court's denial of leave to amend, which was requested five years after filing the initial complaint and after

trial had already commenced because there was no showing of prejudice to the opposing party and the amendments were not obviously frivolous or intentionally dilatory). This is particularly so where Defendant Pepperdine has not indicated what prejudice it might suffer were the Motion to be granted. *See Id.* ("Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading"). Given that the policy favoring amendments to pleadings is "to be applied with extreme liberality[,]" the Court does not find this argument sufficiently persuasive to deny leave to amend. *Eminence Cap., LLC*, 316 F.3d at 1051 (quoting *Owens*, 244 F.3d at 712).

### 2. Plaintiff's Amendments Are Not Futile Under Rule 15(a)

Defendant Pepperdine posits that "leave to amend is properly denied where the proposed amendment is futile or would be subject to dismissal," arguing, thus, that where Plaintiff's defamations claims would not "survive a Rule 12(b)(6) motion," the proposed amendments are "futile." (Opp'n to Mot., Docket No. 61 at 9). Defendant Pepperdine cites to *Carrico v. City and Cnty. of San Francisco* ("*Carrico*") to support the proposition. 656 F.3d 1002, 1008 (9th Cir. 2011). The Court finds *Carrico* does not bear upon the instant matter, nor does the holding directly support the proposition proffered by Defendant Pepperdine.

In *Carrico*, the Ninth Circuit reviewed the district court's declining to exercise supplemental jurisdiction over state-law claims having dismissed all federal claims. *Id.* at 1005. Though the plaintiffs' standing had not been raised by the district court, the Ninth Circuit *sua sponte* raised the issue of whether standing had been adequately alleged in the complaint and, if not, whether leave to amend should be granted to cure any deficiency. *Id.* The Ninth Circuit highlighted that leave to amend should be freely given, unless such amendment would be futile. *Id.* at 1008. In response to the court's query about standing, the plaintiff-appellants merely argued that the operative complaint was "sufficient to confer standing" and declined to "propose any specific allegations that might rectify" any deficiencies. *Id.* The court took this as a

6

"demonstration of their inability (or, perhaps, unwillingness) to make the necessary amendment." *Id.* Accordingly, leave to amend was denied as "futile." *Id.*

The instant matter bears no resemblance to *Carrico*. Plaintiff is not unable to or unwilling to make amendments but, rather, has explicitly sought leave to amend by including new parties and claims. Further, Defendant Pepperdine overstates the holding of *Carrico*. *Carrico*'s holding does not imply that any proposed claim that might not survive a 12(b)(6) motion is a futile amendment within the meaning of Rule 15(a). Rather, there, the issue was that, with *no* amendment proposed whatsoever, leave to amend would be futile to cure any deficiencies precisely because the plaintiff-appellants did not indicate a willingness to cure any deficiencies by amendment. Simply put, *Carrico* has no bearing on the instant matter.

The Court, therefore, is not persuaded by Defendant Pepperdine that the proposed amendments are futile within the meaning of Rule 15(a). The burden is on Defendant Pepperdine to overcome the presumption in favor of granting leave to amend, and the Court is not convinced leave should be denied. *See Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (emphasizing the burden is on the opposing party to overcome the presumption favoring leave to amend).

Further, good sense explains why the test for 'futility' is not quite as broad as that offered by Defendant Pepperdine. If the Court were to adopt this test, plaintiffs seeking leave to amend would regularly be required to defend the sufficiency of their proposed pleadings in their reply briefs, as if opposing a 12(b)(6) motion to dismiss on the merits.[3] Plainly, this does not comport with the spirit of Rule 15(a), which presumes leave to amend should be granted, absent prejudice to the opposing party or a strong showing of the *Foman* factors. *Eminence*, 316 F.3d at 1052. In sum,

---

[3] The Court notes the practical limitations of this approach, as new arguments or facts raised in reply briefs need not be considered by district courts. *See, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief").

1  Defendant's challenges regarding the sufficiency of Plaintiff's proposed claims are
2  best raised in a 12(b)(6) Motion to Dismiss.

3                       *3. Proposed Defendants Are Not Barred from Suit*

4        Defendant Pepperdine argues that "to the extent any liability could be attached
5  to the [allegedly defamatory] statements, [Defendant Pepperdine] would be liable
6  under the doctrine of *respondeat superior*." (Opp'n to Mot., Docket No. 61 at 15)
7  (emphasis added). This is because the statements in question allegedly made by
8  Proposed Defendants were "made in the course and scope of . . . employment with
9  [Defendant Pepperdine]." (*Id.*). Defendant Pepperdine urges the Court, therefore, to
10 deny leave to add them as parties in the suit. (*Id.*). The Court disagrees with
11 Defendant Pepperdine's argument.

12        Defendant Pepperdine is correct to that extent that "if an agent is guilty of
13 defamation, the principal is liable so long as the agent was apparently authorized to
14 make the defamatory statement." *American Soc. Of Mechanical Engineers, Inc. v.*
15 *Hydrolevel Corp.*, 456 U.S. 556, 566 (1982). In the context of employment, this
16 theory is encompassed by the doctrine of *respondeat superior*, as cited by Defendant
17 Pepperdine. But the mere fact that Defendant Pepperdine could be held liable for
18 Proposed Defendants' allegedly defamatory statements does not effectively preclude
19 Proposed Defendants' potential liability. *See, e.g., Lathrop v. HealthCare Partners*
20 *Medical Group*, 114 Cal.App.4th 1412, 1423 (2004) (emphasizing that, under the
21 doctrine of *respondeat superior*, an employer's liability is "derived from the liability
22 of the employee" without replacing the employee's liability, given that an employer
23 "may be sued separately" from the employee, as a codefendant of the employee or
24 alone).

25        Further, it is true that, under the theory of *respondeat superior*, a plaintiff need
26 not name the employee whose alleged actions provide the basis of the employer's
27 vicarious liability. *See, e.g., C.A. v. Williams S. Hart Union High School Dist.*, 53
28 Cal.4th 861, 872 (2012) (highlighting that a plaintiff need not name or join the

employee tortfeasor as a defendant).  That, however, does not support the conclusion that the employees *cannot* or *should not* be named as defendants.  Defendant Pepperdine provides no legal authority to that effect, nor is the Court aware of any.

Given that the policy favoring amendments to pleadings is "to be applied with extreme liberality[,]" the Court does not find Defendant Pepperdine's arguments sufficiently persuasive to deny leave to amend.  *Eminence Cap., LLC*, 316 F.3d at 1051 (quoting *Owens*, 244 F.3d at 712).  Accordingly, the Court **GRANTS** Plaintiff leave to amend her SAC.

### III. CONCLUSION

For the foregoing reasons, the Motion for Leave to Amend is **GRANTED**. Plaintiff shall file the Third Amended Complaint, as proposed by her Motion, no later than fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

Dated:  February 10, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE