KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@psemploymentlaw.com
PUNEET K. SANDHU (State Bar No. 254726)
psandhu@psemploymentlaw.com
JOSEPH V. MARRA III (State Bar No. 238181)
jmarra@psemploymentlaw.com
PAZZANI & SANDHU LLP
700 N. Central Avenue, Suite 460
Glendale, CA 91203
Telephone:(213) 362-1860
Facsimile: (213) 362-1861

Attorneys for Defendants
PEPPERDINE UNIVERSITY,
SHARON BEARD AND JASON JARVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRA HOWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEPPERDINE UNIVERSITY, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-CV-06332-WLH-RAO<br><br>The Honorable Wesley L. Hsu<br><br>**DEFENDANT PEPPERDINE UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNT X CONTAINED IN PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**<br><br>DATE:　March 28, 2025<br>TIME:　1:30 p.m.<br>JUDGE:　Hon. Wesley L. Hsu<br>CTRM:　9B |

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................5

II.  PROCEDURAL HISTORY ..................................................................6

III. PLAINTIFF'S ALLEGATIONS............................................................7

IV.  ARGUMENT .......................................................................................11

    A.  Legal Standards On A Motion To Dismiss...................................11

    B.  Plaintiff's Count X For Defamation Fails To State A Claim Upon Which Relief Can Be Granted Against Pepperdine................11

        1.  Plaintiff Fails To Sufficiently Allege Publication..................12

        2.  Even If She Alleged Publication, The Common Interest Privilege Covers Each Statement And Bars Plaintiff's Claim For Defamation Against Pepperdine ............................12

        3.  Statement 11 Is Unactionable Opinion ..................................16

        4.  Plaintiff Does Not Allege That Statements 5-8 and 10 Are False ..................................................................................16

        5.  Statements 3, 4, 6, and 9, On Their Face, Are Not "Of And Concerning" Plaintiff............................................................17

V.   CONCLUSION ....................................................................................19

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 460
GLENDALE, CALIFORNIA 91203

# TABLE OF AUTHORITIES

**State Cases**

*Bierbower v. FHP, Inc.*,
  70 Cal. App. 4th 1 (1999).................................................................................15

*Blatty v. N.Y. Times Co.*,
  42 Cal. 3d 1033 (1986)......................................................................................18

*Cabesuela v. Browning-Ferris Indus. of Cal., Inc.*,
  68 Cal. App. 4th 101 (1998)..............................................................................12

*Gregory v. McDonnell Douglas Corp.*,
  17 Cal. 3d 596 (1976)........................................................................................16

*Kao v. University of San Francisco*,
  229 Cal. App. 4th 437 (2014)............................................................................14

*Morris v. Nat. Fed'n of the Blind*,
  192 Cal. App. 2d 162 (1961).............................................................................13

*Scott v. McDonnell Douglas Corp.*,
  37 Cal. App. 3d 277 (1974)...............................................................................12

*Summit Bank v. Rogers*,
  206 Cal. App. 4th 669 (2012)............................................................................16

*Taus v. Loftus*,
  40 Cal. 4th 683 (2007)..................................................................................11,14

**Federal Cases**

*Arikat v. JP Morgan Chase & Co.*,
  430 F. Supp. 2d 1013 (N.D. Cal. 2006) ............................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ..................................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................11

*Election Integrity Project Cal., Inc. v. Weber*,
  113 F.4th 1072, 1081 (9th Cir 2024).................................................................10

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003)...........................................................................11

*Kacludis v. GTE Sprint Commc'ns Corp.*,
  806 F. Supp. 866 (N.D. Cal. 1992) ..............................................................14, 15

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 460
GLENDALE, CALIFORNIA 91203

*Karimi v. Golden Gate School of Law,*
    361 F. Supp. 3d 956, 979 (N.D. Cal. 2019) ....................................................13

*Mahoney v. Meta Platforms, Inc.,*
    710 F. Supp. 3d 771 (N.D. Cal. 2024) ..........................................................18

*Papasan v. Allain*,
    478 U.S. 265, 286 (1986) ..............................................................................11

