1  Kira Howell

2  Kira.howell8@yahoo.com

3  ████ ████

4  ██████████

5  ██████

6  Plaintiff in Pro Per

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  KIRA HOWELL,                              | Case No.: 2:24-CV-06332-WLH-RAO

13              Plaintiff,                    | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

14          v.

15  PEPPERDINE UNIVERSITY; SHARON

16  BEARD; JASON JARVIS

17              Defendant.                    | **Hearing Date: March 28, 2025**

18                                            | **Hearing Time: 1:30 PM**

19

20                                            | **Judge:** Hon. Wesley L. Hsu

21                                            | **Place:** Courtroom 9B

22

23

24

25

26

27

28

ii

PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO

DISMISS COUNT X OF THIRD AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page(s)**

Table Of Authorities …………………………………………………………iv

I.  Introduction………………………………………………………..1

II.  Procedural History…………………………………………….....1

III.  Statement of Facts………………………………………………..2

   A. Parties Agree Plaintiff Should Be Supported In Transferring Schools To Complete Her Education…………………………………………..1

   B. Plaintiff's Defamation Count X Encompasses Unsubstantiated Statements That Defendant Advances Endlessly …………………...2

   C. Statements In Defendant's Disclosures Show Jason Jarvis As The Perpetrator Of Defamatory Rumors About Plaintiff's Health To Retaliate Against Her For Reporting Sex-Based Discrimination ……..5

IV.  Analysis

   A. Plaintiff States Expressly That All Defamatory Statements Occurring In The Sanctions Letter Were Conveyed To Paul Caron And Others, Including Plaintiff Herself …………………………………...…7

   B. Common Interest Privilege Is Overcome In The Presence Of Malice And This Is A Matter for The Trier Of Fact …………………………...7

   C. Courts Find Merely Couching A Statement As An Opinion Does Not Overcome Defamation …………………………………..……………..9

   D. Plaintiff's Fourth Amended Complaint Cures Any Defect Regarding The Falsity Of Any Statements Alleged In Count X …………............…10

   E. Plaintiff's Fourth Amended Complaint Cures Any Defects Regarding How Statements Are "Of And Concerning" Plaintiff……...…………..10

V.  Conclusion ………………………………………………….....11

Certificate Of Compliance …………………………………….……12

Proof Of Service …………………………………………............13

iii

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1

2

3

# **TABLE OF AUTHORITIES**

**Cases**                                                                 **Page(s)**

*Bowles v. Constellation Brands, Inc.*,

    444 F.Supp.3d 1161 (E.D. Cal. 2020)..............................................................7

*Flowers v. Carville*,

    310 F.3d 1118 (9th Cir. 2002)..........................................................................8

*Karimi v. Golden Gate School of Law*

    361 F.Supp.3d 956 (9th Cir. 2020).  ...............................................................8

*McGarry v. Univ. of San Diego*,

    154 Cal.App.4th 97 (2007).............................................................................. 9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS COUNT X OF THIRD AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

Plaintiff filed a Third Amended Complaint adding Defamation counts against Pepperdine University, Jason Jarvis, and Sharon Beard.  Dkt. No. 71. These counts stem from documents disclosed by Pepperdine during the discovery phase of the initial litigation involving Title IX Discrimination and State hate crimes violations.  Because the disclosures offered so much insight into what happened to Plaintiff during her law school education and why, and because Plaintiff is pro se and this matter is properly adjudicated at jury trial, the contours of the lawsuit have changed.  Even though parties reached agreement to file a Fourth Amended Complaint on February 27, 2025, Defendant filed the present Motion to Dismiss Count X of the Third Amended Complaint, including in its brief many untrue statements meant to foment propaganda further.

