Kira Howell

Kira.howell8@yahoo.com

▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮

Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRA HOWELL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PEPPERDINE UNIVERSITY; SHARON BEARD; JASON JARVIS<br><br>　　　　　　　Defendant. | Case No.: 2:24-CV-06332-WLH-RAO<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION QUASH DEFENDANTS' SUBPOENA FOR PRIVILEGED RECORDS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**<br><br>**DISCOVERY MATTER**<br><br>**Hearing Date: April 16, 2025**<br><br>**Hearing Time: 10:00 AM**<br><br>**Judge: Hon. Rozella A. Oliver** (Hon. Wesley L. Hsu)<br><br>**Place: Telephonic/TBD** |

ii

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

# TABLE OF CONTENTS

**Page(s)**

Table Of Authorities …………………………………………………………………….iv
I.   Introduction……………………………………………………………………..1
II.  Procedural History……………………………………………………….....1
III. Statement of Facts……………………………………………………………….2
IV. Legal Standards ………………………………………………………………….2
V.  Analysis
    A. Documents subpoenaed are privileged and private…………….………….2
    B. Documents are not relevant to the present litigation………....………....3
    C. Subpoena for medical records poses undue burden to Plaintiff and nonparty………………………………………………….……….….4
    D. Defendants violated Local Rules and failed to show good faith practice when emailing a Notice of Intent to Subpoena document before a scheduled meet and confer on discovery issues. ………......4
    E. Court should grant a Protective Order if the records are subpoenaed...5
VI. Conclusion …………………………………………………………………......5

Certificate Of Compliance ……………………………………………………....….…6

Proof Of Service ………………………………………………………………............7

iii

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

# TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Page(s)**

*Boyd v. City of San Francisco*,
   2006 WL 1390423 (N.D. Cal. 2006)..................................................................3

*Jaffee v. Redmond*,
   518 U.S. 1 (1996) ..............................................................................................3.4

*Pizzuto v. Tewalt*,
   2024 WL 4417419 (D. Idaho 2024) ...................................................................4

**Rules**

Fed. R. Civ. P. 45 …………………………………………………………………….2

Fed. R. Civ. P. 26(b)(1) …………………………………………………………….2

iii

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction

Plaintiff was enrolled at Pepperdine Caruso School of Law from May 2023 through February 2024. She was retaliated against unlawfully by Defendants one day after she reported and opposed a male faculty's sex-based discrimination.  The retaliation included a sanctions letter that contains false statements purporting Plaintiff was dishonest, as well as a demand she seek clearance from a therapist.  The present litigation challenges the legality of the letter based on Defendants' violations of Title IX and California Code of Civil Procedure § 1094.5.  Additionally, disclosures in this litigation revealed Defendant Jason Jarvis made false statements about Plaintiff having dementia. This evidence was hidden from Plaintiff until recently, as was a plethora of evidence that proves defamation contained in the sanctions letter and other Title IX violations.  Defendants now seek to subpoena records from LifeStance Health, Inc. even though Plaintiff claims no emotional distress, the records are privileged, they are irrelevant, and they are not relied upon by Plaintiff to establish her claims against the Defendants, nor can Defendants rely on them to disprove any claims in their own defense.

## II.   Procedural History

Plaintiff filed complaint on July 24, 2024 asserting Defendant violated Title IX, Cal. Educ. Code § 66270, and committed state civil rights and tort violations. Dkt. No. 1. Plaintiff filed amended complaints, adding Bane Civil Rights Act and Ralph Civil Rights Act violations and withdrawing the Unruh Act claim. Dkt. Nos. 16 and 38. Defendant filed its Answer on October 29, 2024. Dkt. No. 37. Parties exchanged Rule 26(a) Initial Disclosures on December 4, 2024. Plaintiff filed Third Amended Complaint on February 14, 2025.  Dkt. No. 71.  On February 20, 2025, parties met and conferred ahead of Motion to Dismiss Counts X and XI, and Defendants stated they would file Notices of Appearance for Jarvis and Beard on February 21st or February 24th.  Parties entered Joint Stipulation to

