# Pazzani & Sandhu LLP
700 North Central Avenue, Suite 460
Glendale, California 91203
(213) 362-1860

**Karen J. Pazzani**
kpazzani@psemploymentlaw.com

April 16, 2025

Honorable Rozella A. Oliver
Magistrate Judge
Roybal Federal Building and United States Courthouse
255 E. Temple St., Courtroom 590
Los Angeles, CA 900912

    Re:    <u>*Kira Howell v. Pepperdine University*</u>
             <u>United States District Court Case No. 2:24-cv-06332-WLH (RAOx)</u>

Dear Judge Oliver:

      On April 2, 2025, Plaintiff submitted her "Letter Brief Requesting Production of Employment Files, Student Disciplinary Hearing Documents, Title IX Documents (RFP Nos. 9, 10, 17, 18, 20, 28, 34, 35, 36, 39, 40, 43, 47, 48, 49, and 53)" (Dkt. No. 96) (the "Letter Brief").

      As an initial matter, Pepperdine notes that it disputes Plaintiff's characterizations of the facts but will not consume letter brief pages correcting Plaintiff's misrepresentations. Instead, to the extent that any of Plaintiff's allegations in the operative pleading (the Fourth Amended Complaint, Dkt. No. 79) are germane to the discovery disputes, Pepperdine will cite to those allegations. Pepperdine also notes that the Letter Brief is directed only to Request for Production Nos. 9, 10, 17, 18, 20, 24-27, 28, 34, 35, 36, 38, 39, 40,[1] 43, 47, 48, 49, and 53. (Exh. 1.)

      A.  **<u>Employment Records</u> (RFP Nos. 9, 10, 17, 18, 28, 34, 35, 36, 39, 43, 47, 49 & 53)**

      Plaintiff categorizes these RFPs as seeking employment records of numerous Pepperdine employees. However, only RFPs 9, 10, 17, 36, 39, 47, 49, and 53 seek employment records. As to those, during the March 19, 2025 telephonic conference with the Court, Plaintiff represented that she was interested in obtaining documents concerning any complaints similar to hers made regarding these employees. As the Court summarized: "Plaintiff clarified the portions of the employment records that she is primarily focused on, without waiving her right to seek other portions at a later time. Defense counsel agreed to look into the narrowed request. The parties are directed to continue meeting and conferring on this category." (Dkt. No. 87 at 2.)

---

[1] RFP No. 40 sought documents regarding the investigation into Plaintiff's reports of book defacement. This RFP is referenced in the Re: line of the Letter Brief, and in the subheading on page 3, but it is never discussed in the Letter Brief.

Hon. Rozella A. Oliver
April 16, 2025
Page 2

Following the March 19, 2025 conference, there was no further discussion about the scope of any of the RFPs included in the Letter Brief. However, Plaintiff's Letter Brief appears to once again broaden these RFP, as she argues: "Employment records of leaders participating in conduct that indoctrinates the University community to disregard Federal laws are vital to justifying Plaintiff's sought relief, which includes injunctive relief, implementation of proper Title IX protocols, and declaration that Plaintiff's civil rights have been violated." (Letter Brief at 4.)  Pepperdine is willing to respond to the RFPs and produce similar complaints (if any) in the personnel files made during the period that Plaintiff was enrolled. To the extent Plaintiff's position in her Letter Brief now backtracks on her own narrowing, Pepperdine's objections to these RFPs remain proper and the Court should sustain them. As Plaintiff's own cited authority recognizes, personnel files are subject to privacy protections. Generally, personnel files may only be produced where "(1) the material sought is 'clearly relevant,' and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." *See Matter of Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Hawaii 1980); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance.")

Here, Plaintiff has not identified a compelling need for any information in the personnel files of Professors Stipanowich, McDonald, Blondell, and Snyder, Dean Jarvis, Dean Baker, or President Jim Gash other than information regarding their training, which Pepperdine has already provided, and information regarding other similar complaints from students and employees, which Pepperdine can provide, to the extent they exist. In particular, Plaintiff has not identified a compelling need for any hiring materials, tenure materials, or salary information.

Under the subheading of employment records, Plaintiff also identified RFPs 28, 34, and 43, which sought certifications and training information for Sharon Beard, Jason Jarvis, and Chalak Richards-Guinses. However, Plaintiff failed to address how Pepperdine's responses to these RFPs – agreeing to produce training certificates and resumes – was insufficient.[2] Plaintiff also identified but failed to specifically address RFP 18, which sought all grades for students in Jason Jarvis' class. This request was not discussed in the parties' meet and confer or at the IDC and seeks private educational records of other students that are protected by FERPA (20 U.S.C. § 1232g). Plaintiff can present no compelling reason to require the production of other students' grades, particularly when she did not take any courses with Jason Jarvis.

Finally, Plaintiff included RFP 35, which seeks the training of a particular student. Again, this request was not discussed in the parties' meet and confer or at the IDC. Plaintiff has provided no legal support for her contention that this third-party student waived FERPA protections by participating as a member of the Student Disciplinary Committee. No such exception appears in the regulations that define when a university may release a student's education records without their consent. *See* 34 CFR § 99.31.

---

[2] The RFPs were not discussed in the meet and confer letters that the parties exchanged before the IDC. (Exh. 2, 3.)

