# KIRA HOWELL

April 29, 2025

Honorable Rozella A. Oliver
United States Courthouse
255 E. Temple St.
Los Angeles, CA 90012

Re: 2:24-cv-06332-WLH-RAO; Reply to Defendants' Opposition to Discovery Matters

Dear Judge Oliver,

This reply focuses on establishing even further Plaintiff's right to examine requested documents, a request which is only substantially fortified since Defendant Jarvis's deposition on April 9, 2025 and Plaintiff's deposition on April 23, 2025. In addition to establishing elements of defamation and retaliation, depositions placed Defendants on the record that all events Plaintiff reported regarding an exam Proctor's conduct occurred, and a review of the forthcoming written record thus establishes Count III. Depositions also allowed establishment of Jarvis's tendency to mislead and lie in ways that are so damaging and reliant on his authority that they alone predicate the present suit. Plaintiff is still awaiting deposition transcripts.

Plaintiff once again thanks the Court for its time and consideration as parties continue to move through the litigation properly and with deference to the Court.

    A. **Employment Records (RFP Nos. 9, 10, 17, 18, 28, 34, 35, 36, 39, 43, 47 and 53)**
The Court's Order dated March 19, 2025 directed parties to meet and confer on these records. However, parties' meet and confer occurring on March 28, 2025 focused on video recordings more than employment records. Defendants cited a need to adjourn the meeting and it was clear a chasm remained between what Plaintiff is seeking to examine and what Defendants are willing to produce. While this letter brief includes all employment records due to the nature of parties' meet and confer efforts and the Court's Order, Plaintiff understands she was only presently ordered to brief the Court on the course evaluations.

Defendants falsely state Plaintiff has not previously identified good cause to examine the sought employment records. Plaintiff has stated she seeks these records because they are central to establishing her claims. Further, Defendants have admitted Jarvis defamed Plaintiff when falsely and recklessly stating she has dementia and making other damaging false statements about her person and character. Jarvis admitted to Title IX retaliation and admitted to making unlawful, discriminatory demands that establish the University's deliberate indifference to sex-based and other discrimination. Defendants also rely on false and hidden statements and have already violated Plaintiff's due process rights under California Code of Civil Procedure § 1094.5(b), which requires disclosure of all witness identities. It is clear when left to their own private devices,

1

Defendants violate the law. Because Plaintiff has already established Defendants hid evidence and violated her rights in their internal processes, she is entitled to examine employment records of those involved in the unlawful conduct and to prove the school's unlawful practices.

Plaintiff has the right to examine the employment records of an admittedly defaming, discriminatory employee, Jarvis, as well as any records of employees who are on the previously withheld record making false and unsubstantiated comments about Plaintiff which damaged her life and is the subject of the present lawsuit. Per law, Plaintiff had a right to examine all relied upon evidence, and the Ninth Circuit is aware of the preponderance of pretext. *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995). At his deposition, Jarvis relied on a faculty who made an apparent private false statement which was withheld from Plaintiff until she sued. Plaintiff was not asked about this faculty at her deposition, but Jarvis proactively mentioned her at his multiple times. Plaintiff submitted a course evaluation of this faculty and Defendants' handling of this and all other evaluations is central to the case. As such, the Defendants have placed employment records, their handling of employment matters, and their handling of discrimination at issue.

Defendants state "Plaintiff has not identified a compelling need for any hiring materials, tenure materials, or salary information." Dkt. No. 100, p. 2. Jarvis has admitted he defamed Plaintiff and he is on an extensive hidden written record launching a campaign of hate against her behind her back. Jarvis further admits Plaintiff is a complete stranger to him, they interacted briefly only twice, and he made numerous false statements with reckless disregard for the truth. Jarvis was threatening towards Plaintiff during his deposition, nodding 'yes' when asked if a woman should sit there and take sex-based harassment instead of reporting or opposing it, and his conduct places the requested documents and the school's employment practices at issue. Defendants clearly relied on Jarvis's false statements and unlawful retaliatory intent while attempting to hide this from the record. *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nevada 1997).

