UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 24-06332-WLH (RAOx)                    Date:   May 16, 2025
Title:   Kira Howell v. Pepperdine University

Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

              Eddie Ramirez                                          N/A
              Deputy Clerk                                   Court Recorder: N/A

    Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

              N/A                                          N/A

**Proceedings:**          (In Chambers) **ORDER RE: DISCOVERY DISPUTES**

The Court held an informal discovery conference ("IDC") on March 19, 2025, on discovery disputes raised by Plaintiff Kira Howell ("Plaintiff") and Defendants Pepperdine University ("Pepperdine"), Jason Jarvis, and Sharon Beard (collectively, "Defendants"). Dkt. No. 87. The Court set a letter briefing schedule for certain discovery disputes. *Id.* The parties completed their briefing on those disputes as directed. Dkt. No. 95 ("Defs. Opening Br."); Dkt. No. 96 ("Pl. Opening Br."); Dkt. No. 99 ("Pl. Opp'n Br."); Dkt. No. 100 ("Defs. Opp'n Br."); Dkt. No. 101 ("Pl. Reply Br."); Dkt. No. 103 ("Defs. Reply Br."). The Court sets forth its rulings below.

**I.      Legal Standard**

Federal Rule of Civil Procedure 26(b) ("Rule 26(b)") provides that the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). On motion or on its own, the Court must limit the frequency or extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Louisiana Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining, and supporting its objections with competent evidence." *Id.* The Court will not compel a further response when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 24-06332-WLH (RAOx)                    Date:   May 16, 2025
Title:         Kira Howell v. Pepperdine University

"inadequate guidance exists to determine the proper scope of a discovery request." *Sanchez Ritchie v. Energy*, Case No. 10cv1513-CAB(KSC), 2015 WL 12914435, at *2 (S.D. Cal. Mar. 30, 2015) (citing *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006)).

**II.      Discussion**

      A.      Defendants' Requests for Plaintiff's Mental Health Information[1]

Defendants seek information regarding Plaintiff's mental health through interrogatories, requests for production, a subpoena to a provider, and a Rule 35 Independent Mental Examination ("IME"). Defendants argue that Plaintiff's mental health is at issue in this case because she alleges that Defendant Jarvis defamed her by stating she has dementia in an email. Defs. Opening Br. at 5. Defendants note that Plaintiff must establish that this statement is false to prevail on her claim, and Defendants may prevail by establishing that the statement is true. *Id.* Defendants argue that Plaintiff's mental health is also at issue through Plaintiff's Title IX retaliation claims because Pepperdine's decision to place Plaintiff on an interim suspension was inextricably intertwined with reports regarding her mental condition. *Id.* Plaintiff objects to the discovery and argues that Defendant Jarvis' statements at his deposition place almost all of Defendants' arguments at odds with the evidentiary record. Pl. Opp'n Br. at 8. Plaintiff contends that Defendants have not justified a Rule 35 IME or further discovery simply because she may provide medical records disproving defamatory statements. *Id.*

"[C]onfidential communications between a licensed psychotherapist and her patient in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). However, a litigant "may waive the right to privacy and the psychotherapist-patient privilege by initiating litigation that turns on a determination of the plaintiff's mental condition." *Much v. Gessesse*, 339 F.R.D. 625, 629-30 (C.D. Cal. 2018) (internal footnote omitted). District courts in the Ninth Circuit have adopted broad, narrow, and middle ground approaches to evaluate implied waiver of the psychotherapist-patient privilege. *See A.H. v. Cnty. of Los Angeles*, No. CV 22-03671-SB (ASx), 2023 WL 3035349, at *2 (C.D. Cal. Jan. 19, 2023) (collecting cases and explaining that the Ninth Circuit has not adopted a particular approach). For example, in *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999), the court adopted a broad approach, finding waiver where a plaintiff