*Starr v. Baca*, 652 F.3d
    1202 (9th Cir. 2011) ......................................................................................11

*Woods v. Protection One Alarm Monitoring, Inc.*,
    628 F. Supp. 2d 1173 (E.D. Cal. 2007)..........................................................14

**Statutes**

Cal Civ. Code § 45................................................................................................11

Cal Civ. Code § 46................................................................................................11

Cal Civ. Code § 47(c) .....................................................................................12, 13

**Treatises**

5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts § 529 .................................11

Prosser & Keeton, Torts (5th ed. 1984).................................................................12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After enduring months of her erratic behavior, false accusations, and frightening conduct, Defendant Pepperdine University ("Pepperdine") suspended Plaintiff Kira Howell from its law school—with the caveat that she could return following evaluation and treatment for the mental health condition that Pepperdine suspected caused her behavior. Plaintiff instead filed this lawsuit against Pepperdine, continuing to make false allegations and casting the blame for her suspension on everyone, except herself.

Through discovery in this lawsuit, Plaintiff has obtained internal communications that various Pepperdine employees exchanged among themselves as they considered how to best address Plaintiff's conduct, in light of the impression held by so many law school faculty, staff and students, that Plaintiff appeared to be mentally unwell. These internal communications contain blunt opinions about Plaintiff's mental health, and examples of her bizarre behavior. In response, Plaintiff filed a Third Amended Complaint (Dkt. # 71 ("TAC")), adding two meritless defamation "counts" to her lawsuit. Count X, directed at Pepperdine and its Dean of Students, Sharon Beard ("Beard"), is based on a few cherry-picked statements contained in the lengthy, "personal and confidential" private February 27, 2024 letter to Plaintiff suspending her.[1]

Pepperdine now brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count X. As to Pepperdine, Count X fails to state a claim upon which relief can be granted. In fact, of the eleven alleged defamatory statements in Count X, none satisfies the common law elements of a defamation

---

[1] Similarly, Count XI, directed at Associate Dean for Academic Affairs, Jason Jarvis ("Jarvis"), appears to be based on selected statements he made, as part of his job as Dean, in various internal Pepperdine emails regarding Plaintiff's behavior.

5

claim: Plaintiff failed to include critical allegations that the statements were published; she failed to allege facts sufficient to avoid the common interest privilege manifest in these communications; Plaintiff failed to allege that some of the statements are false; and, even on their face, some of the statements are not "of and concerning" Plaintiff. As set forth below, Plaintiff's attempt to shoehorn a defamation claim against Pepperdine into the pleadings should be rejected. Defendant Pepperdine therefore respectfully requests that the Court grant its motion to dismiss Count X in Plaintiff's TAC.

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on July 24, 2024, by filing a Complaint against Pepperdine alleging: (1) Title IX Discrimination – Quid Pro Quo and Deliberate Indifference to Stipanowich's Discrimination; (2) Title IX Discrimination – Deliberate Indifference to Pervasive Discrimination, Stalking, and Protected Opposition to Sexual Harassment; (3) Title IX Retaliation – Discipline for Reporting Sex Based Discrimination from McDonald; (4) Title IX Retaliation – Discipline for Opposing and Reporting Sex-Based Discrimination from Joyce; (5) Title IX Retaliation – Discipline for Reporting Proctor; (6) Title IX Retaliation – Discipline for Engaging in Protected Activity Against Williams; (7) Unruh Civil Rights Act Violation; (8) California Education Code § 66270 Violations; and (9) Intentional Infliction of Emotional Distress. (Dkt # 1.) On August 7, 2024, Plaintiff filed a First Amended Complaint asserting the same claims but adding allegations. (Dkt # 16.)

On October 2, 2024, the parties entered a joint stipulation allowing Plaintiff to file a Second Amended Complaint. (Dkt # 28.) The Second Amended Complaint removed the Unruh Civil Rights Act claim, and added claims under California's Ralph and Bane Acts. (Dkt # 38.) Pepperdine filed an answer to this complaint on October 29, 2024, and an amended answer on November 8, 2024. (Dkt # 37, 40.)