### II.  Procedural History

Plaintiff filed complaint on July 24, 2024 asserting Defendant violated Title IX, Cal. Educ. Code § 66270, and committed state civil rights and tort violations. Dkt. No. 1. Plaintiff filed amended complaints, adding Bane Civil Rights Act and Ralph Civil Rights Act violations and withdrawing the Unruh Act claim. Dkt. Nos. 16 and 38. Defendant filed its Answer on October 29, 2024. Dkt. No. 37. Parties exchanged Rule 26(a) Initial Disclosures on December 4, 2024. Plaintiff filed Third Amended Complaint on February 14, 2025.  Dkt. No. 71.  On February 20, 2025, parties met and conferred ahead of Motion to Dismiss Counts X and XI, and Defendants stated they would file Notices of Appearance for Jarvis and Beard on February 21st or February 24th.  Parties entered Joint Stipulation to withdraw several claims centered on discrimination, to revise Counts X and XI, and to focus on Title IX Retaliation and Defamation. Dkt. No. 74 (February 28, 2025).  Plaintiff filed a Notice of Deposition of Jason Jarvis.  Dkt. No. 75 (February 28, 2025). Defendant

1

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1  Pepperdine University then filed a Motion to Dismiss Count X of the Third Amended
2  Complaint.  Dkt. No. 76 (February 28, 2025).

3  **III.  Statement Of Facts**

4  **A. Parties Agree That Plaintiff Should Be Supported In Transferring To Another Law School To Complete Her Education**
5

6  Defendant states "Plaintiff is a law student at Defendant's Pepperdine Caruso School
7  of Law."  Dkt. No. 76, p. 7 line 24. Defendant offered to help Plaintiff transfer to another
8  law school to complete her education on January 22, 2025 at 7:58 PM.  Transferring law
9  schools requires a letter from the student's present institution asserting she is in good
10  standing and supporting her in her education, and Defendant offered to assist in her transfer
11  mere weeks ago and while entertaining the present Motion and Stipulation.  Dkt Nos. 74,
12  76.

13  **B. Plaintiff's Defamation Count X Encompasses Unsubstantiated Statements That Defendant Advances Endlessly**
14

15  In its Motion to Dismiss, Defendant falsely states that Plaintiff offered "false
16  accusations" and exhibited "erratic behavior," but never states how this is so beyond the
17  outlined defamation in Count X.  Dkt. No. 76, p. 5, lines 2-4; Dkt. No. 74 (see Fourth
18  Amended Complaint, Count X).  This has been a repeated issue and Defendant has <u>never</u>
19  <u>offered a single example of any erratic behavior</u>.   The defamatory statement Plaintiff was
20  dishonest and, if it can be proven to meet statutory criteria, the defamatory statements
21  alluding to any inappropriate behavior, create the basis for the defamation.

22  There is no mention of Plaintiff having a "diagnosis" in the letter, and Plaintiff was only
23  apprised of Jarvis's defamatory lies upon suing.  And any attempts to create fear and stigma
24  along this vein violates the American With Disabilities Act and is conclusory.  Defendant
25  had every opportunity to advance exactly its positions, it did so in its sanctions letter,
26  omitting choice facts, and it is now being sued for defamation and Title IX retaliation.

27  Plaintiff was silent for the majority of her time in class, and faculty and students directed
28  negative attention at her endlessly after several leaders at the school made guns with their

2

PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1    hands and said, "how about this gay" while kicking and making numerous unwanted

2    comments about her anatomy and age.  Initially, this litigation was based solely on

3    Plaintiff's understanding of the facts of her life at Pepperdine.  Upon suing, the fact pattern

4    changed significantly. This, coupled with Plaintiff's pro se status, led her to focus on the

5    pertinent legal issues causing the real damage to her life, namely Defamation and Title IX

6    Retaliation.

7        Hate crimes involving Plaintiff's advocacy for the LGBT+ community offer insight, but

8    with the Court's Order granting leave to file the Fourth Amended Complaint, they will no

9    longer be legally relevant for the purposes of establishing hate within the Ralph and Bane

10   Acts.

11       Nonetheless, because Defendant is not being honest in a pleading with the Court,

12   Plaintiff is compelled to offer rebuttal here while awaiting pending Court decisions on the

13   filing of a Joint Stipulation to file the Fourth Amended Complaint attached to Docket

14   Number 74.  More importantly, Defendant's Memorandum states that it "suspended

15   Plaintiff Kira Howell from its law school – with caveat that she could return following

16   evaluation and treatment." Dkt. 76, p. 5, line 4-6.  Irrespective of the unlawful retaliation,

17   Plaintiff has provided Defendant numerous written statements from Anton Jones, the

18   approved medical provider who met with Plaintiff and answered all questions posed to him

19   by Defendant.  This includes repeatedly changing those questions, adding to those

20   questions, and asking directly if Plaintiff is healthy and of sound mind and body.