1

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

withdraw several claims centered on discrimination, to revise Counts X and XI, and to focus on Title IX Retaliation and Defamation. Dkt. No. 74 (February 28, 2025). Plaintiff filed a Notice of Deposition of Jason Jarvis. Dkt. No. 75 (February 28, 2025). Defendant Pepperdine University then filed a Motion to Dismiss Count X of the Third Amended Complaint. Dkt. No. 76 (February 28, 2025). Parties scheduled meet and confer for all pending discovery issues on March 7, 2025. Defendants served Plaintiff Notice of Intent to Issue Subpoena to Inspect LifeStance Medical Records via email (March 5, 2025).

### III.  Statement Of Facts

Local Rule 37 requiring parties meet and confer ahead of filing motion practice. It also requires a Joint Stipulation be filed from both parties following conference of counsel that outlines issues at hand. Then parties may file Memorandums supporting their positions. Plaintiff emailed Defendants on January 31, 2025 to request meet and confer on discovery issues and after receiving discovery production which indicated a second delay in document production. Defendant responded three weeks later on February 18, 2025, with a letter purporting to be the initial demand for meet and confer. Parties agreed to meet and confer on March 7, 2025 at 4:00 PM (PT). On March 5, 2025, Defendants emailed Plaintiff the present Notice of Intent to file subpoena to obtain LifeStance medical records on March 6, 2025. The subpoena demands production on March 21, 2025.

### IV.  Legal Standards

Federal Rule of Civil Procedure 45(d)(3) states in relevant part that the "court for the district where compliance is required must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter" or subjects them to "undue burden." Fed. R. Civ. P. 45.

Federal Rule of Civil Procedure 26(b)(1) states discovery obtained by parties must not be "privileged" and it must be "relevant." Fed. R. Civ. P. 26(b)(1).

### V.  Analysis

#### A. Documents subpoenaed are privileged and private.

The Court should grant Plaintiff's Motion to Quash Defendant's subpoena for privileged records. Supreme Court precedent establishes a psychotherapist-patient privilege under federal common law. *Boyd v. City of San Francisco*, 2006 WL 1390423, at *6 (N.D. Cal. 2006) (citing *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996)). *Jaffee v. Redmond* holds "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. 1, 15 (S.Ct. 1996).

Plaintiff states in her Declaration that she does not waive privilege, she has done so expressly at Pepperdine as well (if she hadn't there would be no need for the present Subpoena or Motion), and she is not relying on anything contained in the medical records to establish her claims. Because it is clear that Supreme Court precedent is narrowly construed in this circuit, and because the requested documents are both privileged and irrelevant, Court should grant Plaintiff's Motion to Quash Defendants' subpoena to produce privileged medical records from LifeStance Health, and this fact should supersede all other arguments.

### B. Documents are not relevant to the present litigation.

District courts in the Ninth Circuit find *Jaffee* applies strictly and thus there must be an "affirmative reliance" on the records before privilege is waived. *Id.* In *Boyd*, the court granted Plaintiff's Motion to Quash medical records because there was no such waiver of privilege. 2006 WL 1390423, at *6.

Here, Plaintiff similarly does not rely on anything contained in the medical records from Lifestance Health and they are wholly irrelevant to the present litigation. Even if Plaintiff was asserting ongoing emotional distress, courts find it would have to be significant to even entertain a balancing test determining waiver of privilege. *Id.* Plaintiff asserts no such emotional distress and the records are irrelevant to all claims in this case. Plaintiff further does not rely on the LifeStance records to prove the falsity of Jarvis's defamatory statements. Conversely, Defendants also cannot disprove the claims based on the records at issue. As such, the Court should grant her Motion to Quash.