Hon. Rozella A. Oliver
April 16, 2025
Page 3

### B. Anonymous Course Evaluations (RFP Nos. 20 & 48)

Plaintiff argues that the Court should "compel production of anonymous course evaluations for Betty Snyder, Jason Jarvis, Tom Stipanowich, Barry McDonald, Stephanie Blondell, Stephanie Williams, and Jeff Baker[.]" (Letter Brief at 5.) However, Plaintiff has only actually requested these materials of Snyder (RFPs 48, 48, & 53); Jarvis (RFP 20); Baker (RFP 36); and Blondell (RFP 47). Her RFPs regarding Stipanowich (RFP 9) and McDonald (RFP 10) did not seek anonymous course evaluations. In any event, Pepperdine considers course evaluations to be highly confidential. Only a handful of administrators are allowed to access them and students are promised that their responses will remain anonymous. (Exhs. 4, 5.) To this end, Pepperdine uses a third-party vendor to maintain an extra layer of security for students; Pepperdine and faculty receive only aggregate results, with no student names attached.

Plaintiff's arguments for the production of these records are meritless. First, like personnel records, faculty have a reasonable expectation of privacy in these records. Thus, they should only be produced if Plaintiff can identify a compelling reason. She cannot. Plaintiff argues that the evaluations could show that Pepperdine has a pattern of disparaging or retaliating against students who report negative information. However, Plaintiff's operative complaint does not assert she was retaliated against for submitting a negative course evaluation. In any event, course evaluations will only, at best, reflect what a student says about a particular professor. It would not show whether that student suffered any consequences for writing the evaluation. As Plaintiff acknowledges, these evaluations are anonymous. There is no way to trace an evaluation to its author and therefore no way to determine whether the author suffered retaliation for it. Thus, while her contention that evaluations are needed and relevant to her claims has some initial appeal, it is an evidentiary dead end with respect to her claims.

Further, her recent theory that negative evaluations are rooted out, their authors identified and persecuted, is based solely on her own speculation and fanciful allegations that she must have been mistreated by "Defendants" because she submitted an anonymous course evaluation for Snyder—and "Jarvis made numerous public references to Plaintiff's anonymous course evaluation of Betty Snyder." (Letter Brief at 5.) It is telling that Plaintiff had the opportunity to submit exhibits to her Letter Brief to support her contentions, including any support for her new "course evaluation retaliation" theory, but she did not include a single exhibit.

Finally, Plaintiff labels as meritless, Pepperdine's FERPA objection to the production of anonymous course evaluations, arguing she is seeking anonymous course evaluations not identifiable records. She hopes, however, to discover that Pepperdine does not honor that anonymity and then retaliates against students who criticize faculty. This necessarily implicates those students' FERPA rights.

### C. Other Complaints Of Discrimination (RFP Nos. 24-27)

RFPs 24-26 seek all documentation regarding complaints of LGBT+, sex, and age or race based discrimination from 2014-2015 to the present. Plaintiff's Letter Brief argues production should be made from 2018 to the present. Under either time frame, Plaintiff's requests are

Hon. Rozella A. Oliver
April 16, 2025
Page 4

significantly overbroad and seek private information. The burden of reviewing, producing, and redacting private information is not proportional to the needs of the case. Indeed, Plaintiff attended the Caruso School of Law, but seeks complaints made to any of Defendant's school entities, which would include the undergraduate school, business school, school of education and psychology, and school of public policy. Further, it would encompass complaints students make against each other and complaints made against employees who have no involvement in this matter. Courts routinely reject such invasive and overbroad discovery efforts. *See, e.g., Sallis v. Univ. of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005) (affirming district court's decision to limit similar discovery); *Mailhoit v. Home Depot*, No. CV 11-03892, 2012 WL 12884048, at *4 (C.D. Cal. 2012) (finding similar requests overbroad); *White v. Lightfoot*, No. 2:15-cv-03377, 2017 WL 11594487, at *2 (C.D. Cal. 2017) (same); *Winet v. Gallagher*, No. 20cv14W, 2020 WL 6449230, at *6 (S.D. Cal. 2020) ("The only relevant evidence of prior complaints of retaliation would be those directed at Gallagher employees who made the adverse employment decisions as to Plaintiff.") Plaintiff's complaint is limited to Title IX retaliation and defamation; ordering production of complete investigation files regarding complaints of discrimination is not proportional to the needs of the case. To the extent any production is ordered, it should be limited to complaints made to the Title IX Office against the individual defendants during the period Plaintiff attended the Caruso School of Law and to complaints and outcome letters; not all documents collected during the investigation. Pepperdine should also be permitted to redact the names of any students involved in the matters.[3]

### D. Documentation Of Student Disciplinary Committee Proceedings (RFP No. 38)

Plaintiff was disciplined by the Student Disciplinary Committee ("SDC") for classroom disruption, dishonesty, and making false statements to the SDC. In RFP 38, she seeks all documentation of all other SDC hearings from 2018 until present. Pepperdine's objections to this request should be sustained because Plaintiff is seeking other students' private educational records. Pepperdine cannot produce student records absent a court order and without first notifying the impacted students that their records may be produced and giving them an opportunity to object. *See* 34 CFR § 99.31(a)(9)(i). Here, there is no reason to require Pepperdine to go through that process because the documents sought are not relevant to Plaintiff's claims. The files she is seeking would encompass disciplinary actions taken against students for violations of drug and alcohol policies, lewd behavior, participation in unsanctioned student organizations, and other infractions entirely unrelated to Plaintiff's complaint. Plaintiff is not seeking information regarding other students who claim to have suffered retaliation; instead, she is seeking to audit other students' disciplinary files to assess for herself whether she believes there might be evidence that they were wrongfully disciplined.

Sincerely,

Karen J. Pazzani

---

[3] Plaintiff's heading for this section referenced RFP 27, which seeks documentation of Title IX training. However, she did not specifically address this request or Pepperdine's response in the Letter Brief; nor did she include this request in the parties' prior meet and confer.