Plaintiff is entitled to examine hiring, tenure, and salary information. As she stated in her initial brief, Plaintiff relies on Jarvis's dogged attacks against a woman who opposes sex-based harassment or discrimination. Jarvis admits he did not have cause to say Plaintiff ever "accused a male faculty member of making sexual noises" and could not state the name of the faculty member. Jarvis admits advancing a false statement that Plaintiff said, "how dare you sexually assault me." He refused to answer who told him this false statement and again tried to blame Plaintiff for his actions. When asked for an example of how this is true and why he wrote this, he is unable to provide an answer. Plaintiff had nothing to do with any of the cited events and this was also withheld from her until now.

Jarvis disparaged Plaintiff and tried to dissuade another faculty from supporting her. He was unable to provide reason why. Jarvis makes numerous harsh, untrue statements about Plaintiff and then challenges her to overcome them, all while Defendants hid them from her view. He visibly relished the thought of someone having to read his chosen damaging false assertions whenever they read the false statements and gossip he advanced. He began doing this after a sexually harassing and established mentally unstable male student was reported to the school for harassment. The male student violated a no contact order twice and he is on the record lying about his conduct, all of which Jarvis ignored. Courts are clear it is the *Plaintiff* who should decide

whether examined records are relevant, and only after Plaintiff has had the chance to review *all* records. *Lauer v. Longevity Medical Clinic, PLLC*, 2015 WL 5471983, *4 (W.D. Wash. 2014).

### B. Anonymous Course Evaluations (RFP Nos. 20, 36, 47, 48, & 53)

Defendants argue "only a handful of administrators have access" to these evaluations. Dkt. No. 100, p. 3. They have admitted Jarvis was one such administrator with access. Jarvis's obsessive campaign of meritless discrimination and hate towards Plaintiff is central to most, if not all, claims. He has admitted Plaintiff was a stranger to him when he advanced numerous false statements about her that caused others to discriminate against her and mistreat her. This includes his admission he had no cause to say she has "dementia," wishing to focus solely on the book defacement and not on his false assertions about her health. For this reason alone, Plaintiff is entitled to review the records.

Additionally, Defendants' argument that employees have an "expectation of privacy." Id. There is a Protective Order in place governing proper use of these records for the sole purpose of the litigation. Further, Defendants argue Plaintiff's complaint does not specifically reference retaliation due to her submission of critical evaluations. Again, examination of these records could establish pretext. The evaluations could show previous informal complaints or concerns from the student body. Conversely, they could show a pretext for rage towards a female student who responded to requests to evaluate faculty in this manner.

Plaintiff is concerned with retaliation against *her*, as well as any trends towards retaliation since Jarvis's tenure began, and reviewing evaluations is used for this purpose. Finally, Defendants state Plaintiff did not submit exhibits to support this claim regarding Jarvis's conduct and Snyder. This is addressed elsewhere and will be done once Plaintiff has a final copy of his deposition transcript, apologizes to the Court for this delay, and understands this reply completes the Court's present brief. Production of the requested documents would allow for this evidence production as well.

### C. Title IX Documents

Further, Plaintiff points out that to date, Defendants have produced no documents of Title IX investigations and complaints, while stating in our IDC on March 19, 2025 that they have these documents and they show what *Defendants* deem "important" discrimination, such as violent "sexual assaults." Once again, the law is clear that Defendants are not entitled to independently determine which documents and records are relevant to Plaintiff's case. *Longevity Medical Clinic, PLLC*, 2015 WL 5471983, at *4. This case is about Title IX Retaliation and Defamation. Plaintiff must examine documentation regarding Defendants' handling of Title IX and other Student Disciplinary matters, as well as any employment records, including course evaluations, showing pretext or deliberate indifference to discrimination.

Conclusion

Plaintiff respectfully requests the Court compel Defendants' production of all employment records requested as necessary to examine the presence of discriminatory pretext. She also requests the Court compel production of Title IX investigations as central to establishing her claims.

Sincerely,
Kira Howell