---

[1] The Court has reviewed the entire briefs filed by the parties. However, because the letter briefs are under seal, the Court has not summarized many of the facts and arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 24-06332-WLH (RAOx)                    Date:   May 16, 2025
Title:        Kira Howell v. Pepperdine University


sought to recover for emotional distress damages.  *Id.* at 568-59.  In *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003), the court adopted the narrow approach, where there would be waiver only if there is "affirmative reliance on the psychotherapist-patient communications."  *Id.* at 636-38.  In *City of Fontana*, No. ED CV 16-2498-JGB (SPx), 2018 WL 6075323 (C.D. Cal. July 12, 2018), the court adopted the middle ground approach, finding waiver only when a litigant alleges more than garden variety emotional distress.  *Id.* at *3-4.

Here, the Court finds that under any approach, Plaintiff has waived the psychotherapist-patient privilege by bringing her defamation claim.  In *Doe v. City of Chula Vista*, the court found that even under the narrow approach, the plaintiff placed her emotional condition at issue by bringing a defamation claim.  196 F.R.D. at 571.  There, the plaintiff alleged that she was terminated for refusing to submit to a psychiatric evaluation ordered by her employer after she was involved in a verbal altercation with another attorney in a courtroom.  *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 615 (S.D. Cal. 1999).[2]  The plaintiff alleged that the individual defendants irrationally perceived her as having diabetes and a psychological disability.  *Id.*  The plaintiff initially brought a defamation claim, which was later dismissed on her motion.  *Id.* at 615 n.1.  The court found that while the defamation claim was at issue, the defendants were entitled to use medical records and a doctor's diagnosis to prove their affirmative defense that they had truthfully stated the plaintiff's emotional condition.  *Doe v. City of Chula Vista*, 196 F.R.D. at 571.  In *Southwest Regional Council of Carpenters v. McCarron*, CV14-2762-PA (JCx), 2014 WL 10917114 (C.D. Cal. Dec. 5, 2014), the defendant filed counterclaims for slander per se and defamation based on allegations that representatives of the plaintiff made multiple false oral and written statements, including that the defendant was mentally unstable, was exhibiting irrational behavior, was unable to focus, and had deteriorating mental capabilities.  *Id.* at *2.  The court found that by bringing such claims, the defendant placed in issue the truth or falsity of such statements, and thus his mental condition.  *Id.*  The court found that the defendant waived any psychotherapist-patient privilege by affirmatively placing his mental condition in issue with respect to the time frame when the statements were made.  *Id.* at *3.  Although the court recognized that the defendant retained a privacy interest in his mental health records, those interests would be adequately protected through a protective order.  *Id.* at *2-3.

The Court agrees with the reasoning in these cases and finds that Plaintiff has waived the psychotherapist-patient privilege by placing her mental health at issue through her defamation

---

[2] *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999), is the magistrate judge order that was under review in *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 24-06332-WLH (RAOx)                    Date:   May 16, 2025
Title:      Kira Howell v. Pepperdine University


claim against Defendant Jarvis based on his statement that she has dementia in a February 7, 2024 email.  Additionally, Plaintiff suggests that she may introduce medical records to disprove the defamatory statements.  *See* Pl. Opp'n Br. at 8.  Defendants are entitled to discovery of mental health records that may prove the truth or falsity of the allegedly defamatory statement, and to rebut any records Plaintiff may introduce to support her claim.  The Court finds that mental health records from one year prior to Plaintiff's enrollment at Caruso School of Law ("CSOL") to the present is an appropriate time period for Defendants to probe the truth or falsity of the statement.  The protective order shall govern disclosure of this information, which the Court recognizes is sensitive.  Plaintiff shall provide complete responses to the interrogatories and requests for production at issue.  Plaintiff's motion to quash is denied as to the subpoena to LifeStance.