On February 10, 2025, the Court entered an order granting Plaintiff's motion for leave to file a Third Amended Complaint, to add, among other things, a "Count X" for defamation against Pepperdine and its Dean of Students, Sharon Beard, and a "Count XI" for defamation against Pepperdine's Associate Dean for Academic Affairs, Jason Jarvis. (Dkt # 70.) In its order, the Court reiterated the "extreme liberality" of the policy favoring amendments (Dkt #70 at 4, 6, 9) and noted "In sum, Defendant's challenges regarding the sufficiency of Plaintiff's proposed claims are best raised in a 12(b)(6) Motion to Dismiss." (*Id*. at 7-8.)

On February 14, 2025, Plaintiff filed her now-285-paragraph Third Amended Complaint. (Dkt #71 ("TAC").)

On February 20, 2025, counsel for Pepperdine met and conferred via videoconference with Plaintiff regarding the pleading deficiencies in Counts X and XI. (Pazzani Decl., ¶ 2.) Over the following week, the parties discussed potential amendments to the TAC and Plaintiff shared drafts of a potential Fourth Amended Complaint. (*Id*.) However, the parties were not able to agree on a proposed Fourth Amended Complaint, and enter and file a stipulation for a Court order to deem the Fourth Amended Complaint filed and served, until the afternoon of February 27, 2025, just one day before Pepperdine's response to the TAC is due. (*Id*.; Dkt. # 74.) Therefore, in a surfeit of caution, Pepperdine files this Motion to Dismiss as to the TAC, in the event the Court does not enter an order on the stipulation allowing Plaintiff to file a Fourth Amended Complaint. Should the Court enter the order on the stipulation, Pepperdine will withdraw this Motion as moot. (Pazzani Decl., ¶ 3.)

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is a law student at Defendant Pepperdine's Caruso School of Law. (TAC ¶30.) She alleges that beginning with orientation, numerous employees of Pepperdine made derogatory jokes about her, kicked at her, gave her the middle finger, made licking gestures at her, passed gas loudly near her, made guns with

1 their hands, made homophobic gestures at her, and screamed and jumped at her—all
2 in front of large classes or otherwise with many witnesses. (*See* TAC ¶¶ 31, 34, -42,
3 50.) She further alleges that in August 2023, she reported sexual harassment by a
4 professor to Pepperdine's Department of Public Safety and was not apprised of the
5 grievance procedure (TAC ¶ 79), but also avers that Pepperdine's Title IX Office
6 offered her support more than once. (TAC ¶¶ 32, 88, 190, 193.) Plaintiff's TAC
7 also alleges that she reported to Pepperdine that her textbook had been written in,
8 but she did not know who had done this. (TAC ¶¶ 80-83.) She alleges that several
9 Pepperdine professors and students harassed her in different ways (TAC ¶¶ 92-112;
10 113-133; 134-153), and that she was retaliated against and disciplined for reporting
11 some of this alleged misconduct (TAC ¶¶ 155-177).

For purposes of this motion, the material allegations are the eleven alleged defamatory statements listed in Count X of the TAC. For the Court's convenience, below is a concise list of these eleven statements, along with a brief notation as to why that statement does not support a claim for defamation. The argument sections following the chart (*infra* §§ IV.B 1-5) set forth the legal basis for each notation in greater detail.

| Statement No. | Alleged Defamatory Statement | Reason(s) It Cannot Support A Defamation Claim |
|---|---|---|
| 1. | "Alexis only communicated via email with you, and the Committee reviewed those emails." (TAC ¶ 273.a) | • No recipient alleged<br>• Privileged |
| 2. | "[Y]ou reported to Dean Chalak Richards that you 'reconciled' with Alexis." (TAC ¶ 273.b) | • No recipient alleged<br>• Privileged |