21       Upon suing, Defendant has repeatedly attempted to talk around this fact, and this has

22   increased ever more since facing liability for defamation.  Now, also facing privacy issues

23   regarding continued access to and use of these statements, Defendant attempts to say she

24   has a diagnosis, she never met with Jones, and he never provided clearance according to

25   its own line of questioning.  It is a dishonest, unethical attempt to goad Plaintiff and to

26   foment propaganda in the pleadings.  Plaintiff is tired of Defendant lying in the pleadings.

27       Defendant's own employee stated their protocol is for Nivla Fitzpatrick to provide the

28   University with a summary of the factual statements from Dr. Jones.  If Fitzpatrick has

3

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1    done this and her statement does not align with Dr. Jones's statements, Defendant should

2    produce that evidence immediately. Defendant now seeks to expand this in hopes it will

3    aid in its defenses and to exploit Plaintiff's willingness to withdraw the IIED count solely

4    to streamline the litigation as a pro se litigant.  As it stands now, parties are looking at a

5    lengthy weekslong (if not monthlong) trial.  A recent, less complicated defamation case

6    took two weeks to try with upwards of ten attorneys and endless resources working around

7    the clock.  Narrowing the legal issues to align with the facts, pleadings, and to allow proper

8    trial on the merits is a requirement and is expected of all parties.

9        Endlessly beating a circling dead horse, so to speak, because Defendant made false

10    statements about Plaintiff's health, got caught doing so, and then was damned by its own

11    Draconian protocols, does not serve parties well in any way, does not promote timely

12    resolution of the substantive legal issues, and greatly increases the drain on the Court's

13    resources, if it is allowed continue. If the Court denies leave to file the Fourth Amended

14    Complaint, this drain remains open and unclogged.

### C. Statements In Defendant's Disclosures Show Jason Jarvis As The Perpetrator Of Defamatory Rumors About Plaintiff's Health To Retaliate Against Her For Reporting Sex-Based Discrimination

Next, Defendant falsely states in its Memorandum that Plaintiff received "numerous communications" from its employees about Plaintiff's behavior.  In fact, the central figure to all communications Plaintiff received is Jason Jarvis.  Jarvis seems to be the sole instigator and pusher of these conspiracy theories, which include fabricating entire statements that Plaintiff never made, and calling Plaintiff names after a lying male student, Michael Moss, had a conversation with him that Plaintiff was never notified of.

Email threads show faculty saying Plaintiff has complete control over herself, is mature, is very smart, is a helpful leader or mostly silent and not well known to them, and was expressly not disruptive at all.  And all of it stems from Jarvis's obsession with exacting punishment on behalf of Moss, a male student who proactively began lying about numerous

4

PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO
DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1    events after it appeared Plaintiff called him "weird" for his sexually harassing actions

2    before he then exhibited threatening, dejected behavior lasting months and violating an

3    order requiring him to stay away from Plaintiff.

4        Finally, Barry McDonald, a male faculty member who openly discriminated against

5    Plaintiff, was on notice via email from Plaintiff to stop discriminating against her.

6    McDonald then contacted Jarvis, the sole bigot obsessively seeking to punish Plaintiff

7    unbeknownst to her for months.  Title IX exists to prevent a female student from being

8    punished and harmed irreparably simply because she reports sex-based discrimination.

9    Retaliation is exactly what happened to Plaintiff.

10       Jarvis, and any other person on notice of his/her discrimination, proactively mounting

11   a defense that Plaintiff is not credible or believable is transparent and classically retaliatory.

12   But for Plaintiff's report of discrimination, <u>which is protected from punitive action</u>, there

13   would have been no issue.  Additionally, providing feedback about a Proctor is also not a

14   behavioral issue of Plaintiff's at all.  This is what Jarvis attempts to advance.  It is unlawful

15   retaliation, not behavioral malfeasance.

16       Fact discovery will reveal this further.  Parties need to be deposed and real *relevant*

17   *facts*, not dogmatic unsubstantiated propaganda without proper due process, need to be

18   discussed.  Defendant took exhaustive measures to deny this ever happening and brought

19   this lawsuit on itself.  Defendants then add defamatory statements and rationale to hide the

20   fact that there was no real behavior issue at all; it was simply to punish Plaintiff for

21   reporting and opposing sex-based harassment.