3

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

### C. Subpoena for medical records poses undue burden to Plaintiff and nonparty.

Court should grant Plaintiff's Motion to Quash because the nonparty, LifeStance is unduly burdened. The Ninth Circuit "have stressed" a heightened duty to relive such a burden to nonparties under subpoena. *See Pizzuto v. Tewalt*, 2024 WL 4417419, at *4 (D. Idaho 2024). When assessing undue burden in motions to quash, courts must determine 1) the relevance of the information requested; 2) the need of the party requesting the documents; 3) the breadth of the discovery request; 4) the time period covered by the request; 5) the particularity with which the requesting party has described the requested documents; and 6) the burden imposed. *Tewalt*, 2024 WL 4417419, at *4 (citing *Rocky Mountain Med. Mgmt.*, 2013 WL 6446704, at *3).

As stated above, the information sought is not relevant to the present case. Nothing in the records involves any claims in the Fourth Amended Complaint. Accordingly, there is no relevant need for the information.

Ninth Circuit courts stress that discovery must not be burdensome, especially to non-parties. *Tewalt*, at *5. In *Tewalt*, the non-party opposing a subpoena for medical records stated the party requesting the documents should obtain them from the other party. *Id.* Because the medical records sought are privileged under *Jaffee*, Plaintiff's refusal to produce them governs whether there is undue burden to LifeStance.

While the breadth, particularity, and time period of the records is not at issue in this motion, these factors are moot due to the arguments contained in the other factors. As such, the Court should grant Plaintiff's Motion to Quash.

### D. Defendants violated Local Rules and failed to show good faith practice when emailing a Notice of Intent to Subpoena document before a scheduled meet and confer on discovery issues.

Local Rule 37 requiring parties meet and confer ahead of filing discovery motion practice. Plaintiff emailed Defendants on January 31, 2025 to request meet and confer on discovery issues and after receiving discovery production which indicated a second delay

4

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

in document production. Defendant responded three weeks later on February 18, 2025, with a letter purporting to be the initial demand for meet and confer. Parties agreed to meet and confer on March 7, 2025 at 4:00 PM (PT). On March 5, 2025, Defendants emailed Plaintiff the present Notice of Intent to file subpoena to obtain LifeStance medical records on March 6, 2025. The subpoena demands production on March 21, 2025. The Court rules require hearing be scheduled no earlier than 21 days after filing a Motion. Further, the motion is not to be hear without the filing of a Joint Stipulation and/or declaration showing parties have not complied. Even if Plaintiff's declaration is sufficient to show Defendants violated the rules, their subpoena for production of documents on March 21, 2025 leaves no time to properly calendar the hearing. As such, Court should grant Plaintiff's Motion to Quash.

### E. Court should grant a Protective Order if the records are subpoenaed.

Should the Court compel the production of LifeStance Health, Inc. documents pertaining to Plaintiff, she requests a protective order limiting their use and visibility.

### F. Conclusion

For the above stated reasons, including Supreme Court precedent establishing privilege that cannot be overcome due to lack of reliance by Plaintiff on information sought to prove her claims, lack of alleged ongoing emotional distress, challenge to the overall legality of the school's internal processes as the basis for this entire litigation, lack of relevance of information sought to the litigation, undue burden to a nonparty, and failure of Defendants to abide by Local Rules, the Court should grant Plaintiff's Motion to Quash Defendants' Subpoena for information from LifeStance Health, Inc.

DATED: March 6, 2025

By: /s/ Kira Howell
Kira Howell
Plaintiff in Pro Per

5
PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

**Certificate Of Compliance**

**The undersigned, Kira Howell, for herself, certifies that this brief is five pages in length and is compliant with Local Rule 37-2.3.**

DATED:  March 6, 2025

By: /s/ Kira Howell
Kira Howell
Plaintiff In Pro per

7

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.

# PROOF OF SERVICE

I, Kira Howell, declare I served the following documents on all interested parties in this action by filing it with the Court's CM/ECF electronic filing system on March 6, 2025.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH DEFENDANTS SUBPOENA FOR PRIVILEGED RECORDS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2025 at Los Angeles, CA.

By: /s/ Kira Howell
Kira Howell
Plaintiff In Pro Per

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA FOR INFORMATION FROM LIFESTANCE HEALTH, INC.