For the same reasons, Defendants will be permitted to take a Rule 35 IME of Plaintiff.  The parties are directed to meet and confer on the scope of the examination.  If the parties agree on a proposed order for the Court's approval, they shall file and lodge the proposed order.  If the parties are unable to agree, the parties shall jointly email the Court to request an IDC.[3]

> B.    Plaintiff's Requests for Employment Records, Anonymous Course Evaluations, Title IX Investigations, and Student Disciplinary Committee Hearings[4]

Plaintiff requests this discovery, at least in part, as relevant in establishing a pattern and practice of discrimination and retaliation.  Pl. Opening Br. at 3-6. Defendants have agreed to produce "information regarding other similar complaints from students and employees" from certain personnel files.  Defs. Opp'n Br. at 2.  Defendants also appear willing to produce complaints of retaliation and defamation made to the Title IX Office against the individual defendants during the period Plaintiff attended CSOL, limited to complaints and outcome letters.  *Id.* at 4.  Defendants otherwise object to the discovery requests at issue.

The Court grants-in-part Plaintiff's request for this information.  The Court finds that these requests are relevant to the extent that they reflect other similar complaints of retaliation or

---

[3] On April 22, 2025, the parties emailed the Court with a request for a further IDC.  The parties shall re-submit their request after completing their meet and confer efforts on the scope of the IME.
[4] The parties were directed to meet and confer further on Plaintiff's requests for employment records. Dkt. No. 87 at 2.  To the extent Plaintiff is seeking information from employment records for purposes other than to show a pattern and practice of retaliation or discrimination, the Court considers the request to be beyond the scope of the ordered briefing.  The parties must complete their meet and confer and may include the dispute in their re-submitted request for an IDC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 24-06332-WLH (RAOx)          Date:  May 16, 2025
Title:     Kira Howell v. Pepperdine University

discrimination made against the individual defendants or other faculty or staff named by Plaintiff in her pleading.  *See Mailhoit v. Home Depot U.S.A., Inc.*, No. CV 11-03892 AHM (SSx), 2012 WL 12884048, at *4 (C.D. Cal. May 4, 2012) (granting requests for similar discrimination complaints raised against specific individuals who plaintiff alleged wrongfully failed to promote her or were involved in the investigation during the last five years of plaintiff's employment); *Winet v. Arthur J. Gallagher & Co.*, No.: 20cv14 W (BGS), 2020 WL 6449230, at *3-4 (S.D. Cal. Nov. 3, 2020) (limiting request for all complaints of discrimination to those alleging the same type of discrimination by the people who caused the adverse employment actions against plaintiff for the three years prior to plaintiff's termination).

With respect to her Title IX claims, Plaintiff alleges retaliation for reporting sex-based discrimination by Professor Barry McDonald, retaliation for opposing and reporting sex-based discrimination by Alexis Joyce, Director of the Career Development Office at CSOL, retaliation for reporting a proctor's behavior, and retaliation for engaging in protected opposition to sex discrimination by Assistant Professor Stephanie Williams.  *See* Fourth Am. Compl. ¶¶ 195-225. Plaintiff also alleges Defendants Jarvis and Beard's involvement in these claims.  *See id.*  Thus, the Court finds that other complaints made by students or employees against Professor McDonald, Ms. Joyce, Assistant Professor Williams, and Defendants Jarvis and Beard for sex-based discrimination and retaliation are relevant.  Plaintiff began her attendance at CSOL in Summer 2023 and withdrew in February 2025.  The Court finds that the time period from two years prior to Plaintiff's attendance, or Summer 2021, through the present, is a relevant and proportional time period for this discovery.

The Court is not persuaded by Plaintiff's arguments that anonymous course evaluations, Title IX investigations, or student disciplinary committee hearings that go beyond this scope are relevant or proportional to the needs of the case.  As to Defendants' assertions of privacy of its employees, the Court finds that Plaintiff's need for the information outweighs the faculty members' privacy interests so long as disclosure is made under the protective order.  As to students' rights to privacy, Defendants shall redact the names and other identifying information of other students.  To the extent more than one student is named in a document, Defendants must include some sort of identifier so that it is clear whether redactions are for the same student's name (for example, Student 1, Student 2, etc.).

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer     er