8
DEFENDANT PEPPERDINE UNIVERSITY'S MEMO OF POINTS & AUTHORITIES ISO MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

| | | | |
|---|---|---|---|
| 3. | "Stacy forwarded your email to Associate Dean Jason Jarvis, and Associate Dean Jarvis contacted multiple students to investigate the matter. Each student reported that the proctor acted professionally." (TAC ¶ 273.c) | | • Privileged<br>• Not of/concerning Plaintiff |
| 4. | "Associate Dean Jarvis contacted multiple students to investigate the matter. Each student reported that the proctor acted professionally … I contacted [Student Name] and she reported that the proctor acted professionally." (TAC ¶ 273.d) | | • No recipient alleged<br>• Privileged<br>• Not of/concerning Plaintiff |
| 5. | "After the first incident with Professor Goodno, you emailed and apologized 'if my behavior was argumentative.'" (TAC ¶ 273.e) | | • No recipient alleged<br>• Privileged<br>• Not alleged to be false |
| 6. | "It was reported that Professor McDonald was 'visibly distressed.'" (TAC ¶ 273.f) | | • No recipient alleged<br>• Privileged<br>• Not of/concerning Plaintiff<br>• Not alleged to be false |

9

DEFENDANT PEPPERDINE UNIVERSITY'S MEMO OF POINTS & AUTHORITIES ISO MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

| | | |
|---|---|---|
| 7. | "Professor Williams indicated you were disruptive in her class." (TAC ¶ 273.g) | • No recipient alleged<br>• Privileged<br>• Not alleged to be false |
| 8. | "You indicated that these incidents in both professor McDonald and Professor Goodno's class occurred in front of the class, yet no one other than yourself reported these behaviors." (TAC ¶ 273.h) | • No recipient alleged<br>• Privileged<br>• Not alleged to be false |
| 9. | "The University directly contacted multiple students, they all denied that the behaviors occurred." (TAC ¶ 273.i) | • Privileged<br>• Not of/concerning Plaintiff |
| 10. | "You gave me the name of a student named [Student Name], who you allege complimented your eyes after the incident where allegedly professor McDonald called you ugly." (TAC ¶ 273.j) | • No recipient alleged<br>• Privileged<br>• Not alleged to be false |
| 11. | "You failed to offer any credible evidence that Alexis said or did anything inappropriate." (TAC ¶ 273.k) | • Privileged<br>• Opinion |

## IV. ARGUMENT

### A. Legal Standards On A Motion To Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint, and dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *See, e.g., Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir 2024); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss, a complaint must plead sufficient factual matter to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The emphasis is on factual pleadings, as a pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" will not suffice. *Id.*, citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). The Court is not required to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Likewise, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Plaintiff's Count X For Defamation Fails To State A Claim Upon Which Relief Can Be Granted Against Pepperdine

To plead a claim for defamation under California law, a plaintiff must allege facts that the defendant made "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (citing 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts § 529, p. 782); Cal Civ. Code § 45-46. Here, Plaintiff's Count X alleges eleven separate allegedly defamatory statements by

Pepperdine University and Sharon Beard. However, the statements all fail to support a claim for defamation: <u>First</u>, for many of the statements, Plaintiff has entirely failed to allege a recipient of the statement—negating the publication element of her defamation claim. <u>Second</u>, all of these alleged statements are protected under the common interest privilege codified California Civil Code section 47(c) and cannot give rise to a claim for defamation. <u>Third</u>, the statements all also suffer from one or more other fatal pleading deficiencies when measured against the elements of the California cause of action for defamation (i.e., falsity, statements of opinion, and statements about other people).

### 1. <u>Plaintiff Fails To Sufficiently Allege Publication</u>

As a threshold matter, "It is axiomatic that for defamatory matter to be actionable, it must be communicated, or 'published,' intentionally or negligently, to 'one other than the person defamed.'" *Cabesuela v. Browning-Ferris Indus. of Cal., Inc.*, 68 Cal. App. 4th 101, 112 (1998) (quoting Prosser & Keeton, Torts (5th ed. 1984) § 113, pp. 797–798); *Scott v. McDonnell Douglas Corp.*, 37 Cal. App. 3d 277, 291 (1974) (holding that where "the complaint fails to allege that these statements were ever published or made known to any third person," there was no publication and therefore no claim for defamation).