22       <u>Nonetheless, Defendant has yet to offer a single example of how Plaintiff was ever</u>

23   <u>disruptive in any way.  It is a wholly unsubstantiated lie which can be vetted by reviewing</u>

24   <u>the pleadings to date.</u>  More importantly, it need only be vetted in the alleged defamatory

25   statements listed in the Fourth Amended Complaint, as that is all that Plaintiff is alleging

26   and all that Defendants ever defamatorily advanced in their letter.  Further, all opportunities

27   to offer evidence refuting the defamatory statements in the letter have been refused.

28

5

PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO
DISMISS COUNT X OF THIRD AMENDED COMPLAINT

Defendant's present Motion to Dismiss is about defamation for calling Plaintiff dishonest, and since Defendant insists, for calling her argumentative. Count XI is about the false statements regarding Plaintiff's health, but Defendant seeks no Motion To Dismiss this cause of action at this time. As for Count X, the Fourth Amended Complaint cures any defects listed in Defendant's Memorandum.  Issues further addressed in this brief center on the Court's insistence upon leaving issues of malice in the presence of a potential common interest privilege to the trier of fact.

## IV.    Analysis
### A. Plaintiff States Expressly That All Defamatory Statements Occurring In The Sanctions Letter Were Conveyed To Paul Caron And Others, Including Plaintiff Herself

For purposes of establishing defamation, a publication is a written or verbal statement to a third party who understands the defamatory implication of the statement and that it is about Plaintiff.  *Bowles v. Constellation Brands, Inc.*, 444 F.Supp.3d 1161, 1172-3 (E.D. Cal. 2020).  In both the TAC and the proposed Fourth Amended Complaint, Plaintiff states that a sanctions letter was conveyed to at least Paul Caron.  Dkt. No. 74, ¶276.  Because the proposed Fourth Amended Complaint is filed with the Court and this is a Motion To Dismiss Count X of the Third Amended Complaint for failure to state claim, it is expedient to rely on the existence of the Fourth Amended Complaint when arguing against dismissal.

It is clear in the pleading that Plaintiff alleges plausibly that the defamatory statements, all occurring in a single letter and thus published together, were conveyed to at least one third party.  It is also clear from the wording of the letter that the statements were calling Plaintiff dishonest and Plaintiff alleges these statements are false. All persons privy to the letter can reasonably infer the defamatory meaning of the statements and that they are all supporting the defamatory assertion Plaintiff was dishonest or disruptive. Additionally, Plaintiff states that should the Court deem all parties named to exist as one individual for purposes of common interest privilege or publication, Plaintiff alleges she

6

PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO
DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1    was under strong coercive pressure to publish the statements to others in order to disprove

2    them.  Dkt. No. 76, ¶¶ 282, 291. As such, the Court should allow leave to file the Fourth

3    Amended Complaint as curative of any such defect Defendant argues exists in the TAC.

4

5    **B. Common Interest Privilege Is Overcome In The Presence Of Malice And This Is A Matter for The Trier Of Fact**

6

7    Defendant argues the statements made in the defamatory letter all enjoy a common

8    interest privilege.  Dkt. No. 76, p. 13.  This argument fails for several reasons: first, the

9    Fourth Amended Complaint alleges malice exists in all defamatory statements.  See Dkt.

10   No. 74.  Courts find malice is a matter for the trier of fact and it is thus not properly disposed

11   of at the pleading stage.  See *Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir. 2002)

12   (holding "[a]ctual malice is a subjective term that turns on the defendant's state of mind; it

13   is typically proven by evidence beyond the defamatory publication itself" and thus "cannot

14   be properly disposed of by a motion to dismiss").   The *Flowers* Court remanded the

15   defamation case citing error when the "district court threw out Flowers' lawsuit before she

16   had a chance to depose witnesses," further establishing that issues of malice are not proper

17   grounds for dismissal at the pleading stage. *Id.*

18   Second, Defendants irrationally argue that the Court in *Karimi v. Golden Gate*

19   *School of Law* is analogous to the instant case.  361 F.Supp.3d 956 (9th Cir. 2020).  The

20   *Karimi* Court held a Dean's email to the student body stating factually that police were

21   involved in a dispute between the school and Plaintiff but not offering any conclusion as

22   to fault was protected by common interest privilege.  *Id.* The *Karimi* Plaintiff argued he

23   was defamed because the Dean's email painted him as bad and he further argued

24   semantically the Dean's email to the student body falsely stated the dispute with Plaintiff

25   occurred "at the school," and not at Plaintiff's home, where Plaintiff was when he sent an

26   email mentioned by the Dean. *Id.* at 977.  The Plaintiff's defamation argument there thus

27   failed on several levels.