In the TAC, Plaintiff does not allege any recipient of the alleged defamatory **Statements 1, 2, 4-8, and 10**. Those statements therefore cannot form the basis for a defamation claim because there is no allegation that it was published to someone other than Plaintiff. *See Cabasuela*, 68 Cal. App. 4th at 112; *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1021 (N.D. Cal. 2006) (granting motion to dismiss where plaintiffs had not alleged facts indicating that defendants made the statement to any third party).

### 2. <u>Even If She Alleged Publication, The Common Interest Privilege Covers Each Statement And Bars Plaintiff's Claim</u>

### For Defamation Against Pepperdine

#### a. The Eleven Statements Are All Presumptively Privileged

Even if Plaintiff adequately alleged publication, California's statutory, "common interest privilege" covers the eleven statements. California Civil Code section 47(c) provides in relevant part that a privileged publication is one made "[i]n a communication, without malice, to a person interested therein [] by one who is also interested[.]" Normally, privilege is an affirmative defense which must be pleaded in the answer, but where a complaint discloses the existence of a qualified privilege, the complaint must also allege malice to state a cause of action. *Morris v. Nat. Fed'n of the Blind*, 192 Cal. App. 2d 162, 164-65 (1961).

As explained above, Plaintiff failed to allege a recipient for eight of the eleven statements. (*See supra* § IV.B.1) And for the three remaining statements, where Plaintiff does allude to purported recipients, they are identified as Pepperdine's Caruso School of Law ("CSOL") and its Dean (Paul Caron), and Pepperdine's Counseling Center—all part of, or employees of, defendant Pepperdine itself. (TAC ¶¶ 273c.i.4; 273i.i.3; 273k.i.3; 275; 276; *see also* ¶ 4 "On information and belief, Defendant Pepperdine University owns, operates, manages, directs, and controls Pepperdine Caruso School of Law, and which [sic] employs all of the persons named as non-parties herein.") Plaintiff therefore alleges that the statements all were communications among a centrally-controlled, insular group managed by Pepperdine, with a common interest in Pepperdine's provision of educational services.

Courts hold communications like these to be presumptively privileged in very similar circumstances. *See, e.g., Karimi v. Golden Gate School of Law,* 361 F. Supp. 3d 956, 979 (N.D. Cal. 2019), *aff'd* (9th Cir. 2020) 796 Fed. Appx. 462 (law school's communication to the law school community, including students, regarding

a student who displayed behavior issues was privileged because the community had a common interest in the information); *Kao v. University of San Francisco*, 229 Cal. App. 4th 437, 440, 453-454 (2014) (affirming nonsuit of a defamation claim and finding that defendant college, its human resources employee, and an independent psychiatrist—who needed to know the concerns that prompted a fitness for duty exam—had a common interest in plaintiff's fitness for duty following complaints about his behavior); *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) ("As it is apparent from the face of the complaint that Malik and the other managers at Sprint were interested parties, the communication is presumed to be privileged absent pleading of specific facts to defeat that privilege.").

     b. <u>**Plaintiff's Perfunctory Use Of The Word "Malice" Does Not Suffice To Avoid The Presumption That The Eleven Statements Are Privileged**</u>

  Where, as here, a complaint discloses that alleged defamatory statements were made in a privileged setting, no malice is presumed, and in order to state a cause of action for defamation, the complaint must contain affirmative allegations of malice in fact. *See Woods v. Protection One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1188 (E.D. Cal. 2007). "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights[.]" *Taus*, 40 Cal. 4th at 721 (emphasis in original; internal quotes omitted).