28

7

PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

The pertinent legal analysis is the Court's holding Plaintiff was not defamed *because the school did not draw a defamatory conclusion or imply anything false.* Had the Dean done so, the Court likely would not have supported a common interest privilege existed, but we are left only with the fact that the *Karimi* Court established that for statements to maintain a common interest privilege, they must not contain clearly false statements or damaging conclusions. This is way off point from the facts of this matter, as Plaintiff here alleges defamation *solely* from the false conclusions, damaging implications, and disproven statements tied to a separation from her chosen profession.

Further, Plaintiff properly alleges malice in the proposed Fourth Amended Complaint and shows how Defendants unlawfully withheld exculpatory evidence, misrepresented the withheld evidence in the sanctions letter (they lied), and unlawfully withheld witness statements and identities, thus denying due process. Dkt. No. 74. Actual malice is established when the Defendant lies and it is easily proven. Here, Defendants abused their authority and forced a lawsuit when they withheld evidence, some of which directly proves they defamed her. Plaintiff further alleges that Defendants violated Title IX law and the entire letter is retaliatory by law. There is nothing more malicious than breaking the law and hiding the evidence proving your guilt.

Defendant states in its Memorandum that Plaintiff "quarrels with the Student Disciplinary Process and the work done to prepare her sanctions letter." Dkt. No. 76, p. 15, lines 20-21. The fact that there is no capitalized Student Disciplinary Process in this case aside, Beard hardly labored selflessly and pro bono in drafting a libelous, unlawful letter. Plaintiff argues she did the exact opposite and that establishes ill will. Thankfully, Plaintiff has other direct evidence of Defendants' malice, and it is well-pleaded in the Fourth Amended Complaint. The Court should grant leave to file the Fourth Amended Complaint and/or deny Defendant's Motion To Dismiss.

### C. Courts Find Merely Couching A Statement As An Opinion Does Not Overcome Defamation

8

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

Defendant falsely argues that its statement "[y]ou failed to offer any credible evidence that Alexis said or did anything inappropriate" is merely opinion and thus not defamatory. Dkt. No. 76, p. 16, lines 3-4. It then argues that a false idea is Constitutionally protected. Id. at lines 8-9. The Fourth Amended Complaint alleges that this statement is false because 1) Defendant never asked Plaintiff for evidence; and 2) they advance a false conclusion in the letter which is defamatory. See *McGarry v. Univ. of San Diego*, 154 Cal.App.4th 97, 112 (2007) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (S.Ct. 1990) and stating "simply couching such statements in terms of opinion does not dispel these [false, defamatory] implications" because a speaker may still imply "a knowledge of facts which lead to the [defamatory] conclusion"). The *McGarry* court goes on to explain "expressions of opinion may imply an assertion of objective fact, and a statement that implies a false assertion of fact, even if couched as an opinion, can be actionable." *Id.* Here, Defendants advance a defamatory statement that Plaintiff was not credible in her accounting of Joyce's interactions with her, and this implies an assertion of objective fact that damages Plaintiff's life by implying she was dishonest. For this reason, Court should grant leave to file the Fourth Amended Complaint and deny Defendant's present Motion to Dismiss.

### D. Plaintiff's Fourth Amended Complaint Cures Any Defect Regarding The Falsity Of Any Statements Alleged In Count X

Defendant argues that Plaintiff does not allege certain statements are false. Dkt. No. 76, p. 16-17. Statement 5 of Defendant's Memorandum, "[a]fter the first incident with professor Goodno, you emailed and apologized 'if my behavior was argumentative,'" is directly refuted as false in the Fourth Amended Complaint. Plaintiff also provides context relevant to the common-sense analysis of this statement. Statement 8 is expressly alleged as false because Plaintiff told Defendants Goodno's comments were made privately to her.

9

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1  Statement 10 is also properly alleged as defamatory in the Fourth Amended Complaint.