  Recognizing this requirement, Plaintiff attempts to allege malice in Count X, but fails to do so in any more than a conclusory or specious fashion. She generally alleges that Pepperdine "failed to take care to establish the truth or falsity" of

1  Statements 1-11. (TAC ¶ 273)  This is the standard for negligence, not malice, and
2  "maliciousness cannot be derived from negligence." *Bierbower v. FHP, Inc.*, 70
3  Cal. App. 4th 1, 9 (1999).  Regarding **Statements 1, 2, 4, 9, 10 and 11**, Plaintiff
4  does not mention malice at all (TAC ¶¶ 273a; 273b; 273d; 273i.; 273j.; 273k).  For
5  **Statements 3, 5, 6, 7, 8**, Plaintiff again simply alleges that Pepperdine "failed to use
6  reasonable care" (TAC ¶¶ 273c.i.4; 273e.2; 273f.i.3; 273g.3; 273h.i.3).  Having
7  failed to allege malice with respect to the actual eleven statements, Plaintiff then
8  concludes that Pepperdine was malicious in making these statements because she
9  feels she did not get a fair hearing before the Student Disciplinary Committee, and
10 the disciplinary letter does not include everything Plaintiff believes it should have
11 included.  (TAC ¶¶ 277-278.)  But those are a rehash of her allegations of Title IX
12 violations now masquerading as defamation allegations, and they cannot support a
13 cause of action for defamation.  Her allegations regarding malice go toward
14 Pepperdine's disciplinary process in general, not to the motivation of the makers of
15 the eleven enumerated statements, thus rendering her malice allegations bald
16 conclusions.  *See, e.g., Kacludis v. GTE Sprint Comms. Corp.*, 806 F. Supp. at 872
17 ("Mere allegations that the statements were made 'with malice' or with 'no reason
18 to believe the statements were true' are insufficient to rebut the presumption of
19 privilege.").
20        Similarly, to the extent Plaintiff quarrels with the Student Disciplinary
21 Process and the work done to prepare her sanctions letter, those allegations do not
22 support a defamation claim.  For example, Plaintiff alleges that "Beard's reference
23 to the CSOL Career Development Office as the 'Career Center' establishes how
24 haphazard and irresponsible this sanctions letter was…" (TAC ¶ 278), but this and
25 her other allegations nitpicking immaterial details do not assist her in pleading
26 malice.  *Bierbower*, 70 Cal App. 4th at 9 ("Malice entails more than sloppiness or,
27 as in this case, an easily explained typo. To make more of it borders on pettifoggery
28

15

(literally, to wrangle or quibble about petty points).").

### 3. Statement 11 Is Unactionable Opinion

**Statement 11** ("You failed to offer any credible evidence that Alexis said or did anything inappropriate"), is not a statement of fact that can be proven true or false. Rather, it is only Pepperdine's stated opinion that Plaintiff failed to offer *what Pepperdine considered* to be credible evidence regarding her allegation of inappropriate conduct by a Pepperdine employee. "Under the First Amendment there is no such thing as a false idea." *Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 600-601 (1976); *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 695–696 (2012) ("Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability. Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected."). Plaintiff continues to argue that her "own word about her lived experience" should be sufficient evidence for Pepperdine (TAC ¶ 273k.2), but Pepperdine simply disagreed. Therefore, Statement 11 cannot support a claim for defamation.

### 4. Plaintiff Does Not Allege That Statements 5-8 and 10 Are False

An essential element of libel is that the publication in question must contain a false statement of fact. *See Gregory*, 17 Cal. 3d at 600. Plaintiff does not actually allege that statement numbers 5-8 or 10 are false.

**Statement 5** ("After the first incident with Professor Goodno, you emailed and apologized 'if my behavior was argumentative.'") (TAC ¶ 273.e) is not alleged to be false—Plaintiff does not deny that she emailed Professor Goodno to apologize for her behavior. Instead, Plaintiff asserts a host of other complaints regarding Pepperdine and Professor Goodno, none of which detracts from the truth of Statement 5.

16

**Statement 6** ("It was reported that Professor McDonald was 'visibly distressed.'") (TAC ¶ 273.f) is also not alleged to be false. Plaintiff instead alleges that he was actually "highly agitated," "a characterization that aligns with Plaintiff's reports and experience" (TAC ¶ 273f.2-3), which does not impinge on the truth of Statement 6 at all; rather, it reinforces it.

**Statement 7** ("Professor Williams indicated you were disruptive in her class.") (TAC ¶ 273.g) is similarly not disputed in Plaintiff's TAC, as she simply alleges that Professor Williams did say this, and more.