2  Dkt. No. 74, p. 44, comment d.

3       As such, Court should dismiss Defendant's present Motion and grant leave to file

4  Plaintiff's Fourth Amended Complaint.

5

### E. Plaintiff's Fourth Amended Complaint Cures Any Defects Regarding How Statements Are "Of And Concerning" Plaintiff

8       All statements in the letter are clearly "of and concerning" Plaintiff, as the letter is

9  sanctioning her for specific actions and based on the cited individual statements in

10  question.  Statement 3 ("Associate Dean Jarvis contacted multiple students to investigate

11  the matter.  Each student reported that the proctor acted professionally") is properly

12  addressed in the Fourth Amended Complaint because 1) it falsely states all students queried

13  said Proctor acted professionally; 2) it ties Plaintiff to both the query and results and further

14  concludes Plaintiff was dishonest; and 3) it can plausibly support defamation if it can also

15  be used to refute the truthfulness of something Plaintiff said.  Again, courts allow

16  examination of extrinsic facts when determining defamation of literal statements taken out

17  of context.

18       Statement 6 ("it was reported that Professor McDonald was 'visibly distressed'")

19  concludes falsely that Plaintiff was responsible for McDonald's affect.  Defendant argues

20  that Plaintiff's behavior is at issue and it then uses this statement to support its position.

21  Defendant's own admission in its Memorandum now concedes this statement is not about

22  Plaintiff at all and that she did not do anything wrong. In fact, it does not even tie Plaintiff

23  to McDonald's affect in any way while sanctioning her and now claiming she needed

24  "treatment" for a "diagnosis" as a result of McDonald's misconduct.  Defendant argued

25  McDonald appeared agitated and distressed.  It first used this to remove Plaintiff from her

26  entire life, citing she was responsible for his distressed appearance. Now it states it does

27  not commit to saying Plaintiff had anything to do with McDonald's appearance because

28  that would be defamatory.  A more damning admission of guilt (and malice) has never been

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS COUNT X OF THIRD AMENDED COMPLAINT

seen.  McDonald discriminated against Plaintiff, was told to stop, and Defendant punished her unlawfully in retaliation because Jarvis pushed for it.

As such, Court should grant Plaintiff leave to file her Fourth Amended Complaint and deny outright Defendant's Motion To Dismiss Count X.

### F.  Conclusion

Parties entered into a Joint Stipulation to file a Fourth Amended Complaint on February 27, 2025.  Dkt. No. 74.  Defendant Pepperdine's responsive pleading to the Third Amended Complaint was due on February 28, 2025.  See Dkt. No. 71. Defendant's positions in its present Motion To Dismiss Count X are all resolved in the proposed Fourth Amended Complaint pending Court review.  While stating expressly that all defects are cured in the Fourth Amended Complaint and thus Docket Number 74 moots the present Motion, Defendant also advances numerous untrue and misleading assertions in its Memorandum, validating Plaintiff's prompt filing of her Opposition.  As such, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss and grant leave to file the Fourth Amended Complaint.

DATED: March 1, 2025

By:    /s/ Kira Howell

Kira Howell

Plaintiff in Pro Per

11

PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1

2

3                     **Certificate Of Compliance**

4

5      **The undersigned, Kira Howell, for herself, certifies that this brief contains 3566**

6        **words and is compliant with Judge's Standing Order dated April 16, 2024.**

7

8    DATED:      March 1, 2025

9                                          By: /s/ Kira Howell

10                                              Kira Howell

11                                              Plaintiff In Pro per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO

          DISMISS COUNT X OF THIRD AMENDED COMPLAINT

1
2
3                              **PROOF OF SERVICE**
4
5    I, Kira Howell, declare I served the following documents on all interested parties in this
6    action by filing it with the Court's CM/ECF electronic filing system on March 1, 2025.
7
8    **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO**
9    **DISMISS COUNT X OF THE THIRD AMENDED COMPLAINT**
10
11   I declare under penalty of perjury that the foregoing is true and correct.
12
13   Executed on March 1, 2025.
14
15                                            By: /s/ Kira Howell
16                                                Kira Howell
17                                                Plaintiff In Pro Per
18
19
20
21
22
23
24
25
26
27
28
                                            13
           PLAINTIFF'S  BRIEF  IN  OPPOSITION  TO  DEFENDANT'S  MOTION  TO
           DISMISS COUNT X OF THIRD AMENDED COMPLAINT