**Statement 8** ("You indicated that these incidents in both professor McDonald and Professor Goodno's class occurred in front of the class, yet no one other than yourself reported these behaviors.") (TAC ¶ 273.h) is not alleged to be false. Plaintiff's allegations regarding this statement meander, but, in any event, her own allegations that "Plaintiff endured numerous negative and aggressive public behaviors from Goodno" (TAC ¶ 273e.2) and "students who reported this sat in front of Plaintiff and there is no way they could even connect Plaintiff to [McDonald's] appearance at any time" (TAC ¶ 273f.3) establish definitively the truth of Statement 8.

**Statement 10** ("You gave me the name of a student named [Student Name], who you allege complimented your eyes after the incident where allegedly professor McDonald called you ugly.") (TAC ¶ 273.j) is not alleged to be false; instead, Plaintiff merely alleges that McDonald called her "either old or ugly." (*Id*.) This allegation reinforces the truth of Statement 10.

For these reasons, Statements 5-8 and 10 cannot form the basis of a defamation claim.

        5.    <u>**Statements 3, 4, 6, and 9, On Their Face, Are Not "Of And Concerning" Plaintiff**</u>

"To state a defamation claim, the statement on 'which the claim is based must

specifically refer to, or be "of and concerning," the plaintiff in some way.'" *See Mahoney v. Meta Platforms, Inc.,* 710 F. Supp. 3d 771, 778 (N.D. Cal. 2024) (quoting *Blatty v. N.Y. Times Co.*, 42 Cal. 3d 1033, 1042 (1986)). Statement Numbers 3,4, and 6 plainly are not "of and concerning" Plaintiff.

**Statement 3** ("Stacy forwarded your email to Associate Dean Jason Jarvis, and Associate Dean Jarvis contacted multiple students to investigate the matter. Each student reported that the proctor acted professionally.") (TAC ¶ 273.c) is a statement about an actions taken by Stacy and Jarvis and the reports of the students contacted. These are not statements about Plaintiff and therefore cannot defame her.

**Statement 4** ("Associate Dean Jarvis contacted multiple students to investigate the matter. Each student reported that the proctor acted professionally … I contacted [Student Name] and she reported that the proctor acted professionally.") (TAC ¶ 273.d) is similar to Statement 3 in that it recounts actions taken by Pepperdine employees and the information reported by Pepperdine students. The statement is not "of and concerning" Plaintiff and cannot defame her.

**Statement 6** ("It was reported that Professor McDonald was 'visibly distressed.'") (TAC ¶ 273.f) is patently about Professor McDonald and not about the Plaintiff. In fact, as she alleges in her discussion of this statement "No one indicated how Plaintiff was involved … students who reported this sat in front of Plaintiff and there is no way they could even connect Plaintiff to [McDonald's] appearance at any time." (TAC ¶ 273.f.i.2-3.)

**Statement 9** ("The University directly contacted multiple students, they all denied that the behaviors occurred.") (TAC ¶ 273.i) is again a statement about other individuals and not "of or concerning" Plaintiff.

Therefore, Statements 3, 4, 6 and 9 cannot support a claim for defamation.

///

///

18
DEFENDANT PEPPERDINE UNIVERSITY'S MEMO OF POINTS & AUTHORITIES ISO MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

## V. CONCLUSION

For the foregoing reasons, Defendant Pepperdine respectfully requests that the Court dismiss Count X contained in Plaintiff's TAC.

DATED: February 28, 2025
KAREN J. PAZZANI
PAZZANI & SANDHU LLP

By: /s/ Karen J. Pazzani
KAREN J. PAZZANI
Attorneys for Defendant
PEPPERDINE UNIVERSITY

The undersigned, counsel of record for Defendant, certifies that this brief contains 3,933 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 28, 2025

By: /s/ Karen J. Pazzani
KAREN J. PAZZANI

19
DEFENDANT PEPPERDINE UNIVERSITY'S MEMO OF POINTS & AUTHORITIES ISO MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT